IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| COLE WAYNE JOHNSON, | § | Case No. 26-43993-MXM |
| | § | |
| Alleged Debtor. | § | Chapter 7 |

**PRE-CONFERENCE STATEMENT**

In accordance with the Court's Standing Scheduling Order Regarding Involuntary Cases [Dkt. No. 5], Huntington Bank f/k/a Cadence Bank ("Huntington"), Century Bank ("Century"), Hunt Gulliot & Associates, LLC ("HGA"), Spin Capital, LLC ("Spin"), and Crawford, Wishnew & Lang PLLC ("CWL," and with Huntington, Century, HGA, and Spin the "Petitioning Creditors") and Cole Wayne Johnson (the "Alleged Debtor") hereby submit their Pre-Conference Statement and in support thereof respectfully represent as follows:

**A. Stipulated Facts**

1. In accordance with General Order 2025-03, the Petitioning Creditors filed an involuntary Chapter 7 bankruptcy petition against the Alleged Debtor on September 4, 2026.

2. On September 8, 2026, the Alleged Debtor was served with the Involuntary Petition and summons, the Notice Setting Status Conference, and the Standing Scheduling Order Regarding Involuntary Case.

3. The Alleged Debtor is an individual residing in Parker County, Texas.

4. The Alleged Debtor is properly named in the Involuntary Petition.

5. This Court has jurisdiction over the Petitioning Creditors, and the Alleged Debtor, and the matters raised by the Involuntary Petition.

6. Venue is proper in the Northern District of Texas, Fort Worth Division.

7. The Petitioning Creditors properly served the Alleged Debtor with the Involuntary Petition, the Notice Setting Status Conference, and the Standing Scheduling Order Regarding Involuntary Case.

**B. Petitioning Creditors' Statement on Disputed Facts**

8. The Alleged Debtor presents himself as being in the solar power engineering, procurement, and production business. To carry on this business, the Alleged Debtor and his brother, Cole Wayne Johnson[1], are members of approximately fifty (50) limited liability companies. Most, if not all, of the Alleged Debtor's obligations arise from his operation of an entity known as Bridgelink Engineering, LLC ("Bridgelink").

9. Bridgelink borrowed millions of dollars and incurred millions in additional debts that have not been repaid. The Alleged Debtor either personally guaranteed these debts or has been adjudged liable for those debts. The Alleged Debtor has suffered judgments against him in the millions of dollars. Despite all of the money the Alleged Debtor obtained he has steadfastly maintained that he has no assets to satisfy the claims against him.

10. As described in more detail below, each of the Petitioning Creditors has a final judgment against the Alleged Debtor. The Alleged Debtor has not made any payments to the Petitioning Creditors on account of their claims against the Alleged Debtor.

**(i) Claims of Huntington and Century**

11. On June 17, 2024, the United States District Court for the Northern District of Texas, Fort Worth Division, Judge Cureton presiding entered a judgment in favor of Huntington and Century against the Alleged Debtor in the amount of $39,825,693.39 plus post-judgment interest at 5.17% from the date of the entry of judgment until the judgment is paid. On December

[1] Cole Wayne Johnson is an alleged debtor in Case No. 26-43993-mxm pending before Judge Mullin in the Fort Worth Division of the Northern District of Texas.

15, 2025, the Fifth Circuit Court of Appeals affirmed the judgment of Huntington and Century against the Alleged Debtor.

12. The claim of Huntington is based on a Revolving Note dated August 6, 2021, pursuant to which Huntington loaned Bridgelink Engineering, LLC ("Bridgelink") the principal amount of $20,000,000.00. The Alleged Debtor guaranteed Bridgelink's obligations to Huntington.

13. The claim of Century is based on a Revolving Note dated August 6, 2021, pursuant to which Century loaned Bridgelink the principal amount of $14,000,000.00. The Alleged Debtor guaranteed Bridgelink's obligations to Century.

