CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 14, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FT. WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | | |
| | § | |
| COLE WAYNE JOHNSON | § | CASE NO. 26-43993-MXM-7 |
| CORD HENRY JOHNSON | § | CASE NO. 26-43995-ELM-7 |
| | § | |
| ALLEGED DEBTORS. | § | (JOINTLY ADMINISTERED |
| | § | UNDER 26-43993-MXM-7) |
| | § | CHAPTER 7 |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 7 CASES

*[Relating to CASE NO. 26-43993 ECF. No. 12]*
*[Relating to CASE NO. 26-43995 ECF. No.17]*

Before the Court are the Motions[1] filed by Mr. Cole Wayne Johnson ("***Cole***") and Mr. Cord Henry Johnson ("***Cord***") (together, the "***Alleged Debtors***") in the above-captioned bankruptcy cases. The Alleged Debtors request the Court to jointly administer the above-captioned

[1] *Cole Johnson's Motion to Transfer and Consolidate Case No. 26-43995-elm into Case No. 26-43993-mxm, pending before the Honorable Judge Mark Mullin,* ECF No. 12; and *Cord Johnson's Motion to Transfer and Consolidate this case into Case No. 26-43993-mxm, pending before the Honorable Judge Mark Mullin,* ECF No. 17 (together, the '***Motions***").

involuntary bankruptcy cases because (i) the Petitioning Creditors[2] are the same in both involuntary cases, (ii) the debts of the Petition Creditors against the Alleged Debtors arise from the same transactions, (iii) the Alleged Debtors oppose entry of orders for relief, and (iv) the claims, defenses, witnesses, evidence, and governing law will be substantially the same in the trial contesting the involuntary petitions.

Two of the Petitioning Creditors—Century Bank and Spin Capital, LLC—opposed the Motions contending that the Court lacks authority to grant the Motions. The Court has reviewed and considered the Motions and the arguments of counsel. For the reasons detailed below, the Court ***GRANTS*** the Motions.

## I. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the standing order of reference in this district. The Motions constitute core proceedings over which the Court has both statutory and constitutional authority to enter final orders and judgments pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). The legal predicates for the relief requested is 11 U.S.C. § 105(a), Fed. R. Bankr. P. 1015, and L.B.R. 1015-1. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PROCEDURAL BACKGROUND

On September 4, 2026, the Petitioning Creditors filed (i) an *Involuntary Petition Against an Individual*[3] initiating the above-captioned bankruptcy case against Cole; and (ii) an *Involuntary Petition Against an Individual*[4] initiating the above-captioned bankruptcy case against Cord.

---

[2] Century Bank, Spin Capital, LLC, and Huntington National Bank f/k/a Cadence Bank (together, the "***Petitioning Creditors***").

[3] Case No. 26-43993-mxm ECF No. 1. Century Bank and Spin Capital, LLC, two creditors of the Alleged Debtors that filed the Involuntary Petitions against the Alleged Debtors. The third creditor joining in filing the Involuntary Petitions—Huntington National Bank f/k/a Cadence Bank—does not oppose the Motion.

[4] Case No. 26-43995-elm ECF No. 1.

On September 8, 2026, a *Standing Scheduling Order Regarding Involuntary Cases*[5] was entered in both cases. In compliance with the scheduling orders, the Alleged Debtors and Petitioning Creditors filed a substantially similar *Pre-Conference Statement*[6] in both bankruptcy cases.

On September 30, 3026, the Alleged Debtors filed the Motions that are the subject of this Order.

On October 1, 2026, the Court held the status conference set in the *Standing Scheduling Order Regarding Involuntary Cases* entered in Cole's bankruptcy case. During the status conference, the Alleged Debtors and the Petitioning Creditors requested the Court to immediately take up and hear and the Motions. Because all parties agreed to immediately hear the Motions, the Court heard arguments of counsel and then took the matter under advisement.

## III. ANALYSIS

Century Bank and Spin Capital, LLC contend that the Court has no authority to jointly administer the above captioned Bankruptcy Cases, and they cite *In re Triplett*[7]as support for their position. The *Triplett* case, however, is distinguishable and not germane to the Motions currently before the Court.

Local Bankruptcy Rule 1015-1 provides:

> When a case is filed for or against a debtor with a case pending in the Bankruptcy Court, a party in interest may file a motion for joint administration in each case. Motions for joint administration will be assigned for determination to the bankruptcy judge presiding over the first related case filed in his district, regardless of the division in which the case was filed.[8]

[5] *See* Case No. 26-43993-mxm ECF No. 2; Case No. 26-43995-elm ECF No. 5.
[6] *See* Case No. 26-43993-mxm ECF No. 11; Case No. 26-43995-elm ECF No. 13.
[7] *In re Triplett,* 645 B.R. 196 (Bankr. E.D. Tex. 2022).
[8] L.B.R. 1015-1 *Joint Administration*, Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (Dec. 1, 2025).

Joint administration in such cases is generally non-controversial, and courts in this District have routinely approved joint administration under similar circumstances. Accordingly, the Court finds and concludes that the Bankruptcy Rules, the Bankruptcy Code, and the Local Rules authorize the Court to grant the relief requested by the Motions.

## IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED** as follows:

1. The Motions are ***GRANTED***.
2. The objection of Century Bank and Spin Capital, LLC is ***OVERRULED***.
3. The above-captioned cases are consolidated for administrative procedural purposes only and shall be jointly administered under Case No. 26-43993-MXM-7.
4. Case No. 26-43995-ELM-7 shall be transferred to Judge Mark X. Mullin with revised Case No. 26-43995-MXM -7.
5. Until an order for relief is entered against either Alleged Debtor, if at all, all orders, pleadings, papers, and documents shall be filed and docketed in Case No. 26-43993-MXM-7.
6. Should an order for relief be entered against either of the Alleged Debtors, the Court shall then schedule a status conference to determine if the joint administration of these cases shall continue.
7. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the above-captioned bankruptcy cases.
8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**### END OF ORDER ###**