FILED
STEPHNIE MENKE
DISTRICT CLERK
December 17, 2024 11:33am
POTTER COUNTY, TEXAS
BY MB DEPUTY

**IN THE 108th DISTRICT COURT**
**POTTER COUNTY, TEXAS**

| | | |
|---|---|---|
| **AMARILLO NATIONAL BANK,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Cause No. 111977-E-CV** |
| | § | |
| **ENHANCED MIDSTREAM, LLC, COLE W. JOHNSON and CORD H., JOHNSON,** | § | |
| | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**ORDER APPOINTING RECEIVER**

Before the Court is Amarillo National Bank's Application for Turnover Order and Appointment of Post-Judgment Receivership. After reviewing the motion and documents on file in this cause, the Court concludes that the appointment of a receiver under Section 31.002(b)(3) of the Texas Civil Practice and Remedies Code is appropriate, and the motion should therefore be, and hereby is, GRANTED.

IT IS THEREFORE ORDERED that

Craig Noack
Noack Law Firm, PLLC
24165 IH-10 West, Ste. 217-418
San Antonio, TX 78257
Phone: (210) 963-5733
Email: receiverships@noacklawfirm.com

is hereby appointed Receiver pursuant to Section 31.002(b)(3) of the Texas Civil Practice and Remedies Code with the power and authority to take control and possession of all nonexempt property, real and personal, of the following judgment debtors:

- Cole W. Johnson
- Cord H. Johnson

(collectively, the "Judgment Debtors") and sell such property and pay the proceeds of such sale(s) to ANB to apply toward the judgment signed by this Court in this cause on August 5, 2024. To that end, the Receiver is hereby authorized and empowered to execute whatever documents may be necessary to effectuate the



Copy from re:SearchTX

**EXHIBIT 2**

sale of the Judgment Debtors' nonexempt property, all of which shall be held in *custodia legis* of said Receiver as of the date of this order. The nonexempt property of Judgment Debtors includes but is not limited to: (1) documents or records, including financial records, related to such property that is in the actual or constructive possession or control of the Judgment Debtors; (2) financial accounts (bank accounts), certificates of deposit, or money market accounts held by any third-party, (3) securities; (4) real property, equipment, vehicles, boats and planes; (5) safety deposit boxes or vaults; (6) cash; (7) negotiable instruments, including promissory notes, drafts, and checks; (8) causes of action; (9) contract rights, whether present or future; (10) accounts receivable; (11) office furniture and equipment; and (12) revenue payments from any interests in oil and gas wells, whether presently held in suspense or arising in the future.

IT IS FURTHER ORDERED that the appointed Receiver shall have all power, authority, rights and privileges previously possessed by any of the Judgment Debtors or their officers or agents with respect to any nonexempt property, and such power, authority, rights and privileges in such nonexempt property shall supersede that of the Judgment Debtors and their officers and agents. For avoidance of doubt, in furtherance of the task of taking control and possession of the Judgment Debtors' nonexempt property, the Receiver is hereby empowered to take or authorize any action that any Judgment Debtor could have taken before entry of this order. All nonexempt property of the Judgment Debtors is thus subject to the authority of the Receiver, and third parties in possession of such property (or information relating to such property) can and should comply with the Receiver's instructions with respect to such property or information.

IT IS FURTHER ORDERED that the Judgment Debtors promptly comply with the Receiver's demands for the delivery of any nonexempt property or documents or information related thereto. Additionally, within 14 days of their receipt of a copy of this order, Judgment Debtors are ORDERED to turn over to the Receiver the following documents:

- All income tax returns filed by or on behalf of the Judgment Debtors for the 2020-2023 tax years;
- All bank statements, brokerage statements, or similar statements from any financial or investment institution reflecting a balance of money or securities in the name of Judgment Debtors, or either of them, at any time since January 1, 2021;



Copy from re:SearchTX

EXHIBIT 2

- All organizational documents, operating agreements, partnership agreements, or bylaws for any entity in which Judgment Debtors, or either of them, have been a partner, member, shareholder, principal, owner, or officer since January 1, 2021;
- All documents reflecting Judgment Debtors' ownership interest in any real property;
- All documents reflecting Judgment Debtors' ownership interest in any motorized vehicles; and
- All documents relating to any trusts of which Judgment Debtors, or either of them, are a trustee or beneficiary.

IT IS FURTHER ORDERED that the Receiver is authorized to (1) take all action necessary to gain access to all storage facilities, safety deposit boxes, real property, or leased premises which any of the Judgment Debtors would be entitled to access and where any nonexempt property of Judgment Debtors may be situated, (2) endorse and cash all checks and negotiable instruments payable to Judgment Debtors; (3) obtain from any financial institution, bank, credit union, or savings and loan any financial records belonging to or pertaining to any Judgment Debtor; (4) direct the delivery of Judgment Debtors' mail and the mail of any business of the Judgment Debtors to the Receiver's address and open all mail directed to Judgment Debtors and any business of Judgment Debtors (5) commence, maintain, settle and control any cause of action which any Judgment Debtor has the right to commence, maintain, settle or control; (6) vote any shares of stock, partnership interests, membership interests, or other business interests of Judgment Debtors; and (7) vote or sign any orders, or minutes or resolutions of directors authorizing any action of Judgment Debtors requiring such resolution or signed minutes by Judgment Debtors' operating agreements, partnership agreements, bylaws or other such agreements.

