IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CADENCE BANK, et al.,<br>Plaintiffs,<br>v.<br><br>BRIDGELINK ENGINEERING, LLC, et al.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | <br><br>Civil Action No.: 4-23-cv-609-BJ |

# RECEIVER'S REPLY TO RESPONSE and REQUEST FOR AN EVIDENTIARY HEARING

Your Receiver, Andrew R. Korn, replies to *Cadence Bank's Response to Receiver's Notice of Resignation and Request for an Order Discharging Receiver* [doc. 368] ("Response") and requests an evidentiary hearing to determine the amount of fees and expenses to be paid by Cadence Bank.

1. Cadence Bank's position incorrectly places the burden of proof on Receiver. Cadence Bank is required to pay Receiver's fees unless the Court excuses payment. *See* [doc. 297].

> It is further ORDERED, ADJUDGED, and DECREED that Receivers' fee for serving as the Receivers in this Cause shall be $695.00 per hour, and shall be payable by the applicants, absent further order from this Court permitting alternative forms of payment.

2. Cadence Bank's opposition to paying your Receiver's invoices smacks of bad faith for at least seven reasons:



EXHIBIT 17

i. Cadence Bank recognized your Receiver's skill and experience[1] and never complained that Receiver was responsible for a lack of progress being made during the tenure of your Receiver's service to the Court. Now that the Court dissolved the Receivership as to the Johnsons, and the sole remaining issue in the Case is compensating your Receiver, Cadence Bank has new counsel questioning the value of his services;

ii. The Receivership Order – submitted by Cadence Bank – does not contain a specificity requirement for billing and timekeeping;

iii. Cadence Bank chose the method of Receiver's timekeeping that Cadence Bank now complains of;

iv. Cadence Bank's first objection about your Receiver's invoices came **after** he resigned for *inter alia*, non-payment of fees. If there was any merit to Cadence Bank's objection, the delay in making the objection prevented your Receiver from curing it;

v. The original Receivers and their attorneys submitted invoices in the format that Cadence Bank insists on, but Cadence Bank nevertheless refused to pay any portion of those invoices. The original receivers had to compel payment[2] of their fees and expenses;[3]

vi. Century Bank, a similarly situated judgment creditor, paid its share of your Receiver's invoices; and

vii. Cadence Bank refuses to pay Receiver for **anything**, including a single expense or **any undisputed** amount of fees.

---

[1] *See e.g.*, [doc. 291], p. 3-44 ("Plaintiffs' request explicitly asked for Mr. Korn to be substituted as Receiver... Defendants admit that Mr. Korn is 'a competent and skilled Dallas attorney and is qualified to serve as a receiver.'").

[2] *See* [doc 328], p. 2 ("Despite the clear directive contained in the Discharge Order, the invoices of the Former Receivers and their counsel have now been pending for nearly four (4) months, with no indication when – or if – the Plaintiffs intend to compensate them for the work performed.

[3] *Compare* [doc. 349] (Cadence Bank's position that the original Receivers' fees "should be significantly reduced") *with* [doc. 351] (Order awarding the original Receivers 94.90% of the amount they invoiced; and awarding their attorneys 94.07% of the amount they invoiced).

3. "Receiver's fees are considered court costs and are governed by rules regarding the award of costs." *Hill v. Hill*, 460 S.W.3d 751, 767 (Tex. App.—Dallas 2015, pet. denied); *RSS Rail Signal Systems Corp. v. Carter Stafford Arnett Hamada & Mockler, PLLC*, 458 S.W.3d 72, 76 (Tex. App.—El Paso 2014, no pet.) ("The receiver's fees are considered court costs and are given first priority."); *Jordan v. Burbach*, 330 S.W.2d 249, 252 (Tex. Civ. App.—El Paso 1959, writ ref'd n.r.e.) ("receiver's fees… are a part of the court costs… There can be no question but that the courts so holding have realized the necessity of appointing qualified receivers, and this raises the obligation of seeing that they are paid."); *See e.g., Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981).

4. Therefore, a Receiver need not prove fees through contemporaneous timesheets. *Shultz v. Shultz*, 2022 Tex. App. LEXIS 871, at *10 (Tex. App.—Dallas Feb. 4, 2022, pet. denied) (Because Receiver's fees are costs and not attorney's fees, Court "need not engage in the more stringent *Rohrmoos* analysis when considering the sufficiency of evidence to support costs."); *Searcy v. Black*, 2016 U.S. Dist. LEXIS 28917, at *25-26 n.7 (E.D. Tex. March 7, 2016) ("under Texas law, a court has significant discretion in allocation the taxation of costs and expenses where a receiver is appointed.").

5. Even if the Court applied a lodestar attorney's fees methodology to

Receivership fees, if Receiver's invoices were deemed "inadequate" under the circumstances to establish a reasonable fee, such a deficiency does not bar recovery. *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.") To the contrary, this analysis would permit the Court to increase the Receivership fee for the exceptional value provided by your Receiver under the circumstances. *Id.* ("in some cases of exceptional success an enhanced award may be justified.").[4]

<u>Request for Hearing</u>

Your Receiver requests an evidentiary hearing to determine the amount of: 1) receivership fees and expenses to be paid through the discharge of your Receiver; and 2) receivership and receivership attorney's fees and expenses necessitated by Cadence Bank's refusal to pay any fees or expenses to your Receiver.

Your Receiver intends to call as witnesses (by Declaration or live) counsel and former counsel in this Case on matters germane to an award of fees and expenses. Based on conflicts that some of these attorneys have identified – your

[4] *See e.g.*, Exhibit 1, Judgment Debtors' June 5, 2026, $10,000,000 settlement offer, with $1,000,000.00 to be paid by July 2, 2026. At the evidentiary hearing, your Receiver will adduce evidence about: 1) the timing and cause(s) of this offer; 2) the significance of the offer; 3) Cadence Bank's refusal to accept this offer or make a counteroffer; and 4) Judgment Debtors' subsequent revocation of the offer.

Receiver requests that the Court schedule the evidentiary hearing on a date after August 21, 2026.

Respectfully submitted,

Andrew R. Korn

ANDREW R. KORN
State Bar of Texas identification number 11683150
ANDREW R. KORN, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
Telephone number: (214) 521-0500
Email address: akorn@receiverandrewkorn.com
Receiver

**Certificate of Service**

On July 20, 2026, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

Andrew R. Korn

ANDREW R. KORN