Exhibit 24

**From:** Andrew Korn
**To:** "christian.george@akerman.com"
**Cc:** grant.jones@haleyolson.com; michael.napoli@akerman.com; teresa.barrera@akerman.com; Mindy.Langston@huntington.com; david.a.peura@huntington.com; susan.scott@akerman.com; chuckpignuolo@gmail.com; Dave.Hermann@huntington.com; John C. Leininger; Kevin Schutte
**Subject:** The "Case": No. 4:23-cv-609-BJ; Cadence Bank f/k/a BancorpSouth Bank and Century Bank v. Bridgelink Engineering, LLC, Cord Henry Johnson, Cole Wayne Johnson, et al. (USDC N.D. Tex.) (Fort Worth Division)
**Date:** Friday, June 26, 2026 9:00:29 PM

You called at 5:40 p.m. today. I answered. It was "easy" to reach me.

I ended the phone call immediately after you said: "*Why are you being such a dick in your emails?*"

I will not tolerate such churlishness and profanity while serving as a representative of the Court. *In re Coeptis Equity Fund LLC*, 2024 U.S. App. LEXIS 6240, at *3 (9th Cir. March 15, 2024) (Emphasis in original) ("A bankruptcy trustee is the representative of the estate. A receiver, on the other hand, is appointed by the court as a representative *of the court*"); *Liberte Capital Group v. Capwill*, 2002 U.S. Dist. LEXIS 25232, at *7 (N.D. Ohio November 21, 2002) (Receiver is an "extension of the court"); *Federal Home Loan Mortgage Corp. v. Tsinos*, 854 F. Supp. 113, 115 (E.D.N.Y. 1994) (Receiver is "arm of the court," not plaintiff's agent); *Phelan v. Middle States Oil Corp.*, 220 F.2d 593, 631 (2d Cir. 1955) (Frank, J. dissenting) ("Any receivership court properly regards its receiver as its eyes and ears."); *Edinburg Irr. Co. v. Paschen*, 235 S.W. 1088, 1091 (Tex. Comm'n App. 1922) (Receiver "is virtually a representative of the court"); *Kansas & G. S. L. Railway Co. v. Dorough*, 72 Tex. 108, 111, 10 S.W. 711 (Tex. 1888) ("It is settled law that the receiver... is the representative of the court, and not of the company..."); *Delcourt v. Silverman*, 919 S.W.2d 777, 781 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (Court appointed receivers are "Officers of the court who are integral parts of the judicial process"); *Temple v. Glasgow*, 80 F. 441, 447 (4th Cir. 1897) ("The receiver is but the hand of the court itself."); *Durand & Co. v. Howard & Co.*, 216 F. 585, 588 (2nd Cir. 1914) ("The receivers are but the arm and the hand of the court, a part of the machinery of the court to work out the ends of justice."); *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 373 (5th

Cir. 1995) ("Court appointed receivers act as arms of the court..."); *Phillips v. Lamar*, 27 Ga. 228 (Ga. 1859) ("[A] receiver is a special officer of a court"); *Schwartz v. Keystone Oil Co.*, 25 A. 1018, 1018-1019 (Pa. 1893) ("A receiver is the officer, the executive hand, of a court of equity."); *Walsh v. Raymond*, 20 A. 464 (Conn. 1889) ("A receiver is uniformly regarded as an officer of the court. He is the servant to whom the court entrusts the property in custodia legis, of which the court itself is the guardian. He is regarded as the executive officer of a court of chancery..."); *Ramirez v. Burnside & Rishebarger, LLC*, 2005 Tex. App. LEXIS 6065, at *3 (Tex. App.—San Antonio Aug. 3, 2005, no pet.) (A receiver: 1) is an agent of the court; 2) is intimately associated with the judicial process; and 3) exercises discretionary judgment comparable to that of the judge); *State v. Weed*, 2012 Tenn. Crim. App. LEXIS 600 (2012) ("[T]he defendant, a licensed attorney, was serving as a receiver for various types of receivership estates... In cases where the defendant was acting as a receiver in this capacity he was acting as a public official or public servant."); *State v. Truman*, 4 S.W.2d 433, 435 (Mo. 1928) ("A receiver appointed by the Federal Court is a Federal officer.").

Your e-mail misquoting yourself is of equal concern. *Cf. United States v. Price*, 2008 U.S. Dist. LEXIS 96313, at *13 (N.D. Tex. Nov. 25, 2008) ("bad faith misrepresentation carries with it the ability to destroy the Court's status as a hall of justice.").

