EXHIBIT A

**Order Filed on October 15, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>HELLRING LINDEMAN GOLDSTEIN<br>& SIEGAL LLP<br>Patricia A. Staiano, Esq.<br>Attorneys for Benjamin A. Stanziale, Jr.,<br>Chapter 11 Trustee<br>103 Eisenhower Parkway, Suite 403<br>Roseland, New Jersey 07068-1031<br>973.621.9020<br>pstaiano@hlgslaw.com | |
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No 26-17342 (EJO)<br><br>Judge: Eamonn James O'Hagan, U.S.B.J.<br><br>Chapter 11 |
| BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Plaintiff,<br><br>vs.<br><br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, and JL SPECIAL INVESTMENTS, LLC,<br><br>Defendants. | Adv. Pro. No. 26-01494 (EJO) |

ORDER TO SHOW CAUSE WITH TEMPORARY RELIEF

The relief set forth on the following pages numbered two (2) through five (5) is hereby ORDERED.

**DATED: October 15, 2026**

Honorable Eamonn J. O’Hagan
United States Bankruptcy Judge

Debtor: AVRUMI LUBIN a/k/a Josh Lubin

Case No.: 26-17342 (EJO)
Adv. Pro. No. 26-01494 (EJO)

ORDER TO SHOW CAUSE WITH TEMPORARY RELIEF

---

THIS MATTER having been presented to the Court by way of Verified Complaint (the "Verified Complaint") to extend the captioned Chapter 11 case to the following entities:

- SPIN CAPITAL, LLC ("Spin");
- TETON LIFE, LLC ("Teton Life");
- TETON FUNDING, LLC ("Teton Funding");
- TETON FUNDING GROUP, LLC ("Teton Funding Group"); and
- JL SPECIAL INVESTMENTS, LLC ("JL")

(collectively, the "Subject Entities" and, together with the Debtor, collectively the "Defendants"), and by Application for an Order to Show Cause and for Temporary Relief (the "Application") filed by Benjamin A. Stanziale, Jr., Chapter 11 Trustee (the "Trustee") for Avrumi Lubin, a/k/a Josh Lubin ("Debtor") through his attorneys, Hellring Lindeman Goldstein & Siegal LLP, requesting that the Court:

(A) schedule a final hearing to consider the requested extension of the Chapter 11 Proceedings to the Subject Entities, and

(B) grant the following preliminary injunctive relief, pending further order of this Court;

(1) to stay any litigation or enforcement of judgments against the Subject Entities;

(2) to enjoin the Debtor, and all persons and entities acting in concert with him, from taking actions in the name of the Subject Entities or collect judgments in favor of the Subject Entities, and to confirm that Trustee has the sole authority to act in the stead of the Debtor as to any management and litigation decisions regarding the Subject Entities;

---

(3) to enjoin Defendants and any person acting in concert with them from transferring or disposing of assets of the Subject Entities; and

(4) to direct Defendants to turn over books and records of the Debtor and the Subject Entities to the Trustee or his professionals whose retention is approved by the Court.

NOW, the Court having considered the pleadings and papers submitted in support of the Order to Show Cause, including the Verified Complaint and the Certification of Benjamin A. Stanziale, Jr., and the supporting memorandum of law, and any opposition thereto, and for good and probable cause shown;

It is now ORDERED as follows:

Defendants and any other parties wishing to be heard shall appear before the undersigned United States Bankruptcy Judge of the United States Bankruptcy Court for the District of New Jersey (the "Court") at the Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, N.J. 08608, Courtroom #2 (Zoom optional) on October 22, 2026 at 10:00 o'clock and show cause as to:

(A) why this Court should not enter a scheduling order relative to the Plaintiff's request for final judgment extending the Debtor' s Chapter 11 case to the Subject Entities; and

(B) why the prayed for preliminary injunctive relief should not be granted.

And good and probable cause having been shown, pending further order of this Court it is hereby ORDERED that

(1) any litigation or enforcement of judgments against the Subject Entities is hereby STAYED;

---

(2) the Debtor, and all persons and entities acting in concert with him, are ENJOINED from taking actions in the name of the Subject Entities or to collect judgments in favor of the Subject Entities, and it is further CONFIRMED that the Trustee has the sole authority to act in the stead of the Debtor as to any management and litigation decisions regarding the Subject Entities;

(3) Defendants and any person or entity acting in concert with them are ENJOINED from transferring or disposing of assets of the Subject Entities; and

(4) Defendants ARE DIRECTED AND ENJOINED TO turnover of books and records of the Debtor and the Subject Entities to the Trustee or his professionals whose retention is approved by the Court.

A copy of the within Order to Show Cause, Verified Complaint, Application for the Entry of an Order to Show Cause, Certification of Benjamin A. Stanziale, Jr., and Memorandum of Law in support shall be served upon the Debtor, his attorney in this bankruptcy proceeding (if any), and the other Defendants and their registered agents or managing members, by overnight mail and e-mail, where available. Copies of the pleadings shall also be served by e-mail upon Rachel Wolf, A.U.S.T. rachel.wolf@usdoj.gov, counsel for the Office of the United States Trustee, Gavriel Yitzchakov (co-owner of Teton Life) or his counsel, and all creditors or parties in interest that have filed a notice of appearance in this case.

This Order to Show Cause shall constitute original process in this adversary proceeding in lieu of a Summons.

---

Defendants and any persons or entities wishing to oppose the relief sought shall file on the docket of this adversary proceeding and serve papers upon counsel to the Trustee in opposition on or before October 20, 2026 by 5 p.m.

Any reply to such opposition shall be filed on the docket of this adversary proceeding and served by October 21, 2026 by 5 p.m.

On the return date of this Order to Show Cause, the Court shall conduct a hearing, during which it will hear oral argument and consider any and all pleadings and papers filed in support of or in opposition to the Application, and in its discretion, entertain the testimony of witnesses on behalf of the parties, upon the request of any such party.

The Defendants may move for dissolution of the restraints and other interim relief imposed by this Order to Show Cause on two (2) days' written notice to the Trustee and in accordance with Fed.R.Bankr.P. 7065.