Michael D. Napoli, SBN: 14803400
Laura M. Taveras, SBN: 24127243
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9338
michael.napoli@akerman.com
laura.taveras@akerman.com

*Attorneys for Petitioning Creditor Huntington Bank f/k/a Cadence Bank*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 26-43993-MXM-7** |
| **Cole Wayne Johnson** | § | **Case No. 26-43995-ELM-7** |
| **Cord Henry Johnson** | § | |
| | § | **(Jointly Administered** |
| **Alleged Debtors.** | § | **Under 26-43993-MXM-7)** |
| | § | **Chapter 7** |

**PETITIONING CREDITORS' MOTION TO COMPEL THE DEBTORS TO FILE A LIST OF CREDITORS AND TO ESTABLISH PROCEDURES FOR OTHER CREDITORS TO JOIN IN THE PETITION**

COMES NOW Huntington Bank f/k/a Cadence Bank ("Huntington"), Century Bank ("Century"), Hunt Guillot & Associates, LLC ("HGA" ("Spin," and with Huntington, Century, and HGA, the "Petitioning Creditors") and files this Motion (the "Motion") pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 1003(b) and (c), and 11 U.S.C. § 105(a), to compel Cole Wayne Johnson and Cord Henry Johnson (each an "Alleged Debtor", and collectively, the "Alleged Debtors") to file a list of creditors and for the Court to establish procedures for other creditors to join in the petition. In support, Petitioning Creditors respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Alleged Debtors seek dismissal of these involuntary cases based, in part, on their contention that each has more than twelve creditors and that fewer than three qualifying creditors commenced the cases. Having placed the number of their creditors directly at issue, the Alleged Debtors must provide the creditor information required by Bankruptcy Rule 1003(b). They have not done so.

2. The requested relief is straightforward. The Petitioning Creditors respectfully ask the Court to compel the Alleged Debtors to file the required lists of creditors and to establish procedures affording those creditors notice and a reasonable opportunity to join the Involuntary Petitions before the Court conducts an evidentiary hearing on the Motions to Dismiss. That relief will permit the issues raised by the Alleged Debtors to be resolved on a complete record and will ensure that other qualifying creditors receive the opportunity to join contemplated by Bankruptcy Rule 1003(c).

## BACKGROUND

### A. Case History

3. On September 4, 2026, the Petitioning Creditors filed Involuntary Chapter 7 Petitions against Cole Johnson (Case No. 26-43993, ECF No. 1) (the "Cole Petition") and Cord Johnson (Case No. 26-43995, ECF No. 1) (the "Cord Petition," and together with the Cole Petition, the "Petitions" or "Involuntary Petitions") under 11 U.S.C. § 303. The Cord Petition identifies the following judgment-based claims, aggregating $48,998,532.41: (1) Century, $16,398,814.92; (2) Huntington, $23,426,878.46; (3) HGA, $938,678.53; and (4) Spin, $8,234,160.50. The Century and Huntington amounts reflect each bank's share of their joint judgment. The Petition against Cole Johnson asserts substantially the same claims and was filed by these same four creditors

together with a fifth, Crawford, Wishnew & Lang, PLLC ("CWL"), aggregating approximately $49 million.

4. On September 28, 2026, Cole Johnson filed his Motion to Dismiss Involuntary Petition [Case No. 26-43993, ECF No. 9], which he amended on September 30, 2026 [Case No. 26-43993, ECF No. 10] (the "Cole Motion"). Also on September 28, 2026, Cord Johnson filed his Motion to Dismiss Involuntary Petition [Case No. 26-43995, ECF No. 14] (the "Cord Motion," and together with the Cole Motion, the "Motions to Dismiss").

5. On October 1, 2026, CWL filed a Notice of Withdrawal [Case No. 26-43993, ECF No. 13] electing not to proceed further as a petitioning creditor on the Cole Petition. CWL was never a petitioner on the Cord Petition.

6. On October 14, 2026, the Court granted the Alleged Debtors' motion for Joint Administration, and ordered the cases jointly administered for procedural purposes under Case No. 26-43993-MXM-7, transferring Cord Johnson's case to this Court.

7. On October 23, 2026, the Petitioning Creditors filed the Omnibus Response in Opposition to Alleged Debtors' Motions to Dismiss the Involuntary Petitions [Case No. 26-43993, ECF No. 29] (the "Opposition Response"). The Opposition Response is incorporated herein by reference in its entirety.

