# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 26-43993-MXM-7** |
| **Cole Wayne Johnson** | § | **Case No. 26-43995-ELM-7** |
| **Cord Henry Johnson** | § | |
| | § | **(Jointly Administered** |
| **Alleged Debtors.** | § | **Under 26-43993-MXM-7)** |
| | § | **Chapter 7** |

**[PROPOSED]**
**ORDER GRANTING PETITIONING CREDITORS' MOTION TO COMPEL THE ALLEGED DEBTORS TO FILE A LIST OF CREDITORS AND ESTABLISHING PROCEDURES FOR OTHER CREDITORS TO JOIN IN THE PETITIONS**

Upon consideration of the *Petitioning Creditors' Motion to Compel the Debtors to File a List of Creditors and to Establish Procedures for Other Creditors to Join in the Petition* [Doc. No. __] (the "Motion")[1] filed by Huntington Bank f/k/a Cadence Bank, Century Bank, Hunt Guillot & Associates, LLC, and Spin Capital, LLC (collectively, the "Petitioning Creditors"), the Court, having reviewed the Motion and the record, finds that (i) it has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O); (iii) notice of the Motion was adequate under the circumstances; (iv) the Alleged Debtors, Cole Wayne Johnson and Cord Henry Johnson, have each averred in their Motions to Dismiss that they

---

[1] Capitalized terms not defined in this Order have the meanings given in the Motion.

have twelve or more creditors; (v) no objections were filed to the Motion, or such objections have been withdrawn, resolved, or overruled; and (vi) good cause exists to grant the relief requested. It is therefore.

**ACCORDINGLY,** it is hereby **ORDERED that:**

1. The Motion is **GRANTED** as set forth in this Order.

2. Within three (3) days after entry of this Order, each Alleged Debtor shall file with the Court, pursuant to Federal Rule of Bankruptcy Procedure 1003(b), a list of all of his creditors as of September 4, 2026 (each, a “Creditor List”). Each Creditor List shall state, for each creditor: (a) the creditor’s name and mailing address; (b) a brief statement of the nature and amount of the creditor’s claim; (c) whether the Alleged Debtor contends the claim is contingent or the subject of a bona fide dispute as to liability or amount, and the basis for that contention; (d) any relationship between the creditor and the Alleged Debtor, including whether the creditor is a relative, employee, attorney, insider, or affiliate; and (e) the date and amount of any payment or other transfer to the creditor made within ninety (90) days before September 4, 2026, or at any time after that date. Each Creditor List shall be signed by the Alleged Debtor under penalty of perjury.

3. Within three (3) days after the deadline to file the Creditor Lists, each Alleged Debtor shall serve the *Notice of Involuntary Petitions and Opportunity to Join*, substantially in the form attached to the Motion as Exhibit B (the “Notice”), by first class United States mail on every creditor identified on his Creditor List, and shall file a certificate of service identifying each party served. The Alleged Debtors shall also serve copies of the Notice on counsel for the Petitioning Creditors and the United States Trustee.

4. Any creditor holding an unsecured claim against either Alleged Debtor that is not contingent may join the Petition against that Alleged Debtor pursuant to 11 U.S.C. § 303(c) by

filing a joinder in the applicable case on or before _____________, 2026, which is twenty-one (21) days after the deadline to serve the Notice (the "Joinder Deadline").

5. The hearing on the Motions to Dismiss [Case No. 26-43993, ECF No. 10; Case No. 26-43995, ECF No. 14] shall be held no earlier than [seven (7)] days after the Joinder Deadline, on **_________, 2027 at _____ a.m.**, or as the Court's calendar permits.

6. Nothing in this Order constitutes a finding as to the number of the Alleged Debtors' creditors, the qualification of any petitioning or joining creditor, or the merits of the Motions to Dismiss, and all parties' rights with respect to those issues are reserved.

7. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

**### End of Order ###**