# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CADENCE BANK f/k/a BANCORPSOUTH BANK and CENTURY BANK,** *Plaintiffs*, | § | |
| **V.** | § | **CIVIL NO. 4:23-CV-609-BJ** |
| **BRIDGELINK ENGINEERING LLC et al.,** ***Defendants*.** | § | |

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY CORD HENRY JOHNSON AND COLE WAYNE JOHNSON IN AID OF EXECUTION OF JUDGMENT**

Pending before the Court is Plaintiffs Cadence Bank and Century Bank ("Cadence Bank")s' Motion to Compel Production of Documents by Cord Henry Johnson and Cole Wayne Johnson in Aid of Execution of Judgment ("Motion to Compel") [ECF No. 93], filed on October 23, 2024. Having carefully considered the motion and response, the Court **CONCLUDES** that Cadence Bank's Motion to Compel should be **GRANTED**.

## I. RELEVANT BACKGROUND

On June 15, 2023, Cadence Bank filed this suit against Defendants Bridgelink Engineering, LLC (the "Borrower"), Cole Wayne Johnson ("Cole"), Cord Henry Johnson ("Cord"), Bighorn Construction and Reclamation, L.L.C., Bighorn Sand & Gravel, LLC, and Bighorn Investments and Properties, LLC (collectively "Defendants") alleging various causes of action, including a breach of contract claim against the Borrower and a breach of contract claim against the Defendants. (Plaintiffs' Original Complaint ("Pls.' Compl.") at 5-6.) Subsequently, Cadence Bank filed a Motion for Summary Judgment [ECF No. 36], on March 1, 2024. After Defendants filed a response to the Motion, Cadence Bank filed a Motion to Strike Defendant's Summary

Judgment Evidence ("Motion to Strike") [ECF No. 50], in which they detailed Defendants' pattern of discovery abuse and argued Defendants' had "wholly failed to cooperate in discovery." (Motion to Strike at 4.)

Before detailing the Court's response to Cadence Bank's Motion to Strike, the Court must point out that while the case was pending, Defendants have been ordered to show cause as to why they should not be sanctioned four times. The first came as a result of Defendants fraudulently submitting documents to this Court bearing the signature of an attorney who is not associated with this case or parties. (*See* ECF Nos. 15, 16, 18, 19.) The second order to show cause came as a result of Defendants missing a Court-ordered deadline to file their amended response and appendix—which they moved the Court for leave to file. (*See* ECF Nos. 45, 46, 47.) The third order to show cause came as a result of the astonishment the Court had after reading Cadence Bank's above-referenced Motion to Strike. (*See* ECF Nos. 50, 53.) The fourth order to show cause resulted from Defendants wholly ignoring the Court's third order to show cause in writing. (*See* ECF Nos. 53 (ordering Defendants to show cause as to why the Court should not impose sanctions), 54, 55, 56, 57, 58, 59 (Defendants' sur-reply and response to Plaintiffs' motion to strike: all of which ignore the Court's order to show cause).) Notably, the Court's fourth show cause order provided that "all parties and counsel" shall appear for the hearing on Cadence Bank's motions and "Defendants shall come prepared to show cause as to why the Court should not impose sanctions for the alleged discovery abuses in this case." (ECF No. 60.)

Despite this explicit and clear language, none of the six attorneys who were counsel of record for Defendants appeared as ordered or notified the Court prior to the hearing that they would be unable to attend. Rather, Defendants sent an attorney who was new to the case and had nothing to do with the alleged discovery abuses that occurred prior to his involvement. During the hearing,

the Court commented on the new attorney's "unenviable position of having to explain why some colleagues, it look[ed] to the Court, just wholly failed to engage in discovery until recently." (ECF No. 77.) While the new attorney was unable to explain the discovery behavior of the other attorneys, the Court further emphasized how unamused it was with the behavior of the attorneys on the case and indicated that their behavior was "a real problem in Federal Court." (ECF No. 77.)

After the hearing, the Court granted Cadence Bank's Motion for Summary Judgment.[1] (ECF No. 62.) A Final Judgment was entered for a judgment in the sum of $39,825,693.93 against the Defendants.[2] (ECF No. 76). Defendants then filed subsequent motions asking for leave to file counterclaims, and, when that was denied, a motion for a new trial. (ECF No. 65, 66, 67, 68, 69, 71, 79, 80.) In denying their motions, the Court commented on Defendants' inappropriate actions of trying to place their burden of production on Cadence Bank, the Defendants' inability to produce any evidence to support their defenses (despite every opportunity to do so) and on the actions of Defendants' counsel who were clearly disinterested in complying with their professional obligations. (ECF No. 71, 90.)

However, in light of the pending motions[3] before the Court regarding Defendants' behavior in postjudgment discovery, it appears that the saga of the Defendants' discovery abuse continues.

---

[1] In granting Cadence Bank's Motion for Summary Judgment, the Court found the issues raised by Cadence Bank within their Motion to Strike as moot. The Court references the matters raised in the Motion to Strike to highlight the Defendants' pattern of behavior.

[2] The Court notes this amount included post-judgment interest and may have, since the entry of the Final Judgment, become a larger amount due. The Court also notes that an Order was entered against the Defendants for Cadence Bank's reasonable attorney's fees as and costs, totaling $530,178.10. (ECF No. 78).

[3] On November 13, 2024, Cadence Bank filed a Motion to Compel Continued Deposition of Cole Wayne Johnson and for Sanctions. (ECF No. 96). The obstructionist behavior is evident throughout the transcript for the deposition of Cole. As such, the Court keeps this behavior in its peripheral in resolving this Motion to Compel.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 69(a)(2) provides that a judgment creditor is entitled "to obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The Fifth Circuit has held the same rules that govern the scope of pre-trial discovery apply to postjudgment discovery. *Mitchell v. Sizemore*, 536 F. App. 443, 444 (5th Cir. 2013); *see Nunez v. Rubin Gold Assocs. Inc.*, No. 3-22-cv-00433, 2024 WL 3220729, at *1 (S.D. Tex. June 28, 2024) (finding that "the usual rules governing pre-trial discovery apply with equal force to post-judgment discovery"). However, "the discovery rules are to be liberally construed." *JP Morgan Chase Bank, N.A. v. Datatreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019).

The purpose of Rule 69 was "to establish an effective and efficient means of securing the execution of judgments." *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967). Postjudgment discovery provides a mechanism for parties to "learn information relevant to the existence or transfer of the judgment debtor's assets." *British Int'l Ins. Co., LTD v. Seguros La Republica*, 200 F.R.D. 586, 589 (W.D. Tex. June 26, 2000). "The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995); *see British Int'l Ins. Co., LTD*, 200 F.R.D. at 589 ("The judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment creditor.") (internal citations omitted).

"Judgment creditors typically move for post-judgment discovery under Rule 69 when the judgment debtor has failed to properly respond to discovery requests—in which case a motion to compel under Rule 37 is the appropriate vehicle to obtain the requested discovery." *Razzaq v. TBO Distribution, LLC*, No. 4:22-CV-00589, 2023 WL 3724774, at *1 (S.D. Tex. May 28, 2023).

