# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CADENCE BANK f/k/a BANCORPSOUTH BANK and CENTURY BANK,** *Plaintiffs*, | § § § § § | |
| **V.** | § | **CIVIL ACTION NO. 4:23-CV-609-BJ** |
| **BRIDGELINK ENGINEERING LLC, et al.,** *Defendants*. | § § § § | |

**ORDER PARTIALLY GRANTING PLAINTIFFS' MOTION TO COMPEL**

Pending before the Court is a Motion to Compel Continued Deposition of Cole Wayne Johnson and Cord Henry Johnson ("Motion to Compel") [doc. 96], filed on November 13, 2024, by Plaintiffs Cadence Bank and Century Bank (collectively "Cadence Bank"). Having carefully considered the motion, response, and reply, the Court concludes that Cadence Bank's Motion to Compel should be **PARTIALLY GRANTED**.

Federal Rule of Civil Procedure ("Rule") 69(a)(2) provides that a judgment creditor is entitled to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The purpose of Rule 69 is "to establish an effective and efficient means of securing the execution of judgments." *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967). Generally, post-judgment discovery provides a mechanism for parties to "learn information relevant to the existence or transfer of the judgment debtor's assets." *British Int'l Ins. Co. Ltd. v. Seguros La Reublica, S.A.*, 200 F.R.D. 586, 589 (W.D. Tex. 2000) (citing *FDIC v. LeGrand*, 43 F.3d 163, 167 (5th Cir. 1995) and *McWhirter*, 376 F.2d at 106). Courts have interpreted the scope of post-

judgment discovery to be "very broad to permit a judgment creditor to discover assets upon which execution may be made." *FDIC*, 43 F.3d at 172; *see British Int'l Ins. Co. Ltd.*, 200 F.R.D. at 589 ("The judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment creditor.") (internal quotation marks and citation omitted).

The Fifth Circuit has held the same rules that govern the scope of pre-trial discovery apply to post-judgment discovery. *See Mitchell v. Sizemore*, 536 F. App'x 443, 444 (5th Cir. 2013) (per curiam); *see also Nunez v. Rubin Gold Assocs. Inc.*, No. 3:22-cv-00433, 2024 WL 3220729, at *1 (S.D. Tex. June 28, 2024) ("The usual rules governing the scope of pre-trial discovery apply with equal force to post-judgment discovery, whether such discovery is sought under the federal rules of the Texas rules."). Thus, "parties may obtain discovery, subject to the trial court's discretion regarding any matter that is not privileged and is relevant to any party's claim or defense." *Nunez*, 2024 WL 3220729, at *1 (citing Fed. R. Civ. P. 26(b)(1) and Tex. R. Civ. P. 192.3(a)).

As set forth in Cadence Bank's motion, "[o]n October 30, 2024, Defendant Cole Wayne Johnson ("Cole") appeared for a post-judgment deposition (the "Deposition") noticed by the [Cadence Bank] in aid of their attempt to collect their now $40,000,000.00 judgment against Cole and the other Judgment Debtors." (Plaintiffs' Motion to Compel ("Pls.' Mot. to Compel") [doc. 96] at 1.) Defendants argue that Cole, at his deposition, asserted "that he was under [ some Non-Disclosure Agreements ("NDAs")] that prohibited him from answering the questions posed" and that he used that "mantra to dodge all questions, even ones as basic as how he pays for everyday expenses such as residential bills and appliances, groceries, gas, clothing, recreational equipment, etc. or who owns and pays for his house and car." (Pls.' Mot. to Compel at 4.) Eventually, as alleged by Cadence Bank, Cole returned to the deposition after a break and terminated the

deposition before leaving. (Pls.' Mot. to Compel at 6.) Following Cole's deposition, Cadence Bank filed their Motion to Compel [doc. 96].

In its Motion to Compel, Cadence Bank requests the following: (1) "that Cole reappear at his deposition and answer all questions without reliance on a nondisclosure agreement as a basis to not respond fully to the question posed;" (2) "admonish [Defendant] Cord Johnson [("Cord")] that the NDAs are not a proper basis to not answer questions regarding his assets;" and (3) reimburse Cadence Bank for the cost of the second deposition. (Pls. Mot. to Compel at 9-10.) In response, Cole argues, *inter alia*, that his "reliance on his [NDAs] was valid and made in good faith, and Plaintiff has no basis for seeking sanctions against [Cole]." (Defendant Cole Wayne Johnson's Response to Plaintiff's Motion to Compel Continued Deposition of Cole Wayne Johnson ("Def.'s Resp.") [doc. 100] at 2 (*sic*).) Further, Cole alleges that he terminated the deposition on the ground that it was, essentially, unreasonably harassing. (Def.'s Resp. at 1-2.) Thus, Cole asks this Court deny Cadence Bank's Motion to Compel and enter a Protective Order with respect to Cole's NDAs.[1] (Def.'s Resp. at 9.)

