Robert A. Simon
State Bar No. 18390000
**WHITAKER CHALK SWINDLE**
**& SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: (817) 878-0501
**Attorneys for Alleged Debtors,**
**Cord Henry Johnson and Cole Wayne Johnson**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **COLE WAYNE JOHNSON and** | § | **Case No. 26-43993-MXM-7** |
| **CORD HENRY JOHNSON** | § | **Case No. 26-43995-MXM-7** |
| | § | **Chapter 7** |
| **Alleged Debtors.** | § | |

# CORD JOHNSON'S MOTION TO COMPEL DISCOVERY RESPONSES

TO THE HONORABLE MARK X. MULLIN,
UNITED STATES BANKRUPTCY JUDGE:

Cord Johnson (the "Movant") hereby files this Motion to Compel Discovery Responses (the "Motion") from Spin Capital, LLC (the "Spin Capital"). In support the Movant respectfully represents:

## I.

## INTRODUCTION

1. This discovery dispute arises in the context of an involuntary petition (the "Involuntary Petition") filed against Movant on September 4, 2026. Spin Capital is one of the petitioning creditors who signed the Involuntary Petition filed against Movant. Movant has filed a Motion to Dismiss the Involuntary Petition [Docket No. 14], currently set for hearing on January 25-26, 2027, and a Motion to Set Bond [Docket No. 20], which is currently set for

December 23, 2026. One of the grounds underlying Movant's Motion to Dismiss and Movant's Motion to Set Bond is that Spin Capital filed the Involuntary Petition in bad faith.

2. On October 13, 2026, the Movant served its First Set of Interrogatories and First Set of Requests for Production (collectively the "Requests") on Spin Capital, by and through its purported counsel, John Leininger, of Otteson Shapiro, LLP [1]. A true and correct copy of the Requests is attached hereto, incorporated herein by this reference, and marked as **Exhibit "A."** Responses to the Requests were due on November 12, 2026. On November 13, 2026, Spin Capital, Mr. Leininger, informed Movant that they had calendared the deadline incorrectly and asked for an extension. Since the deadline had already expired, Movant declined to give Spin Capital an extension but agreed not to file this Motion if Spin Capital responded to the Requests by November 20, 2026, effectively giving Spin Capital and additional eight days to respond.

3. On November 16, 2026, four days after the deadline had already passed, Spin Capital admitted that it had none of the information required to answer the Requests and that it would have to subpoena its estranged owner, Avrumi "Josh" Lubin, to even begin responding. Initially, Spin Capital provided no timeline for when it would be able to respond. On November 20, 2026, Patricia Staiano, counsel for Benjamin Stanziale, the Chapter 11 trustee for Josh Lubin, (the "Lubin Trustee"), the court-appointed manager of Spin Capital responded to an email request and stated that the Lubin Trustee has subpoenaed Josh Lubin for a deposition on January 20, 2027, in New Jersey. A true and correct copy of Ms. Staiano's email is attached hereto, incorporated herein by this response, and marked as **Exhibit "B."** As of November 23, 2026, Spin Capital has still not answered the discovery Requests nor provided any firm deadline for doing so. Movants has indicated to the Lubin Trustee that Spin Capital should withdraw as a

[1] No notice of appearance has been filed, but Mr. Leininger has represented to the Court that he represents Spin Capital in this proceeding.

Petitioning Creditor if it is not willing or able to answer the discovery Requests.[2] These issues cannot be resolved between the parties despite their mutual attempt to confer and require resolution by the Court.

**II.**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**III.**

**FACTS**

2. Movant is an individual who resides in Hood County, Texas, in the Northern District of Texas.

3. Spin Capital is a New Jersey limited liability company. Josh Lubin is the sole owner of Spin Capital. At the time the Involuntary Petition was filed, Josh Lubin had control over Spin Capital. However, at the time the Involuntary Petition was filed, Josh Lubin had already filed his own personal Chapter 11 bankruptcy in New Jersey on June 25, 2026, Case No. 26-17342-EJO (Trenton Division). On September 28, 2026, the New Jersey Bankruptcy Court appointed Lubin Trustee as the Chapter 11 trustee for Josh Lubin. On October 15, 2026, the Lubin Trustee filed an adversary against Josh Lubin, Spin Capital, and other entities allegedly controlled by Josh Lubin. The Lubin Trustee alleged that all of the entities, including Spin Capital, were the alter egos of Josh Lubin, sought to extend the Chapter 11 proceedings to all of the entities, and sought a preliminary injunction requesting that the Lubin Trustee be given authority over all management and litigation decisions of the entities. A preliminary injunction

[2] There is no absolute right to be a petitioning creditor in an involuntary bankruptcy case.

granting these requests was issued by the New Jersey Bankruptcy Court on October 23, 2026. A final hearing on the injunction is set for December 17, 2026.

4. On September 28, 2026, the Movant filed a Motion to Dismiss the Involuntary Petition [Docket No. 14]. On October 15, 2026, Movant filed his Motion to Set Bond [Docket No. 20].

5. In connection to the Motion to Dismiss and the Motion to Set Bond, Movant served its Requests on Spin Capital on October 13, 2026. The normal response time for such discovery requests is 30 days under Federal Rule 33 and 34. On November 13, 2026, Movant reached out to Spin Capital to meet and confer as to why the Requests were not timely answered. Spin Capital responded by asking for an extension. Since the request for an extension was made after the deadline had already passed on November 13, 2026, Movant declined to give an extension. On November 16, 2026, Spin Capital, through Ms. Staiano, counsel for Lubin Trustee, informed the Movant that Spin Capital could not answer any of the Requests until it subpoenaed Josh Lubin and that it had no information with which to answer any of the Requests. As of November 23, 2026, Spin Capital has not responded to the Requests.