**(ii) Claim of HGA**

14. On November 11, 2024, the Third Judicial District Court of Louisiana, Lincoln Parish, entered a judgment in favor of HGA against the Alleged Debtor in the amount of $938,678.53.

**(iii) Claim of Spin**

15. On February 9, 2024, the Supreme Court of Nassau County, New York entered a judgment in favor of Spin against the Alleged Debtor in the amount of $8,234,160.50.

**(iv) Claim of CWL**

16. On June 13, 2023, the 134th District Court for Dallas County, Texas entered a judgment in favor of CWL against the Alleged Debtor in the amount of $37,484.39. On or about June 6, 2024, CWL received a partial payment of $20,000.00 on its judgment.

17. In addition to the Petitioning Creditors' claims against the Alleged Debtor, the Petitioning Creditors believe the Alleged Debtor is liable on the following judgments[2]:

---

[2] The Petition Creditors do not believe this is a complete list of judgments against the Alleged Debtor. Further, the Petitioning Creditors believe that there is other active litigation involving the Alleged Debtor.

| Judgment Holder | Judgment Date | Court | Judgment Amount |
|---|---|---|---|
| XL Specialty Insurance Company | December 9, 2022 | United States District Court for the District of Maryland | $729,377.85 |
| Libertas Funding, LLC as nominee for WebBank | November 9, 2023 | Third Judicial District Court for Salt Lake County, Utah | $6,400,000.00 |
| Direct Business Funders, LLC | December 4, 2023 | Supreme Court of New York, Nassau County | $1,341,955.69 |
| Mack Permian, LLC | May 17, 2024 | 238th District Court for Midland County, Texas | $683,042.26 |
| Delta Fuel Company | August 15, 2024 | 385th District Court for Midland County, Texas | $105,616.35 |
| National Renewable Energy Corporation | August 19, 2024 | Superior Court Division, Mecklenburg County, North Carolina | $9,792,115.67 |
| Canon Advance, LLC | February 18, 2025 | Supreme Court of New York, | $6,051,557.19 |

| | | | |
|---|---|---|---|
| | | Kings County | |

18. Upon information and belief, the Alleged Debtor is a party to other lawsuits seeking judgment against him for debt he guaranteed.

19. The Petitioning Creditors are unaware of what assets the Alleged Debtor has to satisfy the claims against him. However, Petitioning Creditors believe the Alleged Debtor has substantial means to sustain his lifestyle and is actively engaged in hiding assets to avoid paying his creditors.

20. As demonstrated by the Petitioning Creditors' claims, the other judgments entered against the Alleged Debtor, and the other pending litigation against him, the Alleged Debtor is generally not paying his debts as they come due.

**C. Alleged Debtor's Statement of Disputed Facts**

21. Cord Johnson's business is the purchase, development, and sale of real estate, through various limited liability companies. This will be established through testimony and transactional documents. Cole Johnson is the Co-CEO of Bimergen Energy Corporation ("Bimergen"), which develops and owns utility-scale battery energy storage systems, which are used to store renewable electricity and balance load on the power grid. Bimergen is a public company, traded in the NYSE. This will be established through testimony and public filings by Bimergen.

22. Previously, Cole and Cord Johnson were involved in the construction of energy infrastructure and renewable energy projects, through various business entities. The projects were expensive to develop and required outside lenders. Cole and Cord Johnson signed personal guaranties of some of those obligations. When some of that the projects failed, Cole and Cord

Johnson were sued on the guaranties, resulting in large judgments. This will be established through testimony, the judgments themselves, pleadings and transactional documents.

23. Cole and Cord Johnson are no longer in the businesses that caused their prior financial distress, and their current business activities are successful. This will be established through testimony, transactions documents, and public filing by Bimergen.

24. Petitioning Creditors have not and cannot satisfy the requirements of 11 U.S.C. § 303. This will be established by the totality of evidence, including testimony, the face of the Involuntary Petition, the docket and pleadings in the bankruptcy of Bighorn Construction and Reclamation, LLC and pleadings in other state court litigation involving the Petitioning Creditors.