In addition to the powers of the Receiver set forth herein, the Receiver shall have the right, authority and power to request and obtain from the Judgment Debtors' attorney all files, correspondence, emails, records, papers and documents, whether paper or electronic, pertaining to Judgment Debtors' ownership of any property or legal interest, or any negotiation of the purchase, sale, acquisition or creation of any property or legal interest. **This order *does not* compel any attorney of any of Judgment Debtors to provide any documents protected by the attorney-client privilege or work product doctrine.**

In addition to the powers of the Receiver set forth herein, the Receiver shall have the right, authority



Copy from re:SearchTX

and power to request and obtain from providers of utilities, telecommunications, telephone, cell phone, cable, internet, data services, internet website hosts, satellite television services, and all similar services, (including Time Warner, AT&T, YouTube TV, Verizon, Sprint, Satellite TV, Direct TV, EV1, Google, Yahoo, and internet blogs and chat rooms) compelling the production of any information regarding the Judgment Debtors' payments, payment history and financial information, including account information, telephone numbers, names, service addresses, telephone numbers, IP addresses, call detail records, payment records, and bank and credit card information. This Order specifically serves as the court order required by 47 USC § 551, and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing personally identifiable information of the subscriber and/or customer.

In addition, the Receiver shall have the authority to cooperate with and provide assistance to, as he deems best, to any law enforcement officer, official or grand jury to provide information or documents pertaining to any possible criminal act committed by Judgment Debtors.

Further, the Receiver is authorized to seize all assets of which Judgment Debtors are beneficiary of any trust for which no valid spendthrift provision applies. Any trustee holding money or property for the benefit of either of the Judgment Debtors is ordered to turn such money or property over to the Receiver upon request by the Receiver. Any financial institution holding money or property for any trustee for the benefit of either of the Judgment Debtors is ordered to turn such money or property over to the Receiver upon request by the Receiver.

In addition, the Receiver is authorized to seize the membership interest of any limited liability company in which either of the Judgment Debtors is a member, and to sell, manage, and operate the limited liability company as the Receiver shall deem appropriate. In addition, the Receiver is authorized to obtain all bank accounts and records and investment accounts and records held by either of the Judgment Debtors from any financial institution.

For avoidance of doubt, despite having the above-described rights, powers, and authority for the purpose of fulfilling his task under this order, the Receiver shall have no duty to undertake management of the Judgment Debtors' business operations or to defend any existing or future litigation involving Judgment



Copy from re:SearchTX

Debtors.

Any Sheriff or Constable, and their deputies, and any other peace officer, are hereby directed and ordered to assist the Receiver in carrying out his duties and exercising his powers hereunder and prevent any person from interfering with the Receiver in taking control and possession of the property of the Judgment Debtors, without the necessity of a writ of execution.

The Court authorizes and orders any Sheriff or Constable, and their deputies, and any other peace officer, to break and open any locks or gates erected by the Judgment Debtors as necessary to assist the Receiver and carry out this order.

This order constitutes a Charging Order under the Texas Business Organizations Code. This order constitutes a lien upon the judgment debtor's partnership interest in any partnership and the judgment debtors' membership interest in any limited liability company. The Receiver has the right to receive any distribution to which the judgment debtors would be entitled from the judgment debtors' partnership or membership interest.

IT IS FURTHER ORDERED that within 30 days of their receipt of a copy of this order, Judgment Debtors shall fully answer and serve upon the Receiver and counsel for Amarillo National Bank the post-judgment interrogatories and requests for production of documents served on Judgment Debtors on October 11, 2024.

**NOTICE TO THIRD PARTIES**: YOU ARE HEREBY NOTIFIED THAT THE RECEIVER, TO THE EXCLUSION OF THE JUDGMENT DEBTORS, IS THE PARTY ENTITLED TO POSSESS, SELL, LIQUIDATE, AND OTHERWISE DEAL WITH JUDGMENT DEBTORS' NON-EXEMPT REAL AND PERSONAL PROPERTY. ONCE YOU HAVE RECEIVED NOTICE OF THIS ORDER, YOU MAY BE SUBJECT TO LIABILITY SHOULD YOU RELEASE ANY PROPERTY TO THE DEFENDANT, UNLESS OTHERWISE DIRECTED BY THE RECEIVER OR THIS COURT.



Copy from re:SearchTX

Subject to a later determination by the Court as to reasonableness of the fee, the Receiver's fee is initially set at 25 percent of gross proceeds coming into his possession, not to exceed 25 percent of the balance due on the judgment, plus any out-of-pocket expenses incurred by the Receiver in his scope as a receiver in this case. To that end, the Receiver is directed and authorized to pay Judgment Creditor 75 percent of all proceeds coming into Receiver's possession, with adjustment for Receiver's expenses as necessary. All Receiver's fees will be taxed as costs against the Judgment Debtor, which means that the Receiver is initially authorized to seek and recover 133% of the Final Judgment in this cause, plus expenses. All payments made by the Receiver to the Judgment Creditor shall be applied to the Judgment as a credit towards the balance of the Judgment.

The Receiver is further ordered to take the oath of his office.

No bond is required of the Receiver.

SIGNED on 12/16/2024 9:11:27 AM.

JUDGE PRESIDING



Copy from re:SearchTX

EXHIBIT 2