You say: "a good relationship with the receiver is crucial in these circumstances." I agree that a good relationship is helpful. I've enjoyed a productive and cooperative relationship with Counsel for both Judgment Creditors. Until today. Which I have hopefully just cured through the following:

> Unless you are: 1) admitted to practice in the Northern District of Texas (or admitted pro hac vice in the Case) – subjecting you to discipline by the Court;* and 2) designated as lead counsel for a party (which could require me to communicate with you if an

applicable rule provides that I must), **do not contact me again.** I will not attend conferences with Judgment Creditors' representatives and counsel if you are present.

**See generally*, Texas Ethics Op. 20 (1949) (Gratuitous insults are "deeply deplored" and may possibly call for action by a grievance committee); Preamble to the Texas Disciplinary Rules of Professional Conduct, para. 4 ("A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials."); Model Rules of Professional Conduct: Preamble & Scope, para. 9 (A Lawyer is obligated to maintain "a professional, courteous and civil attitude toward all persons involved in the legal system.").

***Andy "Gator" Korn***
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
214-521-0500 (Office)
www.andrewrkornpllc.com
www.receiverandrewkorn.com

**From:** christian.george@akerman.com <christian.george@akerman.com>
**Sent:** Friday, June 26, 2026 5:47 PM
**To:** Andrew Korn <andrew@receiverandrewkorn.com>
**Cc:** grant.jones@haleyolson.com; michael.napoli@akerman.com; teresa.barrera@akerman.com; Mindy.Langston@huntington.com; david.a.peura@huntington.com; susan.scott@akerman.com; chuckpignuolo@gmail.com; Dave.Hermann@huntington.com
**Subject:** RE: Bridgelink Receivership - Huntington Transition

Andy,

Thank you for taking my call and then hanging up on me when I asked why you are being so rude. I look forward to speaking with you more and will send an invite Monday once the decision makers at Huntington – David Peura and Mindy Langston – confirm their availability.

We just want to "break bread" and see where we are on this very large judgment. We can review the docket, but a good relationship with the receiver is crucial in these circumstances. Thanks and have a good weekend.

**Christian George**
Office Managing Partner
Chair, Financial Institutions Commercial Litigation
Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
D: 904 598 8619 | T: 904 798 3700 | F: 904 598 3906
christian.george@akerman.com

**From:** Andrew Korn <andrew@receiverandrewkorn.com>
**Sent:** Friday, June 26, 2026 6:18 PM
**To:** George, Christian (Ptnr-Jax) <christian.george@akerman.com>
**Cc:** grant.jones@haleyolson.com; Napoli, Michael (Ptnr-Dal) <michael.napoli@akerman.com>; Barrera, Teresa (Para-Dal) <teresa.barrera@akerman.com>; Mindy.Langston@huntington.com; david.a.peura@huntington.com; Scott, Susan (Jax) <susan.scott@akerman.com>; chuckpignuolo@gmail.com
**Subject:** Bridgelink Receivership - Huntington Transition

[External to Akerman]

I proposed availability for 76 of the next 79 hours. You nevertheless asked me to make scheduling a call easier. I've since cancelled my Sunday appointment so you could have the entirety of the next 79 hours to choose from. To make it as easy as possible, I will take the 30-minute call at any time you want to begin during the next 79 hours.

***Andy "Gator" Korn***
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
214-521-0500 (Office)
**www.andrewrkornpllc.com**
**www.receiverandrewkorn.com**

**From:** christian.george@akerman.com <christian.george@akerman.com>
**Sent:** Friday, June 26, 2026 2:45 PM
**To:** Andrew Korn <andrew@receiverandrewkorn.com>
**Cc:** grant.jones@haleyolson.com; michael.napoli@akerman.com; teresa.barrera@akerman.com;

Mindy.Langston@huntington.com; david.a.peura@huntington.com; susan.scott@akerman.com; chuckpignuolo@gmail.com
**Subject:** Re: Bridgelink Receivership - Huntington Transition

Andy,

You are now working on behalf of Huntington bank. Their decision makers and their counsel want to talk with you. Please make this easier. We need 30 minutes. Thanks

**Christian George**
Office Managing Partner
Chair, Financial Institutions Commercial Litigation
Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
D: 904 598 8619 | T: 904 798 3700 | F: 904 598 3906
christian.george@akerman.com

On Jun 26, 2026, at 3:10 PM, Andrew Korn <andrew@receiverandrewkorn.com> wrote:

[External to Akerman]

The "Case": No. 4:23-cv-609-BJ; *Cadence Bank f/k/a BancorpSouth Bank and Century Bank v. Bridgelink Engineering, LLC, Cord Henry Johnson, Cole Wayne Johnson, et al.* (USDC N.D. Tex.) (Fort Worth Division)

Counsel:

Same response from my e-mail below (*i.e.* it's difficult to schedule a call when I don't know how much time you expect the call to last. And it is hard to estimate the time required for a call without you identifying the specific items to be discussed). For a 15-20 minute call, please call my cell phone (214-535-9622) after 4:00 p.m. today: anytime tomorrow: anytime Sunday except 2:00-5:00 p.m.; and anytime on Monday.