**B. Alleged Debtors' Motions to Dismiss**

8. The Motions to Dismiss also expressly aver the existence of twelve or more creditors. The Cole Motion states that "Cole Johnson has more than twelve creditors," that "[i]ncluding older obligations and current business obligations, Cole Johnson . . . has more than twelve creditors," and that "Cole Johnson has far more than twelve creditors." Cole Mot. at 2, ¶¶ 4, 28. The Cord Motion likewise states that "Cord Johnson has more than twelve creditors," that

"Cole and Cord Johnson each has more than twelve creditors," and that "Cord Johnson has far more than twelve creditors." Cord Mot. at 2, ¶¶ 4, 27. Neither Motion, however, attaches a list of creditors as required by Bankruptcy Rule 1003(b). The only related exhibits are a chart of Cole Johnson's monthly household bills, consisting largely of utilities, subscriptions, insurance premiums, and vehicle and equipment payments, and a summary of Cord Johnson's business loans that refers to "[a]pproximately 45 active vendors" without identifying any of them. *See* Cole Mot. Ex. 11, Cord Mot. Ex. 11. Neither exhibit provides the names and addresses of all creditors or a brief statement of the nature and amount of each creditor's claim.

9. The record reflects numerous non-petitioning creditors holding substantial claims. The Petitioning Creditors have identified at least eight additional judgments against Cord Johnson exceeding $24 million in the aggregate, including judgments of $9,792,115.67, $6,400,000.00, $6,051,557.19, and $1,341,955.69. Pre-Conference Statement at 3–4. Amarillo National Bank holds an August 5, 2024 judgment against both Alleged Debtors in Potter County, Texas, which is being enforced through a turnover receivership. Cole Mot. Ex. 2. The State of North Dakota by Workforce Safety & Insurance holds a judgment against both Alleged Debtors in Denton County, Texas, which is likewise being enforced through a turnover receivership. Cole Mot. Ex. 1. The Alleged Debtors themselves concede that they have "unpaid creditors from past business ventures." Cole Mot. at 3; Cord Mot. at 3.

10. Despite placing the number of qualifying creditors at issue, neither Alleged Debtors have filed to file the list of creditors required by Bankruptcy Rule 1003(b). The Petitioning Creditors conferred with counsel for the Alleged Debtors regarding the relief requested in this Motion on November 5, 2026 the Alleged Debtors opposed this Motion.



89065351;3

## REQUESTED RELIEF

11. The Petitioning Creditors respectfully request that the Court (i) compel the Alleged Debtors to provide the creditor information required by Bankruptcy Rule 1003(b); and (ii) establish procedures to notify creditors of the Involuntary Petitions with reasonable opportunity to join before the Court conducts a hearing on the Motions to Dismiss.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over these cases and this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

13. Bankruptcy Rule 1003(b) provides as follows:

> [i]f an involuntary petition is filed by fewer than 3 creditors and the debtor's answer alleges the existence of 12 or more creditors as provided in § 303(b), the debtor must attach to the answer: (1) the names and addresses of all creditors; and (2) a brief statement of the nature and amount of each creditor's claim.

Fed. R. Bankr. P. 1003(b),(c) (emphasis added). "Compliance with Bankruptcy Rule 1003(b) requires, at a minimum, that a debtor, provide a list of all creditors with their names and addresses, a brief statement of the nature of the claims, and the amounts thereof." *In re CorrLine Int'l*, 516 B.R. 106, 151 (Bankr. S.D. Tex 2014). That list is the mechanism by which an alleged debtor substantiates an assertion that it has twelve or more qualifying creditors and joins the numerosity issue; until the debtor produces it, a petitioning creditor cannot be expected to carry a burden that turns on information the debtor alone holds. *See id.* (explaining that "[i]f the putative debtor fails to file a list of twelve or more creditors in accordance with Bankruptcy Rule 1003(b), then the debtor has not met his burden of proof."); *In re Sadler*, No. 06-10091-FRM, 2006 Bankr. LEXIS

4464, at *11-12 (Bankr. W.D. Tex. Oct. 18, 2006) (holding that a putative debtor's non-compliance with Rule 1003(b) estops the debtor from including creditors in the numerosity calculation).[1] Further, Bankruptcy Rule 1003(c) provides that "[i]f there appear to be 12 or more creditors, the court *must* allow a reasonable time for other creditors to join the petition before holding a hearing on it." (emphasis added). Thus, where an alleged debtor moves to dismiss for lack of the required number of petitioning creditors while contending that it has twelve or more creditors, it may not press that contention while withholding the creditor information required by Rule 1003(b). Additionally, where twelve or more creditors appear to exist, the Court must afford other creditors a reasonable opportunity to join before conducting a hearing on the sufficiency of the Involuntary Petitions.