Rule 37(a)(3)(b) provides that a party seeking discovery may move for an order compelling production of documents against another party who fails to produce requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Under Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

On a motion to compel, "[t]he burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence." *S.E.C. v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 926587, at *2 (N.D. Tex. Apr. 7, 2008). "The party resisting discovery [then bears] the burden of showing why the requested discovery is irrelevant, overly broad, . . . unduly burdensome[, or otherwise objectionable]." *Centennial Bank v. Holmes*, No. 5:23-CV-044-H, 2024 WL 4525526, at *4 (N.D. Tex. May 29, 2024); *see Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2014 WL 884742, at *1 (N.D. Tex. Feb. 27, 2014) (where the court noted that "the party resisting discovery must ***show specifically how each request is . . . objectionable***.") (emphasis added). It is not enough for a party to generally or broadly object, rather "objections to discovery must be made with specificity, and the responding party has the ***obligation to explain and support*** its objections." *See Heller v. City of Dallas*, 303 F.R.D. 466, 483-89 (N.D. Tex. 2014) (finding that a "party resisting discovery [must] show how the requested discovery was [objectionable] by submitting affidavits or offering evidence revealing the nature of the burden [or basis for objection]") (emphasis added).

The Fifth Circuit has found general or boilerplate objections[4] invalid. *See Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011) (finding "[g]eneral

[4] Courts have identified objections as "boilerplate when it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request." *Shintech Inc. v. Olin Corp.*, No. 3:23-cv-00112, 2023 WL 6807006, at *9 (S.D. Tex. Oct. 16, 2023) (internal citations omitted).

objections . . . are meaningless and constitute a waste of time for opposing counsel and the court"); *Heller*, 303 F.R.D. at 438 (stating that "the prohibition against general or blanket objections to discovery requests has long been established") (internal citations omitted); *Tsanacas v. Amazon.com, Inc.*, No. 4:17-CV-00306, 2018 WL 324447, at *2 (E.D. Tex. Jan. 8, 2018); *see McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (finding boilerplate objections invalid to object to a request for production). "To be abundantly clear, a party may not provide a laundry list of general or boilerplate objections in response to discovery requests. Asserting these objections is tantamount to making no objection at all." *See Shintech Inc.*, 2023 WL 6807006, at *4 (striking general objections). Additionally, "general objections asserted without specific support may be waived." *Hinds v. Baker Hughes, Inc.*, MO-06-CV-134, 2007 WL 9710939, at *3 (W.D. Tex. Aug. 8, 2007).

## III. DISCUSSION

Cadence Bank's Motion to Compel does not identify individual responses to their Requests for Production ("RFP") they take issue with; rather, they take issue with the entirety of the Defendants' responses. As there are 168 total RFP responses with multiple objections at issue in each response, the Court analyzed each separately, but to compile this Order, the Court will discuss them in groups.

### A. Cole Wayne Johnson's Responses to Cadence Bank's RFP

Because the Court must analyze a total 84 responses for Cole alone, the Court groups Cole's objections by type. Within each group, the Court will begin with those objections for which no support or clarification is offered. After resolving the validity of those objections, the Court will turn to those objections for which some support or clarification is offered.

### 1. Overbroad and Unduly Burdensome Objections

Cole objects to RFP Nos. 22, 23, 24, 25, 26, 27, 28, 29, 30, 42, 46, 49, 50, 81, and 84 on the basis that the requests are overbroad and unduly burdensome.[5] "A discovery request is overbroad when it encompasses time periods, activities, or products that are not relevant to the case in which the discovery is sought." *In re Holman*, No. 12-21-00145-CV, 2021 WL 5237945, at *2 (Tex. App.—Tyler Nov. 10, 2021, orig. proceeding) (mem. op.), *mand. dismissed*, No. 12-21-00145-CV, 2021 WL 5707164, at *1 (Tex. App.—Tyler Dec. 1, 2021) (per curiam) (mem. op.). A request for production is unduly burdensome to the extent it requires a person to do more than simply produce documents already in existence. *Stewart v. Liberty Mut. Ins. Co.*, No. 23-859-SDD-RLB, 2024 WL 3446319, at *3 (M.D. La. July 16, 2024). However, the burden rests with the objecting party to "clearly state . . . how the request is overbroad, burdensome or oppressive." *MacNair v. Chubb European Grp. SE*, No. 23-761, 2024 WL 663652, at *4 (E.D. La. Feb. 16, 2024).

Here, while Cole claims that the aforementioned RFPs are overbroad and unduly burdensome, he fails to offer any explanation or specific argument to support the objection. Furthermore, there is no explanation in Defendants' Response to Plaintiffs' Motion to Compel Production of Documents by Cord Henry Johnson and Cole Wayne Johnson in Aid of Execution of Judgment ("Defendants' Response") [ECF No. 98], providing context or support for this language. While Cole fails to carry his burden of supporting his objections, the Court further interprets this language as an invalid general, boilerplate objection.[6] Therefore, the Court

[5] The precise language utilized by Cole in the aforementioned RFPs is as follows: "Defendant . . . objects on the basis that this request is over broad and unduly burdensome." (*See*, e.g., Plaintiff's Appendix in Support of Motion to Compel Production of Documents in Aid of Execution of Judgment ("Pl.'s App.") at 37.)

[6] The Court finds this is a general, boilerplate objection as it merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how Cole would be harmed if he were forced to respond to this request. *Shintech*, 2023 WL 6807006, at *9.

**OVERRULES** Cole's objections to RFP Nos. 22, 23, 24, 25, 26, 27, 28, 29, 30, 42, 46, 49, 50, 81, and 84.

### 2. Irrelevancy Objections

Cole objects to RFP Nos. 14, 16, 17, 18, 19, 20, 21, 51, 52, 53, 54, 67, 70, and 77 on the basis that the requests seek irrelevant information that is not pertinent or directly related to the issues in this matter. As stated above, the scope of postjudgment discovery is ***very broad*** to allow judgment creditors the freedom to ascertain a debtor's assets. *FDIC,* 43 F.3d at 172. Simply asserting "[t]hat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence." *Heller*, 303 F.R.D. at 489; *see In re Holman*, 2021 WL 5237945, at *2 (finding that "relevance" in the context of postjudgment includes anything reasonably calculated to lead to the discovery of any information that would aid in the enforcement of the judgment).

#### a. Objections with no offered support or clarification

For RFP Nos. 18, 19, 20, 21, 51, 52, 53, 54, 67, 70, and 77, Cole does not to provide any support for or clarification of his irrelevancy objection.[7] Further, Cole fails to offer any support or clarification in Defendants' Response. Consequently, Cole has failed to carry his burden of supporting his irrelevancy objections in the aforementioned RFPs. In light of the lack of support or specificity for the objections, the Court interprets this language as invalid general, boilerplate objections. Therefore, the Court **OVERRULES** Cole's irrelevancy objections in RFP Nos. 18, 19, 20, 21, 51, 52, 53, 54, 67, 70, and 77.

---

[7] The precise language utilized by Cole in the aforementioned RFPs is as follows: "Defendant objects to this request on the basis that it seeks irrelevant information that is not pertinent or directly related to the issues in this matter." (*See*, e.g., Pl.'s App. at 35-36.)

b. Objections with some offered support or clarification

For RFP Nos. 14, 16, and 17, Cole offers some explanation beyond a general, boilerplate objection. Those RFPs and responses are as follows:

> **Request for Production No. 14:** Any and all documents evidencing any ownership interest which you, your spouse, or any member of your family now residing with you may have in any business, sole proprietorship, partnership, joint venture, or other non-corporate company or business.
>
> > **Response to RFP No. 14:** Defendant objects to this document request on the basis that it seeks irrelevant documents of "family now residing with you" are not pertinent or directly related to the issues in this matter and the documentation is immaterial to the relevant issues.
>
> **Request for Production No. 16:** Any and all documents evidencing or reflecting the lease of any real property by you, including but not limited to any office, house, apartment, duplex, or condominium.
>
> > **Response to RFP No. 16:** Defendant objects to this request on the basis that it seeks irrelevant information as any leased real property by the Defendant is not pertinent or directly related to the issues in this matter.
>
> **Request for Production No. 17:** Any and all documents evidencing or reflecting lease or usage of any storage facility.
>
> > **Response to FRP No. 17:** Defendant objections to this request on the basis that it seeks irrelevant information as any leased real property by the Defendant is not pertinent or directly related to the issues in this matter.