In its reply, Cadence Bank argues, *inter alia*, that Cole's reliance on an "elusive NDA without any evidence to support that this document even exists or is applicable in this instance" was made in bad faith. (Plaintiffs' Reply to Response to Motion to Compel Continued Deposition of Cole Wayne Johnson ("Pls.' Reply") [doc. 101] at 4.) Further, Cadence Bank claims that it conducted Cole's deposition in good faith, Cole's counsel improperly terminated the deposition, and Cadence Bank is entitled to sanctions based on Cole's "blatant discovery abuses." (Pls.' Reply at 3-6.)

[1] Cole asserted a request for a protective order but failed to provide any support or argument as to the necessity of entering such an order. Therefore, the Court shall not consider this request.

On December 3, 2024, the Court, in reviewing Cadence Bank's Motion to Compel, ordered Cole to

> produce for *in camera* inspection the following: (1) all "Nondisclosure" documents referred to by Cole Wayne Johnson in his deposition [doc. 97 at Exhibit 1], (2) all "NDA" documents referred to by Cole Wayne Johnson in his deposition [doc. 97 at Exhibit 1], (3) any and all "Nondisclosure" documents that contain any of the following names: Cole Wayne Johnson or Cord Henry Johnson, and (4) any and all "NDA" documents that contain any of the following names: Cole Wayne Johnson or Cord Henry Johnson.

(Order Requiring Defendants to Produce Documents *In Camera* Regarding Plaintiffs' Motion to Compel [doc. 102] at 1.) Defendants subsequently submitted a variety of documents to the undersigned's chambers for review.

On February 18, 2025, the Court held a hearing on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and also briefly addressed Cadence Bank's Motion to Compel. (*See* Minute Order—Motion Hearing [doc. 134] at 2.) During the hearing, the Court did not ultimately issue a ruling on Cadence Bank's Motion to Compel but did reprimand Cole for his behavior during his October 2024 deposition. (*Id.*) The Court also informed the parties that, if such behavior continued, sanctions would be warranted. (*Id.*) Additionally, the Court issued a ruling that "there is no valid 'NDA' and that any attempts to invoke [ ] an 'NDA' as a means to avoid disclosure is improper." (*Id.*)

In light of this Court's previous ruling at the hearing on February 18,2025, the Court finds that Cadence Bank's motion should be partially granted as to the following relief: (1) Cole shall reappear at his deposition and answer all questions without reliance on any NDA as a basis to not respond fully to the question posed and (2) Cord is admonished that the NDAs are not a proper basis to not answer questions regarding his assets. The Court further finds that, based on its previous ruling, that Cadence Bank's Motion to Compel should be partially denied as to sanctions

at this time.[2] **However, to ensure no further disputes arise from deposing Cole and Cord, the Court shall order that these depositions take place at the courthouse.**

Based on the foregoing, it is **ORDERED** that Cadence Bank's Motion to Compel [doc. 96] is **PARTIALLY GRANTED** in that (1) Cole shall reappear for his deposition and shall answer all questions fully without the reliance on an NDA or other nondisclosure agreement and (2) Cord is admonished that NDAs are not a proper answer to questions posed during depositions.

It is further **ORDERED** that Cadence Bank's Motion to Compel is **PARTIALLY DENIED** as to Cadence Bank's Request for sanctions at this time without prejudice to refiling. The Court will entertain any subsequently filed motions for sanctions arising from any behavior that has occurred or may occur during the duration of post-judgment discovery.

It is further **ORDERED** that the parties meet and confer within twenty-one (21) days of this Order and shall, within seven (7) days following their meeting, jointly submit the availability of the parties to schedule the depositions of Defendants Cole Wayne Johnson and Cord Henry Johnson at the Eldon B. Mahon U.S. Courthouse, 501 W. 10th St., Fort Worth, TX 76107.

SIGNED September 8, 2025.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court, at this time, makes no rulings as to whether Cole's reliance on the alleged NDAs was made in good faith.