6. Spin Capital, through the Lubin Trustee has stated unequivocally that it will not abide by the discovery deadlines set in the Federal Rules of Civil Procedure and that it will not answer the Requests until it deposed Josh Lubin. The Lubin Trustee seized Spin Capital and the rest of Josh Lubin's entities against his will. Understandably, Josh Lubin has become adversarial to the Lubin Trustee and will not voluntarily cooperate. The Lubin Trustee has subpoenaed Josh Lubin for a deposition on January 20, 2027, in New Jersey and have informed Movant than it cannot respond to the Requests until some undetermined date after the deposition. The Requests themselves are narrowly tailored, and that Spin Capital should simply respond. If Spin Capital

has no responsive documents or does not know the answers to basic questions about the Involuntary Petition it filed, it should admit those facts or withdraw as a Petitioning Creditor. [3]

## IV.

## ARGUMENT

17. Federal Rules of Civil Procedure 33 and 34 state that the deadline to respond to interrogatories and requests for production is 30 days. FED. R. CIV. P. 33-34. As of the date of this Motion, it has been 41 days since the Requests were served, and Spin Capital has provided no responses. When Movant attempted to confer with Spin Capital about this issue, counsel for the Lubin Trustee admitted that he had no personal knowledge as to information or documents responsive to Requests and that the Lubin Trustee could not provide a timeline as to when, if ever, he would respond.

18. Spin Capital is not a normal creditor. It is a Petitioning Creditor in an involuntary proceeding. It is seeking one of the most drastic remedies in the Bankruptcy Code when asking this Court to place Movant into bankruptcy against his will. That qualifications for making that request are exacting. A petitioning creditor must hold a claim undisputed as to liability and amount and act in good faith. Spin Capital has also expressly accused Movant of fraudulently concealing his assets. That is a serious allegation that Movant, which is defamatory if untrue. Movant must have the ability to contest that allegation and explore the basis for it in discovery. The control person for Spin Capital admits that he has no personal knowledge of any of the facts underlying these serious allegations and can't answer basic questions about them.

19. Movant is entitled to discovery as to Spin Capital's claims in the Involuntary Petition and as to the alleged facts underlying its responses to Movant's Motion to Dismiss and

[3] If those facts were admitted, Spin Capital would not qualify as a Petitioning Creditor and would be forced to admit its own bad faith.

Motion to Set Bond. Movant is entitled to that information before the December 23, 2026 Hearing, on the motion to set a bond. Spin Capital apparently had enough information to file inflammatory responses to those motions, but not enough information to tell Movant whether anyone at Spin Capital bothered to review the Involuntary Petition before it was filed. *See* Exhibit 1, at pg. 8. On information and belief, the answer to that question is "no one," and Spin Capital simply does not want to make that admission or other damning admissions that would demonstrate Spin Capital acted in bad faith when it filed the Involuntary Petition. Spin Capital does not get a special exemption from having to respond to discovery because the Lubin Trustee initiated a war for control of Spin Capital with Josh Lubin. Spin Capital must respond to the Requests, without objection, immediately, or the Court should order it to withdraw from the involuntary proceeding.

Moreover, Spin Capital should be ordered to pay Movant's attorney's fees and costs for having to file and litigate this Motion. Federal Rule of Civil Procedure 37 states in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees

Movant has expended or will have expended $2,500 in reasonable and necessary attorneys' fees to prepare and litigate this Motion. Spin Capital freely admits it missed the deadline without any legitimate excuse and still refuses to respond to the Requests despite Movant's good faith attempt to meet and confer with Spin Capital. Spin Capital will not timely respond to the Requests because it knows admitting "I don't know" to requests asking for basic information regarding the Involuntary Petition will indicate bad faith. That is not a legitimate

reason to refuse to answer the Requests. If Spin Capital will not or cannot do so, it should not be a Petitioning Creditor.

## V.

## REQUESTED RELIEF

WHEREFORE, premises considered, the Movant requests that the Court enter an Order providing the following relief: (1) granting the Motion as filed; (2) compelling Spin Capital to provide full and complete discovery responses within 7 days of the entry of the Order, without objection; (3) and ordering Spin Capital to pay Movant's reasonable and necessary attorney's fees in the amount of $2,500 within 7 days of the entry of this Order. The Movant further requests such other and further relief as may be just and proper.

November 24, 2026

Respectfully submitted,

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**

/s/ *Robert A. Simon*
Robert A. Simon
State Bar No. 18390000
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: 817) 878-0501
rsimon@whitakerchalk.com
**COUNSEL FOR MOVANT CORD JOHNSON**

## CERTIFICATE OF CONFERENCE

I, hereby certify that, on November 13 and November 16, 2026, I conferred by email with John Leininger and Patricia Staiano, counsel for Spin Capital and the Lubin Trustee respectively, regarding the substance of this Motion. No agreement was reached.

/s/*Robert A. Simon*
Robert A. Simon

## CERTIFICATE OF SERVICE

I hereby certify, on this 24th day of November 2026, I served a true and correct copy of the forgoing Motion upon all parties registered to receive service via this Court's ECF notification system.

/s/ *Robert A. Simon*
Robert A. Simon