25. Cadence and Century hold one indivisible judgment and collectively comprise only one petitioning creditor for purposes of satisfying the requirement of three petitioning creditors in 11 U.S.C. § 303(b). This will be established by the judgment itself, the summary judgment evidence in support of it, and pleadings showing the ongoing litigation between Cadence and Century.

26. Cadence and Century have collected money on the debt and failed to give Cord Johnson credit for money they have collected against the judgment they hold.

27. HGA does not qualify as a petitioning creditor as it unlawfully usurped a claim that belongs to Marilyn Garner, the Chapter 7 trustee for Bighorn Construction and Reclamation, LLC, Case No. 24-42003-mxm-7. HGA also obtained its judgment in violation of the automatic stay.

28. Spin Capital does not qualify as a petitioning creditor, *inter alia*, because it is a limited liability company, not represented by counsel. Josh Lubin, who purportedly signed the Involuntary Petition on behalf of Spin Capital, does not appear to be an attorney and has no electronic signature on file with the Northern District of Texas. Consequently, Josh Lubin did not

validly sign the Involuntary Petition. Moreover, Spin Capital has collected a portion of its judgment through a garnishment action and failed to give Cord or Cole Johnson a credit.

29. WCL did not qualify as a petitioning creditor as it entered into a settlement agreement by which it agreed to reduce the amount of Cole Johnson's debt owed to $20,000. Thus, the amount of the debt was disputed. WCL has been paid the agreed amount and has elected to withdraw from the Involuntary Petition.

30. The Involuntary Petition was filed in bad faith by all of the Petitioning Creditors. This will be established by the totality of evidence including, *inter alia*, that: (1) there are not three petitioning creditors whose claims are undisputed as to liability **and amount** as required by 11 U.S.C. § 303(b); (2) at least three of the Petitioning Creditors (Cadence, Century Bank, and Spin Capital) have collected amounts against their debts without giving Cole Johnson or Cord Johnson credit for those collections; (3) HGA unlawfully, and in violation of the automatic stay, usurped an alleged alter ego claim belonging to the Chapter 7 trustee for Bighorn Construction & Reclamation, LLC and never had standing to pursue such claim; (4) Spin Capital has not validly signed the Involuntary Petition since Spin Capital is a limited liability company, not a natural person, its alleged signatory, Josh Lubin, does not appear to be an attorney, and Mr. Lubin purported to sign the Involuntary Petition electronically without a valid electronic signature in the Northern District of Texas; and (5) none of the Petitioning Creditors filed a Statement of Corporation Ownership, as required by Bankruptcy Rules 1010(b) and 7007(1). The totality of these deficiencies, and the improper motives for the Involuntary Petition bespeak bad faith.

31. The Petitioning Creditors filed the Involuntary Petition for an improper purpose, which is to use the Bankruptcy Court as a collection devise for themselves, rather than for the benefit of all creditors.

32. Cole Johnson is already subject to a prior state court receivership and has been working cooperatively with the state court receiver, Craig Noack, to work out a repayment structure for all creditors. The Petitioning Creditors know of Craig Noack, but they have not contacted him regarding a potential settlement. This will be established through the Declaration of Craig Noack, his testimony, and the receivership orders.

33. The Petitioning Creditors have not negotiated in good faith with Cord Johnson and Cole Judgment toward settlement. This will be established through testimony.

34. The Petitioning Creditors sought and obtained a Federal Court receivership appointment of a Federal Court Receiver. Three receivers were appointed and all resigned due to their inability to work with Cadence and Century Bank. The Federal Court receivership was dissolved due to the prior State Court receiverships. This will be established through the testimony of Cord Johnson, Cole Johnson the federal court receivers, and pleadings in the Federal Court receivership matter.