"Where we are on collections" is unchanged from May 22, 2026, Inventory No. 1. *See* [doc. 344] attached.** Except for the fact that there will be no further active enforcement to obtain most Receivership assets until Judge Cureton decides the question about the earlier receiverships over the Johnsons.

If you have reviewed the PACER Case filings, you might decide that the first questions that Judgment Creditors need to answer themselves are:

1. What authority or facts must I immediately provide the Court to prevent the Court from staying all or part of the Receivership in the Case in deference to earlier State Court Receivership orders?*
    1. If the Court puts enforcement of the *Final Judgment* [doc. 76] in time out, how long must Judgment Creditors wait before being allowed to enforce the *Final Judgment*?
    2. If enforcement is in time out, can the Receiver still bring motions for contempt and sanctions to vindicate the dignity and authority of the Court?

Much of what I suggested raising against deferring to the earlier receiverships has not been presented to the Court. Some of the authority and facts I've identified that was presented could be more useful if reframed in reply to Judgment Debtor's most responsive briefing. [doc. 357].

*While avoiding positions that antagonize the Court into vacating or terminating the Receivership Order.

**If there is a material change in property (including money) recovered, Inventory No. 2 will be filed.

***Andy "Gator" Korn***
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
214-521-0500 (Office)
www.andrewrkornpllc.com
www.receiverandrewkorn.com

**From:** christian.george@akerman.com <christian.george@akerman.com>
**Sent:** Friday, June 26, 2026 9:24 AM
**To:** Andrew Korn <andrew@receiverandrewkorn.com>
**Cc:** grant.jones@haleyolson.com; michael.napoli@akerman.com; teresa.barrera@akerman.com; Mindy.Langston@huntington.com; david.a.peura@huntington.com; susan.scott@akerman.com
**Subject:** Re: Bridgelink Receivership - Huntington Transition

Andy,

Happy Friday. Following up here. Many thanks

**Christian George**
Office Managing Partner
Chair, Financial Institutions Commercial Litigation
Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
D: 904 598 8619 | T: 904 798 3700 | F: 904 598 3906
christian.george@akerman.com

> On Jun 25, 2026, at 8:52 AM, George, Christian (Ptnr-Jax) <christian.george@akerman.com> wrote:
>
> Andy,
>
> Good morning. I was following up on Grant's introduction below. Huntington Bank acquired Cadence Bank. Mindy Langston and David Peura with Huntington are copied here, as is my law partner Michael Napoli. My firm will be representing Huntington going forward as

Grant mentions below.

We were hoping to get on a call for introductions and to discuss where we are on collections and strategy going forward. Since there are a few people involved, please provide times you are available so we can coordinate with everyone's calendar. Thanks and we look forward to working with you.

**Christian George**
Office Managing Partner
Chair, Financial Institutions Commercial Litigation
Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
D: 904 598 8619 | T: 904 798 3700 | F: 904 598 3906
christian.george@akerman.com

**From:** Andrew Korn <andrew@receiverandrewkorn.com>
**Sent:** Wednesday, June 24, 2026 11:14 PM
**To:** George, Christian (Ptnr-Jax) <christian.george@akerman.com>
**Cc:** grant.jones@haleyolson.com; Napoli, Michael (Ptnr-Dal) <michael.napoli@akerman.com>; Barrera, Teresa (Para-Dal) <teresa.barrera@akerman.com>; brasner@haleyolson.com; chuckpignuolo@gmail.com
**Subject:** RE: Bridgelink Receivership - Huntington Transition

[External to Akerman]

I don't see a request below. Regardless, it's difficult to schedule a call when I don't know how much time you expect it to last, or the items to be discussed. For a 15-20 minute call, you can try me anytime tomorrow or Friday on my cell phone (214-535-9622).

***Andy "Gator" Korn***
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
214-521-0500 (Office)
www.andrewrkornpllc.com
www.receiverandrewkorn.com

**From:** christian.george@akerman.com <christian.george@akerman.com>
**Sent:** Wednesday, June 24, 2026 8:53 PM
**To:** Andrew Korn <andrew@receiverandrewkorn.com>
**Cc:** grant.jones@haleyolson.com; michael.napoli@akerman.com; teresa.barrera@akerman.com; brasner@haleyolson.com; chuckpignuolo@gmail.com
**Subject:** Re: Bridgelink Receivership - Huntington Transition

> You don't often get email from christian.george@akerman.com. Learn why this is important

Thanks Andy. As requested below, please provide some times you are available tomorrow or Friday. Thanks again!