## ARGUMENT

### I. The Alleged Debtors Should Be Compelled to File a List of Creditors So That Other Creditors May Join Before Any Hearing on the Motions to Dismiss.

14. The Motions to Dismiss assert that fewer than three qualified creditors filed the Petitions, and they expressly aver that each Alleged Debtor has more than twelve creditors. Compliance with Bankruptcy Rule 1003(b) should therefore be required, and the Alleged Debtors must provide the names and addresses of all creditors and a brief statement of the nature and amount of each creditor's claim.

15. The list is also necessary for the Court to decide numerosity on an evidentiary record. The information needed to determine whether the Alleged Debtors have twelve or more qualifying creditors is held by the Alleged Debtors alone. That information includes who their

---

[1] As the Advisory Committee explained, "the list of creditors filed by the debtor affords a petitioner the information needed to enable him to give notice for the purpose of obtaining the co-petitioners required to make the petition sufficient." Fed. R. Bankr. P. 1003 advisory committee's note.

creditors are, the nature and amount of each claim, which claims are disputed or contingent, which creditors are insiders, and which creditors received payments that may be avoidable. Courts will not speculate about the number of creditors and once the list is filed, the burden of showing fewer than twelve qualifying creditors falls on the petitioning creditors. *See In re James Plaza Joint Venture*, 67 B.R. 445, 448 (Bankr. S.D. Tex. 1986) (explaining that it is not the court's duty to "speculate as to the number of creditors"); *Sadler*, 2006 Bankr. LEXIS 4464, at *10 (explaining burden). Fairness requires that the Alleged Debtors produce the list before the Court adjudicates a challenge that depends on it.

16. To permit the Court to apply the § 303(b)(2) exclusions, the list should identify, for each creditor: (a) its name and address; (b) the nature and amount of its claim; (c) whether the Alleged Debtor contends the claim is contingent or disputed; (d) any relationship between the creditor and the Alleged Debtor, including whether the creditor is a relative, employee, attorney, or affiliate; and (e) any payment or other transfer made to the creditor within the ninety days before September 4, 2026, or after that date. *See* 11 U.S.C. § 303(b)(2); *In re Smith*, 415 B.R. 222, 237 (Bankr. N.D. Tex. 2009) (excluding insiders, the debtor's attorneys, small recurring creditors, recipients of postpetition transfers, and recipients of preferential prepetition payments). This information is especially important here. Cole Johnson's exhibit consists largely of monthly utility, subscription, and insurance accounts of the kind that may not be counted, Cole Mot. Ex. 11; *Denham*, 444 F.2d at 1378-79, and it reflects monthly legal payments, Cole Mot. Ex. 11, which may implicate the exclusion of the debtor's attorneys. *See Smith*, 415 B.R. at 233 (explaining attorneys representing debtors in involuntary bankruptcy proceedings are considered insiders). Cord Johnson asserts that he is paying approximately forty-five vendors on a current basis, Cord Mot. ¶ 27, and both Alleged Debtors assert they continue to pay current debts, including after the

petition date. Creditors paid after the petition date with property of the estate may not be counted. *Smith*, 415 B.R. at 233–36.

17. Moreover, the Petitioning Creditors move the Court to establish procedures for all creditors identified on such list to receive notice and an opportunity to join the Petitions before the hearing on the Motions to Dismiss. Section 303(c) permits any creditor holding a noncontingent unsecured claim to join the Petitions at any time before dismissal or an order for relief, with the same effect as an original petitioner. 11 U.S.C. § 303(c). An involuntary petition "should not be dismissed for lack of a third creditor if the joining creditor meets the statutory requirements." *In re All Media Props., Inc.*, 5 B.R. 126, 138–39 (Bankr. S.D. Tex. 1980). Thus, even if the Court were to accept any of the Alleged Debtors' challenges to Century, Huntington, HGA, or Spin, joinder by another qualifying creditor would satisfy § 303(b)(1).