(Pl.'s App. at 34-35.)

As it relates to RFP No. 14, Cole fails to provide any support for or clarification of why documents of "family now residing with" him which evidence an ownership interest are irrelevant. Further, Cole does not support or clarify his objection in Defendants' Response. Thus, Cole fails to carry his burden of supporting his irrelevancy objection. Furthermore, the Court notes that such documents may be relevant in the context of postjudgment discovery because the scope is very broad and such documents may lead to information about Cole's possible assets. As such, the Court **OVERRULES** Cole's irrelevancy objection to RFP No. 14.

As it relates to RFP Nos. 16 and 17, Cole fails to provide any support for or clarification of why information about any leased real property by Cole is irrelevant. As this information is sought in postjudgment discovery and is intended to ascertain Cole's assets, the Court finds it difficult to conceive how such information would be irrelevant. In fact, the Court finds such information relevant as it could lead to information about Cole's assets, including, but not limited to, any interests in leased real property or assets being used to pay such leases. Therefore, the Court **OVERRULES** Cole's irrelevancy objections to RFP Nos. 16 and 17.

**3. <u>Duplicative and Burdensome Objections</u>**

Cole also objects to RFP Nos. 8, 10, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 32, 46, 49, 50, 56, 57, 59, 61, 62, 64, 65, 66, 68, 69, 70, 71, 72, 73, 75, 76, 78, 79, 81, and 82 on the basis that they are duplicative and burdensome to the extent that they call for documents previously requested or documents already produced.[8]

"Although the court must limit the extent of discovery if the court determines that the discovery sought is ***unreasonably*** cumulative or duplicative . . . discovery requests often overlap in order to capture all relevant documents or information." *Eubank v. Lockhart Indep. School Dist.*, A-15-CV-1019-RP-ML, 2016 WL 11214437, at *2 (W.D. Tex. Nov. 8, 2016) (emphasis added). Objections to discovery requests will be overruled where a responding party fails to demonstrate how such requests are cumulative or duplicative. *See Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, No. 3:03-CV-2392-G, 2005 WL 8158023, at *2 (N.D. Tex. July 25, 2005) (overruling Plaintiff's objections to Defendant's Requests for Production on grounds that such requests were

---

[8] The Court notes that Cadence Bank, in their Motion to Compel, alleges that Cole, as of the date of the motion, has turned over 75 pages of records related to an entity rather than Cole personally, as well as copies of the Defendants' driver's licenses which had their current addresses inexplicably redacted. (*See* Motion to Compel at 3.) Defendants' Response fails to refute this allegation or provide additional evidence that additional responsive documents have been produced to Cadence Bank.

cumulative or duplicative, where the Plaintiff failed to demonstrate how the requests were cumulative or duplicative). Further, a party resisting discovery cannot satisfy their burden of demonstrating a request is cumulative or duplicative "without specifically referring to documents already produced or describing the relevant search already performed." *Id.* at *4-5 (citing *Alexander v. F.B.I.*, 194 F.R.D. 299, 302 (D.D.C. 2000)).

An RFP is unduly burdensome to the extent it requires a person to do more than simply produce documents already in existence. *Stewart v. Liberty Mut. Ins. Co.*, No. 23-859-SDD-RLB, 2024 WL 3446319, at 3* (M.D. La. July 16, 2024). Generally, the nonmovant must "submit an affidavit or other evidence describing how the requested discovery is unduly burdensome." *Baylor Univ. Med. Ctr.*, 2005 WL 8158023, at *5. As set forth in a case cited by Cole in Defendants' Response, the nonmovant has the burden to demonstrate that the discovery request is unduly burdensome and to satisfy this burden "must provide sufficient detail regarding the time, money, and procedures required to produce the requested documents." *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 301 (S.D. Ca. Mar. 18, 2015). (*See* Defendants' Response at 6.)

a. <u>Objections with no offered support or clarification</u>

Cole objects to RFP Nos. 22, 23, 24, 25, 26, 27, 28, 49, 50, 56, 59, 62, 64, 69, 70, and 76 on the basis that the requests are duplicative and burdensome to the extent they call for documents requested in previous RFPs. As it relates to these RFPs, Cole offers no further support for or clarification of his objections in his responses or Defendants' Response. While contained within a specific response to one of Cadence Bank's RFPs, the lack of specificity or explanation as to why these requests are duplicative or burdensome tends to indicate that Cole intended these objections to serve as general, boilerplate objections, which are invalid. If Cole felt each request was in fact duplicative or burdensome, it was his burden to specifically cite to documents turned

over or additional RFPs in which the exact document or information has been produced. While some requests may overlap, this is permissible as the scope of postjudgment discovery is very broad and is intended to allow insight into all the assets owned by the judgment debtor. Furthermore, considering Cadence Bank's stance that no documents have been turned over that relate to Cole personally, the Court is not swayed by Cole's argument, or, in this case, lack thereof. Therefore, the Court **OVERRULES** Cole's objections to RFP Nos. 22, 23, 24, 25, 26, 27, 28, 49, 50, 56, 59, 62, 64, 69, 70, and 76.

b. Objections with some offered support or clarification

Cole objects to RFP Nos. 8, 10, 13, 14, 15, 16, 18, 19, 20, 21, 32, 46, 57, 61, 65, 66, 68, 71, 72, 73, 75, 78, 79, 81, and 82 on the basis that the requests are duplicative and burdensome to the extent they call for documents already produced in specifically identified RFPs. In this case, while the Court agrees with Cole that some of these requests overlap, such a practice, as explained above, is permissible. Cole is not required to continuously produce the same documents that may be responsive to more than one request; however, he must specifically identify those documents which are responsive and turn the documents over. Cole fails to specifically identify any documents that have already been turned over which are duplicative. Additionally, Cole bears the burden of showing how a request is burdensome. Here, Cole fails to set forth any argument or evidence which would allow a court to determine whether responding to a request would be burdensome. Thus, Cole fails to support his objections. Furthermore, based on the record, as it appears that Cole has not provided the very documents he claims "have already been produced," the Court **ORDERS** Cole to turnover responsive documents for the aforementioned RFPs. Therefore, the Court **OVERRULES** Cole's objections to RFP Nos. 8, 10, 13, 14, 15, 16, 18, 19, 20, 21, 32, 46, 57, 61, 65, 66, 68, 71, 72, 73, 75, 78, 79, 81, and 82.

**4. <u>Exempt Property Objections</u>**

Cole also objects to RFP Nos. 6, 8, 12, 22, 23, 24, 31, 33, 34, 35, 36, 37, 42, 43, 44, 46, 47, 48, 50, 55, 56, 57, 64, 65, 66, 68, 70, 71, 72, 74, 75, 76, 78, 79, 80, 81, and 82 on the basis that the requests seek information pertaining to exempt personal and real property[9] as outlined in Texas Property Code § 42.002.[10] The Texas turnover statute is intended to "assist a judgment creditor in reaching certain property of a judgment debtor to obtain satisfaction of a judgment." *Gutman v. De Giulio*, No. 05-20-00735-CV, 2022 WL 574968, at *5 (Tex. App.—Dallas Feb. 25, 2022, no pet.) (mem. op.). Cole is correct in noting that the statute limits the reach of judgment creditors to property that "is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) (2023). However, it appears that

---

[9] The precise language utilized by Cole in the aforementioned RFPs is as follows: "Defendant objects to this request on the grounds that it seeks information pertaining to exempt personal and real property as outlined in Texas Property Code § 42.002." (*See*, e.g., Pl.'s App. at 40-41.)