35. Cole Johnson's creditors as a whole would benefit more from the state court receivership of Craig Noack continuing then it being ended and Cole Johnson involuntarily being placed into bankruptcy. This will be established through the Declaration of Craig Noack, the testimony of Craig Noack, and the testimony of Cord and Cole Johnson, and well as document publicly filed by Bimergen.

36. The Court should abstain from hearing this case pursuant to 11 U.S.C. § 305. This will be shown by the totality of evidence.

37. Cole Johnon is generally paying his debts as they come due. This will be established through the testimony of Cord Johnson, bank statements, and demonstrative exhibits.

38. The Petitioning Creditors are all corporations or limited liability companies. This will be established from the name of the entities, their public filings for Cadence and Century, state court pleadings, and organizational documents.

39. None of the Petitioning Creditors filed a Corporate Ownership Statement. This is evident from the Court's Docket.

40. Cole Johnson has suffered great economic injury as a result of Involuntary Petition. Cole Johnson's damages will continue to increase daily until the Involuntary Petition is dismissed. This will be established through testimony and a third party of valuation of entities controlled by Cole Johnson.

41. The Petitioning Creditors should be required to post a bond. This will be established by through testimony, a valuation of entities controlled by Cole Johnson, and public filing by Bimergen.

42. The Petitioning Creditors did not conduct a reasonable inquiry into the relevant facts or law prior to filing the Involuntary Petition. This will be established from the totality of evidence.

43. The Petitioning Creditors failed to disclose an affiliated bankruptcy case on the Involuntary Petition of which they had knowledge. This will be established by papers filed in the Bighorn Construction and Reclamation, LLC bankruptcy case, Case No. 24-42003-mxm-7, pleadings filed by the Petitioning Creditors in that case, and pleadings filed by HGA in a Louisiana State Court action in Lincoln Parish.

44. The Petitioning Creditors have already undertaken great efforts to collect their judgments against Cole Johnson, including the appointment of three prior federal court receivers, each of whom quit because of Cadence's intransigence.

45. Century and Cadence both refused to pay the three (3) different receivers and/or their attorneys without further litigation over the fees. This will be established through the testimony of Cole Johnson, Cord Johnson, the federal court receivers, and pleadings in the Federal Court receivership matter.

46. Cole Johnson is not disposing of assets or otherwise acting to dissipate or diminish the estate in any way. On the contrary, Cole Johnson is actively engaged in business, trying to build assets value to help fund a settlement with his creditors through the existing State Court Receiver, Craig Noack. This will be established through the testimony of Cord Johnson, Cole Johnson, the Declaration of Craig Noack, and the testimony of Craig Noack.

Respectfully submitted,

*/s/ John C. Leininger*___________________________

John C. Leininger
Texas Bar No. 24007544
Otteson Shapiro LLP
4851 LBJ Freeway, Suite 650
Dallas, Texas 75244
(214) 619-8325 (Telephone)
Email: jcl@os.law

Counsel for Century Bank and Spin Capital, LLC

*/s/ Michael D. Napoli*___________________________

Michael D. Napoli
Texas Bar No. 14803400
Akerman, LLP
2001 Ross Ave., Suite 3600
Dallas, Texas 75201
(214) 720 4360 (Telephone)
Email: michael.napoli@akerman.com

Counsel for Huntington National Bank f/k/a Cadence Bank

*/s/ Russell A. Woodward*_______________________
Russell A. Woodward
Louisiana Bar No. 34163
Law Offices of Russell A. Woodward Jr., LLC
119 Pelican Blvd.
Ruston, LA 71270
(318) 255-4898 (Telephone)
Email: raw@therawlaw.com

Attorneys for Hunt, Gulliot & Associates, LLC

*/s/ Robert A. Simon*___________________________
Robert A. Simon
Texas Bar No. 18390000
David A. Skeels
Texas Bar No. 24041925
Whitaker Chalk Swindel & Schwartz PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
(817) 878-0500 (Telephone)
Email: rsimon@whitakerchalk.com
dskeels@whitakerchalk.com

Attorneys for the Alleged Debtor