**Christian George**
Office Managing Partner
Chair, Financial Institutions Commercial Litigation
Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
D: 904 598 8619 | T: 904 798 3700 | F: 904 598 3906
christian.george@akerman.com

> On Jun 24, 2026, at 9:42 PM, Andrew Korn <andrew@receiverandrewkorn.com> wrote:
>
> [External to Akerman]
>
> The attached Receiver's Levy will be mailed tomorrow based on the attached June 16, 2026, *Mortgage Statement* received in today's mail.
>
> ***Andy "Gator" Korn***
> Andrew R. Korn, PLLC
> 4221 Avondale Avenue
> Dallas, Texas 75219
> 214-521-0500 (Office)
> www.andrewrkornpllc.com

**EXHIBIT 18**

www.receiverandrewkorn.com

**From:** Grant Jones <Grant.Jones@haleyolson.com>
**Sent:** Wednesday, June 24, 2026 4:36 PM
**To:** christian.george@akerman.com; michael.napoli@akerman.com; Andrew Korn <andrew@receiverandrewkorn.com>
**Cc:** teresa.barrera@akerman.com; Blake Rasner <brasner@haleyolson.com>
**Subject:** Re: Bridgelink Receivership - Huntington Transition

Mike / Christian - see attached a link to the deposition transcript and exhibits from the deposition for Ashley McCormick, the long-term girlfriend of one of our judgment debtors, Cole Johnson.
Post-Judgment Depositions

Once we get the other transcripts, I will send them to you. Let me know if you have any trouble accessing the documents.

Thanks,

*M. Grant Jones*
Attorney
gjones@haleyolson.com
Web:
https://haleyolson.com/
<image001.png>
100 N. Ritchie Rd. Ste. 200
Waco, TX 76712
(254) 776-3336

---

**From:** christian.george@akerman.com <christian.george@akerman.com>
**Sent:** Tuesday, June 23, 2026 5:31 PM
**To:** Grant Jones <Grant.Jones@haleyolson.com>;

michael.napoli@akerman.com
<michael.napoli@akerman.com>;
andrew@receiverandrewkorn.com
<andrew@receiverandrewkorn.com>
**Cc:** teresa.barrera@akerman.com
<teresa.barrera@akerman.com>; Blake Rasner
<brasner@haleyolson.com>
**Subject:** RE: Bridgelink Receivership - Huntington Transition

Many thanks Grant.

**Christian George**
Office Managing Partner
Chair, Financial Institutions Commercial Litigation
Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
D: 904 598 8619 | T: 904 798 3700 | F: 904 598 3906
christian.george@akerman.com

vCard | Profile

<~WRD0001.jpg>

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Grant Jones <Grant.Jones@haleyolson.com>
**Sent:** Tuesday, June 23, 2026 4:16 PM
**To:** Napoli, Michael (Ptnr-Dal)
<michael.napoli@akerman.com>; Andrew Korn
<andrew@receiverandrewkorn.com>
**Cc:** George, Christian (Ptnr-Jax)
<christian.george@akerman.com>; Barrera, Teresa (Para-Dal) <teresa.barrera@akerman.com>; Blake Rasner
<brasner@haleyolson.com>
**Subject:** Bridgelink Receivership - Huntington Transition

**[External to Akerman]**

Andy - this email is intended to introduce you to the attorneys that will be taking over this matter for Huntington. Mike Napoli, and Christian George with

Ackerman will be handling this matter going forward. If you would like me on an initial conversation to help get these gentlemen up to speed, I am happy to attend.

If there is anything I can do to assist in this transition, let me know. I anticipate we will be filing something with the Court sometime this week.

Mike - as I told you over the phone earlier, the judgment debtors have been primarily producing documents to Andy and leaving the Bank out of it. He will have their most recent production. I anticipate getting deposition transcripts from our depositions earlier this month in the coming days. Once I have those, I will forward them on to you.