18. Because the Alleged Debtors aver twelve or more creditors, the Court "must allow a reasonable time for other creditors to join the petition before holding a hearing on it." Fed. R. Bankr. P. 1003(c). That opportunity is meaningful only if creditors receive notice. The Petitioning Creditors know of at least eight additional judgment creditors of Cord Johnson holding claims exceeding $24 million, Pre-Conference Statement at 3-4, but the Alleged Debtors alone possess a complete roster of their creditors and current addresses. The Petitioning Creditors request that the procedures in the proposed order attached as **Exhibit A** be granted and that the form of notice attached as **Exhibit B** be approved and served by the Alleged Debtors on or before three (3) days after the deadline to file the list of creditors.

19. Specifically, creditors should be notified that the Alleged Debtors conducted business through, and guaranteed or are alleged to be liable for the debts of, numerous affiliated entities, *including, but not limited to*: Bridgelink Engineering, LLC; Bridgelink Investments, LLC;

Bighorn Construction & Reclamation, LLC; Bighorn Investments and Properties, LLC; Bighorn Sand & Gravel LLC; Enhanced Midstream, LLC; Oak Creek Consulting and Production Services LLC; Bridgelink Commodities LLC; Bridgelink Renewable Energy Development LLC; and Bridgelink Renewable Energy Investments II LLC. *See* Cole Mot. Exs. 2, 3, 7, 9. Failure to include notice of these entities may not adequately allow creditors to identify that they hold claims against the Alleged Debtors and are entitled to join the Petitions.

20. Deferring the evidentiary hearing until the joinder period has run also serves judicial economy. The Motions to Dismiss raise fact intensive questions, including whether Century and Huntington are separate creditors and whether HGA's and Spin's claims qualify, that may require discovery and an evidentiary hearing. *See In re Henry S. Miller Commercial, LLC*, 418 B.R. 912, 919–20, 923 (Bankr. N.D. Tex. 2009) (holding that an alleged debtor has standing to probe the separateness of its petitioning creditors, and resolving whether jointly-held claimants are "one versus three petitioning creditors" through discovery and an evidentiary trial rather than on the pleadings). Joinder by additional qualifying creditors may moot those questions.

21. Moreover, the relief requested herein is within the Court's inherent and equitable powers under 11 U.S.C. § 105(a), which permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," including by "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Here, the requested relief implements Bankruptcy Rule 1003(b) and (c) and avoids an abuse of process by providing notice and an opportunity to join the Petitions to the Alleged Debtors' other creditors.

**WHEREFORE**, the Petitioning Creditors request that the Court grant this Motion and (i) compel each Alleged Debtor to file a list of creditors in accordance with Bankruptcy Rule 1003(b),

containing the information described herein, within three (3) days from the entry of an order on this Motion; (ii) enter the order attached as **Exhibit A** and thereby establish procedures for other creditors to join the Petitions; (iii) direct each Alleged Debtor to serve the form of notice attached as **Exhibit B** on all listed creditors within three (3) days of the deadline to file the list of creditors; (iv) defer the evidentiary hearing on the Motions to Dismiss until a reasonable time for joinder has passed; and (v) provide such other relief as is just and appropriate under the circumstances.

Dated: November 5, 2026

Respectfully submitted,

**AKERMAN LLP**

*/s/ Michael D. Napoli*

Michael D. Napoli
Texas Bar No. 14803400
Laura M. Taveras
Texas Bar No. 24127243
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
michael.napoli@akerman.com
laura.taveras@akerman.com

*Attorneys for Petitioning Creditor Huntington Bank f/k/a Cadence Bank*

*/s/ John C. Leininger*

John C. Leininger
Texas Bar No. 24007544
Otteson Shapiro LLP
4851 LBJ Freeway, Suite 650
Dallas, Texas 75244
Telephone: (214) 619-8325
jcl@os.law

*Attorneys for Petitioning Creditor Century Bank and Spin Capital, LLC*

*/s/ Russell A. Woodward*
Russell A. Woodward
Louisiana Bar No. 34163
Law Offices of Russell A. Woodward Jr., LLC
119 Pelican Blvd.
Ruston, LA 71270
Telephone: (318) 255-4898
raw@therawlaw.com

*Attorneys for Petitioning Creditor Hunt, Gulliot & Associates, LLC*