[10] The Court notes that the turnover statute cited by Cole exempts certain types of personal property, including, but not limited to, home furnishings, wearing apparel, jewelry, etc. *See* Tex. Prop. Code § 42.002. However, the Court wants to highlight that Cole's objections include certain documents or information related to real property, which is not discussed under this section, as falling under this portion of the statute. *See* Cole's Responses to RFP Nos. 12, 57, 71, 72, and 75. The statute relied on by Cole states, in relevant part, that:

(a) The following personal property is exempt under Section 42.001(a):
- (1) home furnishings, including family heirlooms;
- (2) provisions for consumption;
- (3) farming or ranching vehicles and implements;
- (4) tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession;
- (5) wearing apparel;
- (6) jewelry not to exceed 25 percent of the aggregate limitations prescribed by Section 42.001(a);
- (7) two firearms;
- (8) athletic and sporting equipment, including bicycles;
- (9) a two-wheeled, three-wheeled, or four-wheeled motor vehicle for each member of a family or single adult who holds a driver's license or who does not hold a driver's license but who relies on another person to operate the vehicle for the benefit of the nonlicensed person;
- (10) the following animals and forage on hand for their consumption:
  - (A) two horses, mules, or donkeys and a saddle, blanket, and bridle for each;
  - (B) 12 head of cattle;
  - (C) 60 head of other types of livestock; and
  - (D) 120 fowl; and
- (11) household pets.

Tex. Prop. Code. § 42.002.

Cole is attempting to utilize this statute as a shield to avoid disclosing his assets under the guise of them being "exempt."

Property "only becomes exempt after being disclosed and subjected to the scrutiny of . . . creditors and the court. [Further,] the debtor cannot be the sole arbiter of the value of his property or its exempt status." *In re Dupre*, No. 02-10010, 02-1022, 2002 WL 32817301, at *3 (Bankr. M.D. La. Nov. 15, 2002); *see Resol. Trust Corp. v. Texas Moline, Ltd.*, 96 F. Supp. 2d 644, 646 (S.D. Tex. Jan. 21, 2000) (finding that "the mere statement that the property is exempt is but a conclusion of law and unavailing") (internal citations omitted). Additionally, the Fifth Circuit has held:

> Under the Texas turnover statute, while there are no specific standards for pleadings and proof in claiming property to be exempt from levy or execution, a debtor must in most cases allege or make known tangible facts necessary to show that a particular asset falls within a statutorily exempt classification.

*Resol. Trust Corp.*, 96 F. Supp. 2d at 646 (holding the judgment debtor claiming an exemption has the burden of proving the fees and wages at issue, were exempt) (citing *Santibanez v. Weir McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997) (where the court found that "a debtor, although not bound by technical pleading requirements, must allege or make known tangible facts necessary to show that a particular asset falls within a statutorily exempt classification")); *see Lozano v. Lozano*, 975 S.W.2d 63, 67 (Tex. App.—Houston Apr. 23, 1998, pet. denied) (finding a party claiming an exemption has the burden to prove he is entitled to it).

Here, Cole sets forth no argument nor tangible facts in his objections which would tend to show that the property falls within a statutorily exempt classification. Furthermore, Cole fails to support or clarify his objections in Defendants' Response, beyond simply reciting the very statute he hides behind. Here, disclosure is necessary as Cole alleges certain types of property are exempt, yet the property is not included in the enumerated list in Tex. Prop. Code § 42.002. To illustrate,

the following RFPs were objected to as seeking "exempt . . . property as outlined in" the Texas turnover statute, yet the content in these RFPs does not fall within any of the enumerated exempt categories.

> **Request for Production No. 12:** Any and all sales agreements and/or options for any real estate owned by you and those held by your name or in your name jointly with any other person or in your name in trust.
>
> **Request for Production No. 48:** Any and all documents evidencing ownership, interest in, or title, which you or your spouse may now have, to any personal property now pledged to secure a debt.
>
> **Request for Production No. 56:** Any and all documents evidencing any conveyance, transfer, gift, or other disposition of property by either you or your spouse with any reservation of rights, benefits, or options for the reacquisition of the property at some future dates.
>
> **Request for Production No. 70:** Any and all documents and/or records pertaining to, or being evidence of, any of your credit card debt, including but not limited to all card issuers and monthly statements since January 1, 2021.
>
> **Request for Production No. 79:** Any and all documents and/or records pertaining to gifts of any kind made by you or your spouse to any person, firm, trust, corporation, or other entity since January 1, 2021.

(*See* Pl.'s App. at 33, 45, 47, 52, 55.)

To determine whether Cole's property falls within an exempt classification he must disclose it. Therefore, the Court **OVERRULES** Cole's "exempt property" objections to RFP Nos. 6, 8, 12, 22, 23, 24, 31, 33, 34, 35, 36, 37, 42, 43, 44, 46, 47, 48, 50, 55, 56, 57, 64, 65, 66, 68, 70, 71, 72, 74, 75, 76, 78, 79, 80, 81, and 82.

### 5. Privacy Rights Objections

In addition, Cole objects to RFP Nos. 11, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 35, 46, 48, 49, 50, 51, 52, 53, 54, 56, 62, 64, 69, 77, 79, and 80 on the basis that the requests

seek information protected by privacy rights.[11] Rule 26(b)(5)(A) governs a parties conduct for withholding information based on privilege. The rule states:

> When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must:
>
> (i) Expressly make the claim; and
>
> (ii) Describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). A party seeking to limit discovery by asserting a privilege has the burden of producing evidence to support their assertions, which "includes the burden to produce evidence concerning the applicability of the privilege." *In re H.E.B. Grocery Co., L.P.*, No. 13-14-00023-CV, 2014 WL 700749, at *6 (Tex. App.—Corpus Christi - Edinburg Feb. 18, 2014, no pet.) (mem. op.). "This rule [equally] applies when a party asserts privacy rights as a ground for limiting discovery." *Id.* Generally, "when a discovery objection is premised on an invasion of privacy, the Court's role is to balance the person's legitimate claims of privacy against the need of the deponent for the discovery." *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101 at *7 (N.D. Tex. Nov. 29, 2012) (internal citations omitted). However, before a court can balance these interests, "a party asserting that privacy rights protect information from disclosure must present evidence showing 'a particular, articulated and demonstrable injury.'" *In re H.E.B. Grocery Co., L.P.*, 2014 WL 700749, at *7 (quoting *Garcia v. Peeples*, 734 S.W.2d 343, 354 (Tex. 1987)); *see Jones*, 2012 WL 6928101, at *7 (finding no invasion of privacy where the disclosure of names and contact information could result in the undesired revelation of an individual's connection to the adult entertainment business).

---

[11] The precise language utilized by Cole in the aforementioned RFPs is as follows: "Defendant . . . objects to this request as it seeks information protected by privacy rights." (*See*, e.g., Pl.'s App. at 36-39.)

Here, the Court cannot determine whether Cole has a legitimate privacy interest at stake[12] as he provides no support, argument, or even evidence for his stance beyond the use of the words "privacy rights." No justification is supplied in Defendants' Response beyond recognizing that privacy rights are recognized in federal courts and that the Court shoulf balance the competing interests. Yet, how is the Court to balance the competing interests of the parties when Cole fails to provide even a bare bones argument upon which his privacy rights objections could stand. The Court notes that the need for the information sought by Cadence Bank is apparent, as the requests are sufficiently aimed at ascertaining Cole's assets. Balancing this interest against Cole's bare assertion that the information is protected by privacy rights, the Court finds that Cadence Bank's interest outweighs Cole's claimed privacy rights. Therefore, the Court **OVERRULES** Cole's "privacy rights" objections to RFP Nos. 11, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 35, 46, 48, 49, 50, 51, 52, 53, 54, 56, 62, 64, 69, 77, 79, and 80.