Thanks,

*M. Grant Jones*
Attorney
gjones@haleyolson.com
Web:
https://haleyolson.com/
<image001.png>
100 N. Ritchie Rd. Ste. 200
Waco, TX 76712
(254) 776-3336

<06-25-26 Receiver's Levy Letter (Pure Funding LLC).pdf>
<2026-06-16 Mortgage Statement from Shellpoint (Cord).pdf>

<Doc. 344 Receiver's Inventory No. 1.pdf>

Exhibit 25

**From:** Andrew Korn
**To:** "John C. Leininger"
**Cc:** Grant Jones; "Blake Rasner"; "Charles Pignuolo"
**Subject:** The "Case": No. 4:23-cv-609-BJ; Cadence Bank f/k/a BancorpSouth Bank and Century Bank v. Bridgelink Engineering, LLC, Cord Henry Johnson, Cole Wayne Johnson, et al. (USDC N.D. Tex.) (Fort Worth Division)
**Date:** Sunday, June 28, 2026 1:15:03 AM

John:

Thank you for reaching out about this. Your willingness to help is one of the reasons I regret having to write this e-mail.

I know that in our initial conferences and meeting you were interviewing me to see whether I was a fit for the appointment, but I was also deciding and then evaluating whether I wanted to work with all of you. Which I quickly decided I did.

You, Grant, Blake, and Chuck, have been a pleasure to work with. I appreciate what you've done to assist me. For example, when I needed a substantial deposit to secure the US Marshal's assistance, you got that money to me immediately after I asked.

David Skeels and the Johnsons – whatever you want to say about them (and there is a lot to say) – never called me a dick. They've never raised their voices to me. As tense as the Johnsons must have felt about things they attributed to me (*e.g.*, I'm the one who showed Cole Johnson the evidence that retroactively pronounces him and Ashley McCormick man and wife), the Johnsons have been civil.

I admire much of the work you have done and the advantageous position you put your client in against very challenging judgment debtors. I thought I could serve the Court in a way that would increase the likelihood that its judgment would come into effect – effectively adding value to your enforcement position. I'm confident I've done that.

And I very much like Judge Cureton and his Clerks.

Fake W-2 income. Missing trucks. Missing boats. This receivership was making progress. And it was good.

But an appointment can sour. The way the Ackerman lawyers have let this Florida attorney speak to me reveals that I am not the droid they are looking for. Being told below that I'm "now working on behalf of Huntington bank," and must be on call, is wrong. Wrong in content. Since I work on behalf of the Court. *See* C. Randel Lewis, Bankruptcy and Education: *Managing a Safe Landing: Dealing with Distressed Universities & Colleges*, 23 Am. Bankr. Inst. L. Rev. 367, 374 7 n.36 (Winter, 2015) ("receivers are unusual creatures... the receiver's duties run directly to the appointing court."). Wrong in tone. Huntington choosing to switch firms with no transition period does not change – or reprioritize – my duties. If a judgment creditor chooses to terminate its source of institutional knowledge about the Case, I am not its gap filler.

All this with no regard to whether I have been paid. I have not been paid. Which was not a concern when Blake and Chuck were involved. It is now.

Assuming Judge Cureton does not stay the Receivership (or keeps me as the Arm of the Court for some of the Judgment Debtors), I have many potential contentious motions for contempt to prosecute (including disgorgement for violations of the charging order). However, I am unwilling to also find myself in continual disputes with parties on both sides of the case. I prefer to avoid putting Judge Cureton in that situation.

Therefore, I am considering resigning as Receiver. However, I wanted to discuss it with you before doing so because your client could be adversely affected without having done anything wrong.

Before resigning, I will also advise chambers about my intention. If Judge Cureton strongly opposes me resigning, I will not do so.

I'm covering Blake and Grant on this because they are still attorneys of record.

***Andy "Gator" Korn***
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
214-521-0500 (Office)
214-535-9622 (Cell)
www.andrewrkornpllc.com
www.receiverandrewkorn.com

**From:** John C. Leininger <jcl@os.law>
**Sent:** Friday, June 26, 2026 9:12 PM
**To:** Andrew Korn <andrew@receiverandrewkorn.com>
**Subject:** RE: The "Case": No. 4:23-cv-609-BJ; Cadence Bank f/k/a BancorpSouth Bank and Century Bank v. Bridgelink Engineering, LLC, Cord Henry Johnson, Cole Wayne Johnson, et al. (USDC N.D. Tex.) (Fort Worth Division)

Andy,

I know Mike Napoli at Akerman from a case several years ago. Would it help if I reached out to him?

OTTESON SHAPIRO

**John C. Leininger**
**OTTESON SHAPIRO LLP**
ATTORNEYS AT LAW
4851 LBJ Freeway, Suite 650
Dallas, TX, 75244
Direct 214-619-8325 | Main 214-619-8309
jcl@os.law | www.os.law

This transmission contains information from the law firm of Otteson Shapiro LLP, which may be confidential or protected by the attorney-client or other privilege. If you are not the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in