**6. <u>Vague and Ambiguous Objections</u>**

Cole objects to RFP Nos. 10, 13, 31, 33, 38, 39, 40, 42, 45, 55, 56, 59, 60, 62, and 74 on the basis that the requests are vague and ambiguous to the extent that they rely on undefined terms. Each RFP response objects to a different, undefined term.[13] A party objecting to a discovery request as vague or ambiguous has the burden to "explain the specific and particular way in which

---

[12] The Supreme Court has found, under the United States Constitution, that individuals have a right to privacy or a guarantee of certain zones or spheres of privacy. *Griswold v. Connecticut*, 381 U.S. 479, 484, 85 S. Ct. 1678, 1681 (1965). Some privacy interests that receive constitutional protection include interests in marital relationships, procreation, contraception, family relationships, child rearing and education, and even in an individual's medical records. *Kessell v. Bridewell*, 872 S.W.2d 837, 841 (Tex. App.—Waco Mar. 23, 1994, pet. denied). While these are just some recognized privacy interests, the Court notes that Cole fails to allege that his "privacy rights" are among any of the privacy interests recognized by any court.

[13] The undefined terms and their corresponding RFP No. objected to by Cole are as follows: RFP No. 10—"income"; RFP No. 13—"instruments"; RFP No. 32—"vehicle"; RFP No. 33—"musical instrument"; RFP No. 38—"precious metals"; RFP No. 39—"gemstones"; RFP No. 40—"collection" and "memorabilia"; RFP No. 42—"animal"; RFP No. 45—"aircraft"; RFP No. 55—"debt"; RFP No. 56—"conveyance, transfer, gift or other disposition of property"; RFP No. 59—"agreement"; RFP No. 60—"judgement"; RFP No. 62—"governmental office"; and RFP No. 74—"records."

a request is vague." *Heller*, 303 F.R.D. at 491; *see Panini America, Inc. v. Wild Card, Inc.*, No. 4:22-mc-205, 2023 WL 1073692, at *6 (E.D. Tex. Jan. 27, 2023) (where the court overruled the Defendants' vague objections where "each request specifically laid out the subject matter of the documents of communications that [Plaintiff sought]."). A "responding party should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [discovery requests]." *Heller*, 303 F.R.D. at 491 (internal citations omitted). "A term in a discovery request is impermissibly vague only where it is 'incapable of reasonable interpretation' and prohibits a party's response." *Kunze v. Scott*, No. 3:20-CV-02376-N, 2021 WL 4907064, at *2 (N.D. Tex. Oct. 21, 2021) (quoting *Heller*, 303 F.R.D. at 492). Nonetheless, before objecting to a request as vague, a responding party should first attempt to obtain clarification. *Heller*, 303 F.R.D. at 492.

Here, Cole fails to explain how the objected to specific terms make Cadence Bank's RFPs vague or ambiguous. If one were to attribute ordinary definitions to the terms Cole takes issue with, the Court finds it difficult to see how such terms and requests are so impermissibly vague that they would be incapable of a reasonable interpretation. Like the discovery requests in *Panini America, Inc.*, Cadence Bank's RFPs specifically lay out the subject matter of the documents or information that Cadence Bank is seeking, which is sufficient. Furthermore, it is apparent from the record that Cole did not attempt to obtain clarification regarding the undefined terms before objecting to the requests as vague and ambiguous. Therefore, the Court **OVERRULES** Cole's "vague and ambiguous" objections to RFP Nos. 10, 13, 31, 33, 38, 39, 40, 42, 45, 55, 56, 59, 60, 62, and 74.

**7. <u>"Seemingly Endless" Objections</u>**

Cole also objects to RFP Nos. 1,[14] 2,[15] 6,[16] 26,[17] 41,[18] 58,[19] 59,[20] 60,[21] and 63,[22] as overly broad requests claiming there are a seemingly endless number of documents that could be characterized as "evidencing" or "reflecting" the requested materials, many of which would not be relevant and would, therefore, be outside the scope of discovery. Generally, "a request may be deemed overly broad on its face when it uses the term 'regarding,' 'relating to,' ['evidencing,'] or 'pertaining to' with respect to a broad category of documents." *Stoneeagle Servs., Inc. v. Gillman*, No. 3-11-cv-2408-P, 2013 WL 12124329, at *4 (N.D. Tex. Dec. 23, 2013) (quoting *Aikens v. Deluxe Financial Servs. Inc.*, 217 F.R.D. 533, 535 (D. Kan. 2003)). However, where "such a phrase modifies a sufficiently specific type of information, documents, or event, rather than large

---

[14] Request for Production No. 1: Any and all documents evidencing your mailing address and residential address.

[15] Request for Production No. 2: Any and all documents evidencing any assumed name certificate or partnership certificate filed by you or your spouse.

[16] Request for Production No. 6: Any and all documents and/or records indicating, evidencing or reflecting any and all income received by you from any and all sources since January 1, 2021, including but not limited to cash, ACH payments, direct deposit, checks, wire transfers, and money orders.

[17] Request for Production No. 26: Any and all documents reflecting any depository (including but not limited to safes, vaults, and safe deposit boxes) to which you and your spouse or any family member now residing with you has access.

[18] Request for Production No. 41: Any and all documents reflecting any ownership, interest in, or title, which you or your spouse now have, in any manufactured home, mobile home, trailer house, recreational vehicle, camper trailer, or other item of a similar nature.

[19] Request for Production No. 58: Any and all documents evidencing any casualty loss from fire, wind, theft, or otherwise suffered by you or your spouse since January 1, 2021.

[20] Request for Production No. 59: Any and all documents evidencing any agreement in which you or your spouse granted or received an option to buy an asset.

[21] Request for Production No. 60: Any and all documents evidencing any judgment against you or your spouse that remain unpaid.

[22] Request for Production No. 63: Any and all documents reflecting any inventory of your property or your spouse's property either personal or business, taken at any time since January 1, 2021.

or general categories of information or documents, the request will not be deemed objectionable on its face." *See Id.* (internal citations omitted) (where the court overruled Defendant's overbroad objections where the term "regarding" did not modify a large number or general category of things, since the discovery requests sought documents related to identified categories of information.). If a discovery request is found to be overly broad and not limited in scope, the court may properly limit the contested discovery to a temporal scope, based on a relevant period of time or location. *Mitchell v. Diamond Plastics Corp.*, No. 18-919-BAJ-RLB, 2020 WL 3104907, at *2 (M.D. La. June 11, 2020).

In this case, the information or documents sought in RFP Nos. 6, 58, and 63 are limited to an appropriate temporal scope. Furthermore, while Cole provides no support for his objections, the Court finds each request to be seeking specific information. Therefore, the Court **OVERRULES** Cole's "over broad" objections to RFP Nos. 6, 58, and 63.

While RFP Nos. 1, 2, 26, 41, 59, and 60 contain no specific temporal limit, the Court fails to see how the requests are overly broad. Furthermore, it is Cole's burden to provide support for his objections, which he fails to do in his responses or in Defendants' Response. While the Court may limit the scope of a discovery request, the Court finds it unnecessary here as they are not overly broad but are limited to a specific subject matter. Therefore, the Court **OVERRULES** Cole's "over broad" objections to RFP Nos. 1, 2, 26, 41, 59, and 60.

**8. <u>No Responsive Documents Objections</u>**

In addition, Cole objects to RFP Nos. 7, 13, 14, 15, 16, 59, and 74 on the basis that he has no responsive documents in his possession, custody, or control, other than those that have already

been produced.[23] In his General Objections, Cole sets forth what amounts to Cole's possession, custody, or control of documents.[24] The phrase "possession, custody, or control" as used in Rule 34, includes more than a party's actual or physical possession of documents; rather, it encompasses a party's constructive possession of documents and "contemplates a party's legal right or practical ability to obtain the [documents] from a nonparty to the action." *Harper v. City of Dallas, Texas*, No. 3:14-cv-2647-M, 2017 WL 3674830, at *17 (N.D. Tex. Aug. 25, 2017) (internal citations omitted); *In re Topletz*, No. 05-19-00327-CV, 2019 WL 4302254, at *4 (Tex. App.—Dallas Sept. 11, 2019, no pet.) (mem. op.). Therefore, "a party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive, possession, custody or control." *MacNair*, 2024 WL 663652, at *4.

Here, beginning with his "general objection," Cole attempts to carve out documents that he may have constructive possession of. However, as discussed above, Rule 34 has been interpreted to include a party's constructive possession, control, or custody of documents. Therefore, the Court **OVERRULES** Cole's general objection which attempts to disclaim any constructive possession, control, or custody of documents or information that are responsive to Cadence Bank's RFPs.

Interpreting "possession, control, or custody" to include constructive possession, control, or custody mandates that Cole must supplement his answers to indicate responsive documents that

---

[23] The Court notes that Cadence Bank alleges that the only documents that have been produced relate to an entity and not the Defendants' personally. Additionally, Defendants' fail to refute this allegation or provide any evidence to show that documents responsive to Cadence Bank's RFPs have actually been produced.

[24] Cole's General Objections provides, in relevant part, that "Defendant will produce responsive documents only to the extent that such documents are in his possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Defendant's possession, custody, or control does not include any constructive possession that may be conferred by Defendant's right or power to compel the production of documents or information from third parties." (*See* Pl.'s App. at 29.)

he may have constructive possession, control, or custody. This further includes a right to compel or obtain the documents from a nonparty to this action. As such, the Court **ORDERS** Cole supplement his responses as set forth at the end of this Order.

As it relates specifically to RFP Nos. 7, 13, 14, 15, 16, 59, and 74, Cole is not required to produce the same documents that have already been produced in other RFPs. However, before Cole can utilize this argument, he must identify the documents that have already been turned over, which are responsive to these requests. If Cole has no documents or information in his possession, custody, or control, to include constructive possession, then he must explicitly respond as such. As such, the Court **ORDERS** Cole to supplement his responses as set forth at the end of this Order.

**9. <u>Additional Miscellaneous Objections</u>**

The Court now looks at the remaining specific responses to Cadence Bank's RFPs that do not fall within any of the previous categories.

> **Request for Production No. 7:** Any and all documents and/or records indicating, evidencing or reflecting any and all payments that you have received since January 1, 2021.
>
> > **Response to RFP No. 7:** Defendant objects to this request on the grounds that it is overly broad in scope, vague, and ambiguous to the extent that it calls for documents requested in RFP No. 6 above or documents already produced to Plaintiffs.

As stated above, the burden rests with the party resisting discovery to specifically show how the requested discovery is objectionable. *Centennial Bank*, 2024 WL 4525526, at *4. In this case, Cole fails to provide support for or clarification of his objection either in his response or in Defendants' Response. While the Court notes Cole's argument in Defendants' Response that Cadence Bank's requests are duplicative, the Court finds that these requests are specifically targeted at getting an overall idea about Cole's assets. Furthermore, as explained above, some requests may overlap with each other but, to this end, a party resisting discovery must explicitly

set forth what documents have already been turned over that are responsive to both requests. *Eubank*, 2016 WL 11214437, at *2. Therefore, the Court **OVERRULES** Cole's objection to RFP No. 7.

> **Request for Production No. 63:** Any and all documents reflecting any inventory of your property or your spouse's property either personal or business, taken at any time since January 1, 2021.
>
> > **Response to RFP No. 63:** Defendant objects to this request on the grounds that it is over broad in scope, vague, and ambiguous because there are a seemingly endless number of documents that could be characterized as "inventory" the requested materials, many of which would not be relevant and would, therefore, be outside the scope of discovery.

A party objecting to a discovery request as vague or ambiguous has the burden to "explain the specific and particular way in which a request is vague." *Heller*, 303 F.R.D. at 491. Furthermore, the court may limit the scope of discovery request if it is found that such a request is overly broad. *Mitchell*, 2020 WL 3104907, at *2. In this case, Cole fails to specifically support or explain how the request is vague, overly broad, or ambiguous. Further, the Court finds it unnecessary to limit the scope of this discovery request as the request itself contains a temporal limit. Additionally, although Cadence Bank has not defined "inventory," the use of an ordinary, common-sense definition of the word could have been utilized to resolve any ambiguity. Therefore, the Court **OVERRULES** Cole's objection to RFP No. 63.

> **Request for Production No. 69:** Any and all records pertaining to, or being evidence of, any of your current outstanding indebtedness, including any suits now pending or previously pending in any court whatsoever and all cases resolved without litigation or presently being negotiated.
>
> > **Response to RFP No. 69:** Defendant further objects to this request to the extent that it seeks confidential and/or privileged information.

A party seeking to limit discovery by asserting a privilege has the burden of producing evidence to support their assertions, which "includes the burden to produce evidence concerning

the applicability of the privilege." *In re H.E.B. Grocery Co., L.P.*, 2014 WL 700749, at *6; *see Oyo Hotels Inc. v. Om Chamunda LLC*, No 3:20-CV-3433-N, 2023 WL 3491742, at *2 (N.D. Tex. May 16, 2023) (finding general allegations of privilege by parties are insufficient to establish that such documents are privileged). Additionally, that the mere status of information as confidential does not entitle a party to withhold it from discovery. *Wolt v. Embankscape Equip., LLC*, No. 4:22-cv-2503, 2024 WL 1096563, at *2 (S.D. Tex. Mar. 13, 2024). A party withholding information or documents asserting a claim of privilege must provide the requesting party a privilege log containing descriptions of each document and its contents in a manner "sufficient to permit courts and other parties to test the merits of the privilege claim." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (internal citations omitted).

Here, Cole fails to provide support for or clarification of his "privileged" objection either in his response to the RFP or Defendants' Response. Furthermore, there is no indication in the record that Cole has provided a privilege log to Cadence Bank so that they may ascertain the validity of his claim of privilege. Rather, the record highlights Cole's bare general allegation that the information or documents sought in RFP No. 69 relates to confidential or privileged information, which is insufficient. Thus, Cole fails to satisfy his burden of providing evidence to establish his claim of privilege. Therefore, the Court **OVERRULES** Cole's "confidential and/or privileged" objection to RFP No. 69.

> **Request for Production No. 84**: Any and all documents pertaining to any oil, gas, or mineral interests owned by you or your spouse, now or any time, since January 1, 2021.
>
> > **Response to RFP No. 84:** Defendant objects to this request on the grounds that it is over broad in scope, vague, and ambiguous because there are a seemingly endless number of documents that could be characterized as "pertaining to" the requested materials, many of which would not be relevant and would, therefore, be outside the scope of discovery.

As explained above, the burden rests with the party resisting discovery to explicitly support their objections. The use of the words "pertaining to" does not make a request objectionable as being overly broad where the request refers to a specific type of document or information. *Stoneeagle Servs., Inc*, 2013 WL 12124329, at *4. In this case, Cole fails to provide support for or clarification of his objections in either his response or Defendants' Response. Additionally, the Court finds it unnecessary to limit the scope of this discovery request as it contains a relevant temporal limit. Therefore, the Court **OVERRULES** Cole's objection to RFP No. 84.

**10. <u>"Subject to" Objections</u>**

Cole also objects to RFP Nos. 1, 2, 3, 13, 14, 15, 16, 41, 45, 58, 59, 60, 61, 63, 74, and 84 using "subject to" language. Before the Court groups Cole's objections accordingly, it seems apparent that a refresher on how the Fifth Circuit views "subject to" or "without waiving" objections is necessary. The use of "subject to" or "without waiving" language is improper in federal courts, as such "objections are misleading, worthless and without legitimate purpose or effect." *Shintech Inc.*, 2023 WL 6807006, at *5 (internal citations omitted); *see Heller*, 303 F.R.D. at 487 (noting that the practice of using these objections leaves a requesting party uncertain about whether a request has been fully answered or if only a portion of the request has been answered). The Fifth Circuit has further found that "responding to a document request or interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law." *Id.*; *see MacNair*, 2024 WL 663652, at *11 (finding it "improper for parties responding to discovery to provide responses with the caveat that they are given 'subject to and without waiving' objections."). "If the request is truly objectionable—that is, the information or documents sought are not properly discoverable under the Federal Rules—the responding party should stand on an objection so far as it goes, instead of answering 'subject to.'" *Centennial Bank*,

2024 WL 4525526, at *7 (quoting *Heller*, 303 F.R.D. at 487). "To be clear, litigants ***should never use*** 'subject to' or 'without waiver' language in response to a written discovery request." *Shintech Inc.*, 2023 WL 6807006, at *5 (emphasis added). To respond to discovery requests in such manner "preserves nothing and serves only to waste the time and resources of both the Parties and the Court." *Heller*, 303 F.R.D. at 488 (internal citations omitted); *see Holcombe v. Advanced Integration Tech.*, No. 4:17-CV-00522, 2018 WL 3819974, at *3 (E.D. Tex. Aug. 10, 2018) (finding the responding party waived each objection by including "without waiving" language in its responses).

a. Objections that are contradicting and misleading

Cole asserts "subject to" objections in RFP Nos. 13, 14, 15, and 16 using the following language:

> **Subject to the above objections, Defendant has no responsive documents in his possession, custody, or control, other than those that have already been produced.**
>
> **Subject to, and without waving the foregoing objection(s), Defendant responds as follows: Discoverable documents responsive to this request are being produced herewith.**

These responses highlight the exact practice that *Heller* condemned. They leave Cadence Bank uncertain about whether Cole has responsive documents or not, and if so, what those documents are. The use of this language within the same response is misleading and contradicting. Furthermore, Cole's use of these objections preserves nothing. If Cole believed the requests to be truly objectionable, he should have asserted and stood on those objections without using the "subject to" language. As these "subject to" objections have no place in the Federal Rules, existing law, and certainly no place in this Court, the Court **OVERRULES** Cole's "subject to" objections in RFP Nos. 13, 14, 15, and 16.

b. Objections where documents are being produced

Cole asserts "subject to" objections in RFP Nos. 1, 2, 3, 60, and 61 using the following language:

> **Subject to, and without waiving the foregoing objection(s), Defendant responds as follows: Discoverable documents responsive to this request are being produced herewith.**

As the use of this language is improper for the reasons stated above, the Court **STRIKES** the language from Cole's responses to the aforementioned RFPs. While Cole responded that responsive documents are being produced, Cadence Bank asserts that no responsive documents have been provided related to Cole personally. (*See* Motion to Compel at 3.) Additionally, as it relates to RFP No. 3, which simply asks for "photostatic copies of [Cole's] driver's license," Cole provided a copy of this document to Cadence Bank with his current address inexplicably redacted.[25] This behavior, much like the use of "subject to" or "without waiving" objections, is improper and does nothing but waste the time and resources of Cadence Bank and the Court. Therefore, the Court **OVERRULES** Cole's "subject to" objections to RFP Nos. 1, 2, 3, 60, and 61.

c. Objections where documents don't exist

Cole asserts "subject to" objections in RFP Nos. 41, 45, 58, 63, and 84 using the following language:

> **Subject to, and without waiving the foregoing objection(s), Defendant responds as follows: No such documents exist.**

As stated above, the practice of asserting "subject to" or "without waiving" objections in a party's responses to discovery request is improper. In this case, it is misleading to assert objections

[25] The Court notes that the current address of Cord Johnson was also inexplicably redacted from the copy provided to Cadence Bank. The Court is not amused by Defendants' actions. Rather, the Court views the Defendants', and by extension their attorneys', actions as obstructionist and offensive to the legal process.

to the aforementioned RFPs if Cole believes no responsive documents exist. Cole should have simply answered the aforementioned RFPs with "no responsive documents exist," rather than wasting the resources and time of Cadence Bank and this Court. As the use of "subject to" or "without waiving" objections reserve nothing for the responding party, the Court **OVERRULES** Cole's "subject to" objections to RFP Nos. 41, 45, 58, 63, and 84.

d. Objections where Defendant has no documents in his "possession"

Cole asserts "subject to" objections in RFP Nos. 59 and 74 using the following language:

> **Subject to, and without waiving the foregoing objection(s), Defendant responds as follows: Defendant has no responsive documents in his possession, custody, or control, other than those that have already been produced.**

As set forth above, the use of "subject to, and without waving" objections by Cole is improper. Additionally, a party who responds using this language waives his or her objections. Here, Cole's use of the language results in his waiver of his objections. If Cole felt the requests were truly objectionable, then he should have stood on his responses without needing to add the "subject to" or "without waiving" language. Therefore, the Court **OVERRULES** Cole's objections to RFP Nos. 59 and 74.

**11. General Objections**

Cole also attaches a list of "general objections" to his responses to Cadence Bank's RFPs. (*See* Pl.'s App. at 29.) "A general objection untethered to specific requests is improper." *See MacNair*, 2024 WL 663652, at 11 (finding "[w]here a general objection is connected to both the facts of the case and specific discovery requests, they are proper; when they are disconnected from either the facts or the discovery requests, they are not proper."). In this case, the "general objections" Cole asserts are not tethered to a specific request. Furthermore, Cole fails to provide

support for his general objections or even clarify which requests the general objections apply to. Therefore, the Court **OVERRULES** Cole's "general objections."

After reviewing all of Cole's responses to Cadence Bank's RFPs, the Court is shocked by Cole's behavior and what appears to be a coordinated attempt to evade disclosure of his personal assets. However, Cole failed to provide support for any of his objections as required by the Federal Rules. An argument that Cole clutches to in support of his objections[26] is that the parties were required to participate in a conference to discuss and resolve each disputed matter in good faith but that no meaningful attempt to resolve the dispute occurred occur due to Cadence Bank's behavior. (*See* Defendants' Response at 5.) While it is true that this Court requires parties to confer to resolve such issues, the Court finds, that based on the record and a subsequent filed motion,[27] the short conference conducted by the parties was sufficient. In fact, the Court finds it

---

[26] Another argument that Cole refers to is whether Cadence Bank's RFPs are proportional to the scope of discovery. (*See* Defendants' Response at 2-3). However, as stated above, the scope of postjudgment discovery is ***very broad*** to allow a judgment creditor the freedom and ability to ascertain what types of assets a judgment creditor possesses. Furthermore, in reviewing the RFPs themselves the Court finds each request to be tailored to determining what assets Cole possesses. Therefore, the Court finds this argument unpersuasive.

[27] Also pending, as explained above, is Cadence Bank's Motion to Compel Continued Deposition of Cole Wayne Johnson and for Sanctions. [ECF No. 96]. In reviewing that motion to compel, the Court can understand Cadence Bank's frustration with the Defendants' participation in postjudgment discovery. The deposition testimony highlights Cole's attempts to avoid answering simple questions targeted at identifying his personal assets. Based on Cole's behavior in the deposition, as well as his answers to the RFPs, the Court is not surprised that no further meetings were scheduled to resolve these issues, but the Defendants' cannot place the blame on Cadence Bank or their unwillingness to further confer. Rather, the Defendants' own actions are to blame and, due to those actions, the Court finds there was good reason Cadence Bank did not further confer with the Defendants before filing their Motion to Compel. A few examples of Cole's obstructionist behavior during his deposition is set forth below:

> **Q**: You don't own any vehicles?
> **Cole**: No.
> **Q**: Who owns the vehicle—what do you drive?
> **Cole:** What do I drive?
> **Q:** Uh-huh.
> **Cole:** Ford F150.
> **Q**: Who owns that vehicle?
> **Cole**: We would have a nondisclosure in place I wouldn't be able to tell you that.

(Cadence Bank's Motion to Compel Deposition Appendix ("Cadence Bank's Mot. to Compel Depo. App.") at 20.)

> **Q:** How do you pay Mr. Vikesh and his law firm?

odd that Defendants' Response would emphasize that the parties need to use good faith in their dealings when it appears, based on Cole's responses to Cadence Bank's RFPs, that such good faith is lacking. Much like parties are to meet to confer before getting the court involved, parties also have the burden of attempting to gain clarity for disputed discovery requests before simply objecting, which Cole wholly failed to do. The Court is not swayed by any argument set forth in Defendants' Response to support Cole's objections. Therefore, the Court **OVERRULES** Cole's objections to Cadence Bank's RFPs in their entirety.

**B. Cord Henry Johnson's Responses to Cadence Bank's RFP**

The Court notes that Cord's responses to Cadence Bank's RFPs mimic those of Cole. The only responses that differ from Cole's are the ones that contain what the Court deems to be a "spousal privacy objection." While the "spousal privacy objection" will be discussed below, the Court finds it unnecessary to repeat the same analysis as was utilized above for overruling Cole's objections. Cord provides no additional support for or clarification of his objections beyond that

---

> **Cole**: it's a struggle.
> **Q:** I would imagine. But how do you pay Mr. Vikesh and his law firm?
> **Cole**: If we did, it would be under a nondisclosure.

(Cadence Bank's Mot. to Compel Depo. App. at 32.)

> **Q**: Okay. Who pays for the food that you are preparing?
> **Cole:** I have no idea.
> **Q:** You don't know how the food gets in your house?
> **Cole**: I mean, that's a pretty big question, right?
> **Q:** I don't think so. When you go to the grocery store, how do you pay for it?
> **Cole**: Vikesh paid for lunch.

(*Id.*)

> **Q**: . . . So how do you pay for the groceries that you acquire?
> **Cole**: They could be Vikesh one day. . . . I mean, I have people that buy me lunch buy me groceries.
> **Q**: When was the last time Vikesh bought you groceries?
> **Cole**: Vikesh didn't buy my groceries.

(Cadence Bank's Mot. to Compel Depo. App. at 33.)

set forth by Cole. Therefore, the Court **OVERRULES** all of Cord's specific and general objections, except for the "spousal privacy objection," for the reasons stated above.

**1. Spousal Privacy Objection**

Cord also objects to RFP Nos. 3, 29, 30, 52, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 72, 73, 78, 80, 81, and 84 on the basis that the requests are an invasion of privacy of Cord's spouse and are not relevant. The exact language is as follows:

> **Defendant objects to this request on the grounds that it is an invasion of privacy of Defendant's spouse and would not be relevant and would, therefore, be outside the scope of discovery.**

Texas is a community property state. *United States v. Elashi*, 789 F.3d 547, 549 (5th Cir. 2015). Community property is defined as "property other than separate property, acquired by either spouse during marriage." Tex. Fam. Code § 3.002. "Community property under Texas law is further subdivided into jointly and solely managed community property." *In re Ozcelebi*, 639 B.R. 365, 387 (Bankr. S.D. Tex. Apr. 1, 2022). Generally, unless both spouses are personally liable, solely managed community property is not subject to any liabilities incurred before marriage or any nontortious liabilities incurred during the marriage. Tex. Fam. Code. § 3.102(a); § 3.202(b). However, jointly managed community property has been found subject to liabilities incurred by a debtor spouse before or during marriage. *Id.* § 3.202(c); *In re Holman*, 2021 WL 5237945, at *22; *see In re Wald*, No. 11-53644, 2012 WL 2049429, at *7 n. 3 (Bankr. W.D. Tex. June 6, 2012) (noting that "[f]or most debts in community property states it does not matter which spouse incurred the debt—both spouses' interests in community property could be recovered to satisfy the debt.") (internal citations omitted). Texas presumes all property acquired during a marriage is community property, unless the party claiming it is separate property proves otherwise. Tex. Fam. Code. § 3.003(a); *see In re Holman*, 2021 WL 5237945, at *23 (finding that the spouse

failed to identify and prove that certain property cannot be reached to satisfy her spouse's debt because it is her separate property or it is under her sole management, control, or disposition).

In this case, neither Cord nor his spouse set forth any evidence to support claims that the information or documents requested relates to his spouse's separate property. Under Texas law, the information or documents requested by Cadence Bank is targeted at the couple's community property, which in the absence of evidence to the contrary, is available to satisfy Cord's debt or judgment in this case. Cord fails to provide support for or clarification of this objection in his responses to the RFPs or in Defendants' Response, and, nonetheless, the burden is on Cord's spouse to introduce evidence regarding the character of her separate or solely managed community property. The information or documents are relevant as they could lead to the discovery of assets, which could be seized to satisfy the judgment against Cord. Furthermore, a bare "invasion of privacy" objection is not enough to satisfy Cord's burden of supporting his objections, as explained above. If Cord or his spouse felt the request violated his spouse's privacy rights or that it sought information related to Cord's spouse's separate or solely managed property, then the parties should have carried their burden of producing evidence to support their objection. Therefore, the Court **OVERRULES** Cord's "spousal privacy objections" to RFP Nos. 3, 29, 30, 52, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 72, 73, 78, 80, 81, and 84.

## IV. CONCLUSION

The Court is deeply concerned by Defendants' behavior, including that of their attorneys, and astounded that, despite clear and repeated warnings from this Court, Defendants' indifference towards the Federal Rules remains. The Defendants' behavior in asserting these objections and in

their conduct throughout postjudgment discovery is not consistent with the Federal Rules, this District's *Dondi* opinion,[28] and certainly has no place in this Court.

Based on the foregoing, the Court finds that all objections asserted by Cole and Cord[29] are **OVERRULED**. Accordingly, the Court **GRANTS** Cadence Bank's Motion to Compel. Therefore, all relief requested by Cadence Bank in the Motion to Compel, even if not specifically discussed herein, is **GRANTED**.

It is further **ORDERED** that, in accordance with the terms of this Order, Defendants, no later than December 31, 2024, shall produce all responsive documents and, as to RFP Nos. 7, 13, 14, 15, 16, 59, and 74, supplement their responses and/or produce all responsive documents.

SIGNED December 16, 2024.

**JEFFREY L. CURETON**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] Throughout the discovery process, and during postjudgment discovery, counsel must observe the standards of litigation conduct for appearing in civil actions in the Northern District of Texas as set forth in *Dondi Properties Corp. v. Commerce Sav. and Loan Ass'n*., 121 F.R.D. 284, 284 (N.D. Tex. July 14, 1988). The Defendants were aware their conduct would be governed by these standards. (*See* ECF No. 4-5.)

[29] The Court notes that Cord's objections include objections raised on behalf of his spouse.