Robert A. Simon
State Bar No. 18390000
**WHITAKER CHALK SWINDLE**
**& SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: (817) 878-0501
**ATTORNEYS FOR ALLEGED DEBTOR,**
**CORD HENRY JOHNSON**

**IN THE UNITES STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **CORD HENRY JOHNSON,** | § | **Case No. 26-43995-elm** |
| | § | **Chapter 7** |
| **Alleged Debtor.** | § | |

**ALLEDGED DEBTOR, CORD H. JOHNSON'S FIRST SET OF REQUESTS FOR PRODUCTION TO PETITIONING CREDITOR, SPIN CAPITAL, LLC**

**TO:** **Petitioning Creditor, Spin Capital, LLC,** by and through its counsel, John Leininger, Otteson Shapiro, LLP, Attorneys at Law, 4851 LBJ Freeway, Suite 650, Dallas, Texas 75244, by email to jcl@os.law.

Pursuant to Federal Rule of Civil Procedure 34 and Bankruptcy Rule 7034, Alleged Debtor, Cord Henry Johnson ("Cord") hereby propounds the following First Set of Requests for Production to Petitioning Creditor, Spin Capital, LLC requesting written responses and production of documents no later than 30 days after service hereof. Responses should be sent to the office of Cord Johnson's counsel, Robert A. Simon, Whitaker Chalk Swindle & Schwartz PLLC, 301 Commerce Street, Suite 3500, Fort Worth, Texas 76102.

October 13, 2026



EXHIBIT A

Respectfully submitted,

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**

By: */s/ Robert A. Simon*
Robert A. Simon
Texas Bar No. 18390000
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: (817) 878-0501
rsimon@whitakerchalk.com
**COUNSEL FOR ALLEGED DEBTOR, CORD HENRY JOHNSON**

## CERTIFICATE OF SERVICE

I hereby certify on this 13th day of October 2026, that I served a true and correct copy of the foregoing Alleged Debtor, Cord Johnson's First Set of Interrogatories to Petitioning Creditor, Spin Capital, LLC was served upon the following counsel via email:

John C. Leininger – jcl@os.law
Otteson Shapiro, LLP
Attorneys at Law
4851 LBJ Freeway, Suite 650
Dallas, Texas 75244
(214) 619-8325

*/s/ Robert A. Simon*
Robert A. Simon

## INSTRUCTIONS

1. In answering these requests, you must furnish documents or things that are available to you or subject to your reasonable inquiry, including documents and things in the possession, custody or control of any of your representatives including without limitation your attorneys, accountants, advisors, agents, consultants, or other persons directly or indirectly employed by or connected with you and anyone else otherwise subject to your control. By accepting photocopies, the Trustee is not waiving his right to examine originals when necessary.

2. In responding to these requests, you must make a diligent search of your records and other papers and materials in your possession or available to you or your representatives.

3. Responsive documents and things shall be produced as kept in the ordinary course of business or shall be produced in a manner organized and labeled to correspond with the categories in these requests.

4. In interpreting these requests, definitions, and instructions, the following guidelines apply: Any masculine, feminine, or neuter terms shall include all other genders. The singular shall include the plural and the plural shall include the singular. "or," "and," "and/or," and "including" shall be read inclusively rather than exclusively. The word "each" includes the word "every," and the word "every" includes the word "each." The word "any" shall be understood to include and encompass "all," and "all" should be interpreted to include and encompass "any."

5. If there are no documents or things responsive to a particular request, state so in writing.

6. In the event any documents sought by these requests are withheld on a claim of attorney-client privilege, work product immunity, or the like, provide a detailed privilege log prepared in accordance with applicable case law which, at a minimum, provides the following information:

    a. Describes the nature and basis for the claim;

    b. Describes the subject and purpose of the document with sufficient particularity to enable the Trustee to bring the matter before the Court for a ruling on the propriety of the claims;

    c. States the date of the document;

    d. Identify at least the name and title or function of each and every author of the documents, person who prepared or participated in the preparation of the document, person who received the document, person from whom the document was received, and the person having custody or control of the document and all copies thereof; and

    e. States the present location of the document and all copies thereof.

7. If an attorney work product claim is asserted, in addition to the information requested above, identify the name and title or function of each and every person or attorney who prepared the work product or who received copies, when the work product was prepared, the date of the document, and the litigation for which the work product was prepared.

8. Unless otherwise specified, these requests cover the time period of **January 1, 2021 to October 13, 2026**.

9. These requests are submitted for the purpose of discovery and are not to be taken as waiving any objections which may be made at trial, or at any hearing, to the introduction of evidence on subjects covered by these requests or as an admission of the relevance or materiality at trial of any of the matters covered by these requests.

10. These requests are continuing in nature, and responses should be promptly supplemented pursuant to Federal Rule of Civil Procedure 26(e).

11. All productions should be made within 30 days of receipt of these requests. Production can be made to Robert A. Simon, Whitaker Chalk Swindle & Schwartz PLLC, 301 Commerce Street, Suite 3500, Fort Worth, Texas 76102, or by email to rsimon@whitakerchalk.com with a copy to Bonnie Peck, at bpeck@whitakerchalk.com.

## ***DEFINITIONS APPLICABLE TO ALL REQUESTS***

For the purpose of these Interrogatories and the instructions and definitions hereto, unless the context clearly indicates otherwise, the following definitions apply to the terms and phrases specified:

1. "The term "communication" shall mean the oral or written (including electronic) transmittal of information (in the form of facts, ideas, inquiries, and otherwise). This includes but is not limited to: Text messaging services including SMS; encrypted messaging services, including WhatsApp and Signal; inter-office software programs such as Skype, Zoom chat, and Microsoft Teams; email clients; and social media apps such as Instagram, Facebook Messenger, and Snapchat.

2. The term "document" shall mean all writings, including printed, typewritten, handwritten, mechanically or otherwise-recorded matter of whatever character, including, but not limited to, letters, emails, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, statements, investigative reports, announcements, contracts, contract proposals, agreements, transactional documents, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, drawings, graphs, charts, photographs, records, tape recordings (including audio, video, or digital), motion pictures, computer information, and other data complications from which information can be obtained, including any electronic media and

formats, including all Electronically Stored Information ("ESI") and including any draft versions of any of the foregoing, and any carbon or photographic copies of any such material if you do not have custody or control or the original. If any document request to be identified or produced was but is no longer in possession, custody, or control, or in the possession, custody, or control of your agents or representatives, or is no longer in existence, state whether it is:

a. Missing or lost;

b. Destroyed;

c. Transferred voluntarily or involuntarily to others, and if so, to whom; or

d. Otherwise disposed of.

3. The term "Spin Capital" refers to Petitioning Creditor, Spin Capital, LLC, and shall include all persons acting or purporting to act on its behalf, including any equity owners, members, officers, employees, representatives, attorneys, consultants, experts, investigators, agents, or other persons acting, purporting to act, or believed to be acting on its behalf.

4. The term "Cadence Bank" refers to Petitioning Creditor, Huntington Bank, f/k/a Cadence Bank, before and the acquisition of Cadence Bank by Huntington Bank, and includes all persons acting or purporting to act on its behalf, including any officers, employees, representatives, attorneys, consultants, experts, agents, or other persons acting, purporting to act, or believed to be acting on its behalf.

5. The term "Century Bank" refers to Petitioning Creditor, Century Bank, and includes all persons acting or purporting to act on its behalf, including any officers, employees, representatives, attorneys, consultants, experts, agents, or other persons acting, purporting to act, or believed to be acting on its behalf.

6. The term "HGA" refers to Petitioning Creditor, Hunt Guillot & Associates, LLC, and includes all persons acting or purporting to act on its behalf, including any officers, employees, representatives, attorneys, consultants, experts, agents, or other persons acting, purporting to act, or believed to be acting on its behalf.

7. The term "Involuntary Petition" means the Involuntary Petition in Chapter 7 filed by the Petitioning Creditors, Cadence Bank, Century Bank, HGA, and Spin Capital (collectively the "Petitioning Creditors") on September 4, 2026, in Case No. 26-43995-elm-7 (Bankr. N.D. Tex.)

8. The terms "you," "your," "yours" refer to Petitioning Creditor, Spin Capital, LLC, as defined herein.

9. The terms "Cord" or "Cord Johnson" refer to Cord H. Johnson, the Alleged Debtor in Case No. 26-43995-elm-7 (the "Involuntary Bankruptcy Case").

10. The term "Josh Lubin" refers to Avrumi "Josh" Lubin, the person whose name is affixed to the Involuntary Petition as the representative of Spin Capital.

11. The term "Otteson Shapiro" refers to the law firm of Otteson Shapiro, LLC, whose address is 4851 LBJ Freeway, Suite 650, Dallas, Texas 75244.

12. The term "Spin Capital Judgment" refers to the Judgment obtain by Spin Capital against Bridgelink Engineering, LLC, et al., including Cord Johnson and Cole Wayne Johnson, entered on February 9, 2024, in the Supreme Court of the State of New York, Nassau County, under Index No. 614675/2022, in the amount of $8,228,824.31.

13. The term "between" also means "among" and vice-versa. The term "and" also means "or" and vice versa. The singular version of any noun or pronoun shall also include the plural and vice-versa. The masculine form of any noun or pronoun shall also include the feminine and vice-versa.

14. The term "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

15. "Identify" (with respect to Persons). When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and, when referring to a natural person, also provide the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

16. Identify (with respect to documents). When referring to documents, "to identify" means to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date and production number of the document; and (iv) author(s), addressee(s), and recipient(s).

17. Identify (with respect to a statement, communication, or representation). When referring to a statement, communication, or representation, "to identify" means to provide the content of the statement, communication, or representation, including any specific facts stated or alleged, the speaker, the person who heard the statement or representation, the date on which the statement or representation was made, and the manner (i.e. statement, e-mail, text message, etc.) in which the statement or representation was made.

18. "Person" shall mean any and all entities, as well as natural persons, and, without limitation shall be defined to include natural persons, corporations, partnerships, joint owners, associations, limited liability companies, companies, and joint ventures.

19. "Refer" "relate", "reflect", "regard", "refer to", "relate to", "relating to", and "concerning" (or forms thereof) shall mean directly or indirectly in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting or constituting, identifying, or in any way logically or factually connected with the matter discussed.

20. For purposes of these Interrogatories and your Answers, a term defined herein has the same meaning regardless of whether it is capitalized or not capitalized in the body of an Interrogatory. By way of illustration only, the words "Person" and "person" and words "Communication" and "communication" have the same meaning, regardless of whether the term is capitalized.

## REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34 and Bankruptcy Rule 7034, Alleged Debtor, Cord Henry Johnson requests that Spin Capital, as defined herein, produce the following documents to his counsel. In answering such Requests, refer to the Instructions and Definitions above:

**REQUEST NO. 1:**

Produce all written agreements or understandings that Spin Capital now has or has had with any other Petitioning Creditor in the Involuntary Bankruptcy Case since January 1, 2025.

**RESPONSE:**

**REQUEST NO. 2:**

Produce the engagement letter or other employment agreement between Spin Capital and Otteson Shapiro that is applicable to the Involuntary Bankruptcy Case.

**RESPONSE:**

**REQUEST NO. 3:**

Produce all documents, including by way of example only, a wire transfer confirmation, an ACH draft confirmation, an electronic check, or canceled check, indicating the Spin Capital or any person acting on Spin Capital's behalf has retained or paid an attorney or a law firm for legal representation in the Involuntary Bankruptcy Case at any time before October 13, 2026.

**RESPONSE:**

**REQUEST NO. 4**:

Produce all communication between Spin Capital and any other Petitioning Creditor, including counsel for any other Petitioning Creditor, regarding the Involuntary Bankruptcy Case, or filing the Involuntary Bankruptcy Case, since January 1, 2025.

**RESPONSE**:

**REQUEST NO. 5**:

Produce all written communication between Josh Lubin, whether in his individual capacity or as a representative of Spin Capital, and any other Petitioning Creditor in the Involuntary Bankruptcy Case since January 1, 2025.

**RESPONSE**:

**REQUEST NO. 6:**

Produce all communications between Josh Lubin, whether in his individual capacity or as a representative of Spin Capital, and counsel for any other Petitioning Creditor in the Involuntary Bankruptcy Case, including but not limited to Otteson Shapiro and John Leininger, in the period between January 1, 2025, and October 13, 2026.

**RESPONSE**:

**REQUEST NO. 7**:

Produce all documents or communications by which Spin Capital authorized any other Petitioning Creditor or its counsel to file the Involuntary Petition with Spin Capital's name affixed to it as a Petitioning Creditor.

**RESPONSE**:

**REQUEST NO. 8**:

Please refer to **Exhibit "A"** hereto, the Involuntary Petition. If Spin Capital reviewed the Involuntary Petition before it was filed on September 4, 2026, please produce any documents,

including, but not limited to emails and text messages, showing that Spin Capital had a completed copy of the Involuntary Petition before it was filed.

**RESPONSE:**

**REQUEST NO. 9:**

Please refer to Exhibit "A" hereto, the Involuntary Petition. If another Petitioning Creditor, or its counsel, requested Spin Capital's authority to affix Spin Capital's name to the Involuntary Petition, produce that communication and Spin Capital's response.

**RESPONSE:**

**REQUEST NO. 10:**

If any other Petitioning Creditor or its counsel has offered or agreed to pay Spin Capital's attorneys' fees or costs in the Involuntary Petition, or to indemnify Spin Capital for attorneys' fees or expenses or damages as a result of the Involuntary Petition, produce all documents that reflect that offer or agreement.

**RESPONSE:**

**REQUEST NO. 11:**

Refer to the Involuntary Petition, attached hereto as Exhibit "A." Produce all documents that you used to calculate the alleged claim amount of $8,234,160.50

**RESPONSE:**

**REQUEST NO. 12:**

Produce all writs of garnishment, writ of executions, or any other legal process initiated by Spin Capital since February 9, 2024, in an effort to collect the Spin Capital Judgment.

**RESPONSE:**

**REQUEST NO. 13**:

Produce all documents that reflect any collections by Spin Capital on the Spin Capital Judgment, whether from voluntary payment, liquidation of collateral, garnishment, or other legal process.

**RESPONSE:**

**REQUEST NO. 14**:

Produce all judgments that have been entered against Spin Capital and / or Josh Lubin since January 1, 2021.

**RESPONSE:**

**REQUEST NO. 15**:

Produce Spin Capital's tax returns for the years of 2021, 2025 and 2026.

**RESPONSE:**

**REQUEST NO. 16**:

Produce the loan or credit file for the business transaction that led to the Spin Capital Judgment.

**RESPONSE:**

**REQUEST NO. 17**:

Produce any document evidencing any sale of assignment of the Spin Capital Judgment, or any of Spin Capital's rights under the Spin Capital Judgment.

**RESPONSE:**

**REQUEST NO. 18**:

If Spin Capital has paid an attorney to help collect the Spin Capital Judgment, produce all documents evidencing payment to such attorney, including but not limited to wire transfers, receipts, ACH drafts, canceled checks, or any other evidence of payment.

**RESPONSE:**

**REQUEST NO. 19:**

Produce any communication, including emails, text messages, or otherwise, in which any other Petitioning Creditor or counsel for any other Petitioning Creditor solicited Spin Capital to join the Involuntary Petition, as a petitioning creditor.

**RESPONSE**:

**REQUEST NO. 20:**

Produce any participation agreement that Spin Capital has with any other entity regarding the Spin Capital Judgment or the underlying lending transaction that led to the Spin Capital Judgment.

**RESPONSE:**

**REQUEST NO. 21:**

If any person other than Spin Capital is entitled to receive any of the proceeds of the Spin Capital Judgment produce any agreements that forth the split of the proceeds.

**RESPONSE:**

**REQUEST NO. 22:**

Produce any agreement between Spin Capital and Wynwood Capital Group, LLC, d/b/a Kingdom Kapital regarding the Spin Kapital Judgment or the underlying lending transaction.

**RESPONSE**:

**REQUEST NO. 23:**

Produce all documents, including any electronically stored information, that reflect the underwriting Spin Capital conducted for the business transaction that led to the Spin Capital Judgment

**RESPONSE:**

**REQUEST NO. 24:**

Produce all communications between Spin Capital and any court appointed receivers for Cord Johnson or Cole Johnson.

**RESPONSE:**

**REQUEST NO. 25:**

Produce any internal communications at Spin Capital regarding whether to participate in the filing of the Involuntary Petition.

**RESPONSE:**

**REQUEST NO. 26:**

Produce all communication between Spin Capital and Kingdom Kapital regarding the subject of whether to participate in the filing of the Involuntary Petition.

**RESPONSE:**

**REQUEST NO. 27:**

Produce all communications between Spin Capital, including but not limited to Josh Lubin as representative of Spin Capital, and counsel for Century Bank, including but not limited to John Leininger, during the period from January 1, 2025, through October 2, 2026.

**RESPONSE:**

**REQUEST NO. 28:**

Produce all communications between Spin Capital, including but not limited to Josh Lubin as representative of Spin Capital, and counsel for Huntington Bank, f/k/a Cadence Bank, including but not limited to Mike Napoli, during the period from January 1, 2025, through October 2, 2026.

**REQUEST:**

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Texas

Case number (*If known*): ________________________ Chapter _____

☐ Check if this is an amended filing

Official Form 105

# Involuntary Petition Against an Individual

**12/15**

**Use this form to begin a bankruptcy case against an individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against a non-individual, use the *Involuntary Petition Against a Non-individual* (Official Form 205). Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write name and case number (if known).**

## Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

1. **Chapter of the Bankruptcy Code**

   *Check one:*

   ☑ Chapter *7*

   ☐ Chapter 11

## Part 2: Identify the Debtor

2. **Debtor's full name**

   Cord
   First name

   Henry
   Middle name

   Johnson
   Last name

   ________________
   Suffix (Sr., Jr., II, III)

3. **Other names you know the debtor has used in the last 8 years**

   Include any assumed, married, maiden, or trade names, or *doing business as* names.

   ________________
   ________________
   ________________

4. **Only the last 4 digits of debtor's Social Security Number or federal Individual Taxpayer Identification Number** (ITIN)

   ☐ Unknown

   xxx – xx – 9 8 8 9 OR 9 xx – xx – ____ ____ ____ ____

5. **Any Employer Identification Numbers (EINs) used in the last 8 years**

   ☑ Unknown

   __ __ – __ __ __ __ __ __ __
   EIN

   __ __ – __ __ __ __ __ __ __
   EIN



**EXHIBIT A**

EXHIBIT A

Debtor ______________________________ Case number *(if known)*______________________

**6. Debtor's address**

**Principal residence**

______________________________
Number Street

______________________________

______________________________
City State ZIP Code

______________________________
County

**Mailing address, if different from residence**

______________________________
Number Street

______________________________

______________________________
City State ZIP Code

**Principal place of business**

______________________________
Number Street

______________________________

______________________________
City State ZIP Code

______________________________
County

**7. Type of business**

- ❑ Debtor does not operate a business

*Check one if the debtor operates a business:*

- ❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ❑ None of the above

**8. Type of debt**

**Each petitioner believes:**

- ❑ **Debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ❑ **Debts are primarily business debts.** *Business debts* are debts that were incurred to obtain money for a business or investment or through the operation of the business or investment.

**9. Do you know of any bankruptcy cases pending by or against any partner, spouse, or affiliate of this debtor?**

- ❑ No
- ❑ Yes. Debtor ______________________________ Relationship ________________

District ________________ Date filed ____________ Case number, if known____________
MM / DD / YYYY

Debtor ______________________________ Relationship ________________

District ________________ Date filed ____________ Case number, if known____________
MM / DD / YYYY



**EXHIBIT A**

EXHIBIT A

Debtor ______________________ Case number (*if known*)______________________

**Part 3: Report About the Case**

**10. Venue**

Reason for filing in this court.

*Check one:*

- ☐ Over the last 180 days before the filing of this bankruptcy, the debtor has resided, had the principal place of business, or had principal assets in this district longer than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.
- ☐ Other reason. Explain. (See 28 U.S.C. § 1408.) ______________________

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked*:

- ☑ The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.
- ☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

- ☐ No
- ☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Century Bank | Judgment | $ 16,398,814.92 |
| Huntington Bank f/k/a Cadence Bank | Judgment | $ 23,426,878.46 |
| Hunt Guillot & Associates, LLC | Judgment | $ 938,678.53 |
| | Total | $ See next page |

**If more than 3 petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's (or representative's) signature under the statement, along with the signature of the petitioner's attorney, and the information on the petitioning creditor, the petitioner's claim, the petitioner's representative, and the attorney following the format on this form.**



**EXHIBIT A**

EXHIBIT A

13. Each petitioner's claim

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Spin Capital, LLC | Judgment | $8,234,160.50 |

Total: $48,998,532.41



**EXHIBIT A**
EXHIBIT A

Debtor ______________________ Case number (if known)______________________

## Part 4: Request for Relief

Petitioners request that an order for relief be entered against the debtor under the chapter specified in Part 1 of this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioners declare under penalty of perjury that the information provided in this petition is true and correct. Petitioners understand that if they make a false statement, they could be fined up to $250,000 or imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571. If relief is not ordered, the court may award attorneys' fees, costs, damages, and punitive damages. 11 U.S.C. § 303(i).

**Petitioners or Petitioners' Representative**

✘ /s/ Tom Lilly
Signature of petitioner or representative, including representative's title

Century Bank
Printed name of petitioner

Date signed 09/04/2026
MM / DD / YYYY

**Mailing address of petitioner**

100 South Federal Place
Number Street

Santa Fe NM 87504
City State ZIP Code

**If petitioner is an individual and is not represented by an attorney:**

Contact phone ______________

Email ______________

**Name and mailing address of petitioner's representative, if any**

______________
Name

______________
Number Street

______________
City State ZIP Code

**Attorneys**

✘ /s/ John C. Leininger
Signature of attorney

John C. Leininger
Printed name

Otteson Shapiro LLP
Firm name, if any

4851 LBJ Freeway, Suite 650
Number Street

Dallas TX 75244
City State ZIP Code

Date signed 09/04/2026
MM / DD / YYYY

Contact phone (214) 619-8325 Email jcl@os.law



**EXHIBIT A**
EXHIBIT A

Debtor ____________________ Case number (if known)____________________

✘ dave peura
Signature of petitioner or representative, including representative's title

Huntington Bank f/k/a Cadence Bank
Printed name of petitioner

Date signed 09/03/2026
MM / DD / YYYY

**Mailing address of petitioner**
41 South High Street
Number Street
Columbus OH 43287
City State ZIP Code

**Name and mailing address of petitioner's representative, if any**

Name

Number Street

City State ZIP Code

✘ /s/ Michael Napoli
Signature of Attorney

Michael Napoli
Printed name

Akerman, LLP
Firm name, if any

2001 Ross Avenue, Suite 3600
Number Street
Dallas TX 75201
City State ZIP Code

Date signed 09/03/2026
MM / DD / YYYY

Contact phone (214) 720-4300 Email michael.napoli@akerman

✘ /s/ Russell A. Woodward Jr., Attorney
Signature of petitioner or representative, including representative's title
Hunt Guillot & Associates, LLC
Printed name of petitioner

Date signed 08/26/2026
MM / DD / YYYY

**Mailing address of petitioner**
603 E. Reynolds Drive
Number Street
Ruston LA 71270
City State ZIP Code

**Name and mailing address of petitioner's representative, if any**

Name

Number Street

City State ZIP Code

✘ /s/ Russell A. Woodward Jr.
Signature of Attorney
Russell A. Woodward Jr.
Printed name
Law Offices of Russell A. Woodward Jr.
Firm name, if any
119 Pelican Blvd.
Number Street
Ruston LA 71270
City State ZIP Code

Date signed 08/26/2026
MM / DD / YYYY
Contact phone (318) 255-4898 Email raw@therawlaw.com

Print | Save As... | Add Attachment | Reset

EXHIBIT A
EXHIBIT A

| Petitioners or Petitioner's Representative | Attorneys |
|---|---|
| /s/ Josh Lubin | |
| Signature of petitioner or representative, including representative's title | Signature of Attorney |
| Spin Capital, LLC | |
| Printed name of petitioner | Printed name |
| Date Signed: 08/20/2026 | |
| | Firm name, if any |
| **Mailing address of petitioner** | |
| 1460 Arboretum Parkway | |
| Number Street | Number Street |
| Lakewood, NJ 08701 | |
| City State Zip Code | City State Zip Code |
| | Date Signed: |
| **Mailing address of petitioner's representative, if any** | Contact Phone: Email: |
| Josh Lubin | |
| Name | |
| 1460 Arboretum Parkway | |
| Number Street | |
| Lakewood, NJ 08701 | |
| City State Zip Code | |



**EXHIBIT A**

EXHIBIT A

Robert A. Simon
State Bar No. 18390000
**WHITAKER CHALK SWINDLE**
**& SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: (817) 878-0501
**ATTORNEYS FOR ALLEGED DEBTOR,**
**CORD HENRY JOHNSON**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **CORD HENRY JOHNSON,** | § | **Case No. 26-43995-elm** |
| | § | **Chapter 7** |
| **Alleged Debtor.** | § | |

**ALLEDGED DEBTOR, CORD H. JOHNSON'S FIRST SET OF INTERROGATORIES TO PETITIONING CREDITOR, SPIN CAPITAL, LLC**

**TO:** **Petitioning Creditor, Spin Capital, LLC,** by and through its counsel, John Leininger, Otteson Shapiro, LLP, Attorneys at Law, 4851 LBJ Freeway, Suite 650, Dallas, Texas 75244, by email to jcl@os.law.

Pursuant to Federal Rule of Civil Procedure 33 and Bankruptcy Rule 7033, Alleged Debtor, Cord Henry Johnson ("Cord") hereby propounds the following Interrogatories to be answered by Petitioning Creditor, Spin Capital, LLC separately and fully, in writing, under oath, no later than 30 days after service hereof and transmit such answers to the office of Cord Johnson's counsel, Robert A. Simon, Whitaker Chalk Swindle & Schwartz PLLC, 301 Commerce Street, Suite 3500, Fort Worth, Texas 76102.

October 13, 2026

Respectfully submitted,

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**

By: */s/ Robert A. Simon*
Robert A. Simon
Texas Bar No. 18390000
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: (817) 878-0501
rsimon@whitakerchalk.com
**COUNSEL FOR ALLEGED DEBTOR, CORD HENRY JOHNSON**

## CERTIFICATE OF SERVICE

I hereby certify on this 13th day of October 2026, that I served a true and correct copy of the foregoing Alleged Debtor, Cord Johnson's First Set of Interrogatories to Petitioning Creditor, Spin Capital, LLC was served upon the following counsel via email:

John C. Leininger – jcl@os.law
Otteson Shapiro, LLP
Attorneys at Law
4851 LBJ Freeway, Suite 650
Dallas, Texas 75244
(214) 619-8325

*/s/ Robert A. Simon*
Robert A. Simon

***INSTRUCTIONS APPLICABLE TO INTERROGATORIES***

1. Pursuant to Federal Rule of Civil Procedure 33 and Bankruptcy Rule 7033, the Interrogatories directed to you should be answered and be separately sworn to by you. Unless the context of a particular Interrogatory below indicates otherwise, each Interrogatory calls not only for your knowledge, but also for information that is available to you by reasonable inquiry, including inquiries to all of your attorneys, agents, representatives and employees. Please repeat each Interrogatory before your response.

2. All of these Interrogatories are continuing. Accordingly, should new information come to light subsequent to the filing of each original response to these Interrogatories, you should amend and supplement separately your responses to reflect such newly discovered information pursuant to Federal Rule of Civil Procedure 33 and Bankruptcy Rule 7033.

3. If any of these Interrogatories cannot be answered by you and you know or have reason to know of a person or entity who might be able to answer the Interrogatories, please identify such person or entity.

4. If you claim that any information sought in these Interrogatories is privileged or subject to the work product doctrine and you decline to provide such information, state:

   (a) The nature of and the basis for your assertion of privilege or the work product doctrine;

   (b) The general subject matter of the information; and

   (c) The names and addresses of all persons who have knowledge of the information or to whom the information has been disclosed.

5. Unless expressly stated otherwise, these Interrogatories encompass the time period from January 1, 2021 through October 13, 2026.

***DEFINITIONS APPLICABLE TO INTERROGATORIES***

For the purpose of these Interrogatories and the instructions and definitions hereto, unless the context clearly indicates otherwise, the following definitions apply to the terms and phrases specified:

1. "The term "communication" shall mean the oral or written (including electronic) transmittal of information (in the form of facts, ideas, inquiries, and otherwise). This includes but is not limited to: Text messaging services including SMS; encrypted messaging services, including WhatsApp and Signal; inter-office software programs such as Skype, Zoom chat, and Microsoft Teams; email clients; and social media apps such as Instagram, Facebook Messenger, and Snapchat.

2. The term "document" shall mean all writings, including printed, typewritten, handwritten, mechanically or otherwise-recorded matter of whatever character, including, but not limited to, letters, emails, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, statements, investigative reports, announcements, contracts, contract proposals, agreements, transactional documents, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, drawings, graphs, charts, photographs, records, tape recordings (including audio, video, or digital), motion pictures, computer information, and other data complications from which information can be obtained, including any electronic media and formats, including all Electronically Stored Information ("ESI") and including any draft versions of any of the foregoing, and any carbon or photographic copies of any such material if you do not have custody or control or the original. If any document request to be identified or produced was but is no longer in possession, custody, or control, or in the possession, custody, or control of your agents or representatives, or is no longer in existence, state whether it is:

   a. Missing or lost;

   b. Destroyed;

   c. Transferred voluntarily or involuntarily to others, and if so, to whom; or

   d. Otherwise disposed of.

3. The term "Spin Capital" refers to Petitioning Creditor, Spin Capital, LLC, and shall include all persons acting or purporting to act on its behalf, including any equity owners, members, officers, employees, representatives, attorneys, consultants, experts, investigators, agents, or other persons acting, purporting to act, or believed to be acting on its behalf.

4. The term "Cadence Bank" refers to Petitioning Creditor, Huntington Bank, f/k/a Cadence Bank, before and the acquisition of Cadence Bank by Huntington Bank, and includes all

persons acting or purporting to act on its behalf, including any officers, employees, representatives, attorneys, consultants, experts, agents, or other persons acting, purporting to act, or believed to be acting on its behalf.

5. The term "Century Bank" refers to Petitioning Creditor, Century Bank, and includes all persons acting or purporting to act on its behalf, including any officers, employees, representatives, attorneys, consultants, experts, agents, or other persons acting, purporting to act, or believed to be acting on its behalf.

6. The term "HGA" refers to Petitioning Creditor, Hunt Guillot & Associates, LLC, and includes all persons acting or purporting to act on its behalf, including any officers, employees, representatives, attorneys, consultants, experts, agents, or other persons acting, purporting to act, or believed to be acting on its behalf.

7. The term "Involuntary Petition" means the Involuntary Petition in Chapter 7 filed by the Petitioning Creditors, Cadence Bank, Century Bank, HGA, and Spin Capital (collectively the "Petitioning Creditors") on September 4, 2026, in Case No. 26-43995-elm-7 (Bankr. N.D. Tex.)

8. The terms "you," "your," "yours" refer to Petitioning Creditor, Spin Capital, LLC, as defined herein.

9. The terms "Cord" or "Cord Johnson" refer to Cord H. Johnson, the Alleged Debtor in Case No. 26-43995-elm-7 (the "Involuntary Bankruptcy Case").

10. The term "Josh Lubin" refers to Avrumi "Josh" Lubin, the person whose name is affixed to the Involuntary Petition as the representative of Spin Capital.

11. The term "Otteson Shapiro" refers to the law firm of Otteson Shapiro, LLC, whose address is 4851 LBJ Freeway, Suite 650, Dallas, Texas 75244.

12. The term "Spin Capital Judgment" refers to the Judgment obtain by Spin Capital against Bridgelink Engineering, LLC, et al., including Cord Johnson and Cole Wayne Johnson, entered on February 9, 2024, in the Supreme Court of the State of New York, Nassau County, under Index No. 614675/2022, in the amount of $8,228,824.31.

13. The term "between" also means "among" and vice-versa. The term "and" also means "or" and vice versa. The singular version of any noun or pronoun shall also include the plural and vice-versa. The masculine form of any noun or pronoun shall also include the feminine and vice-versa.

14. The term "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

15. "Identify" (with respect to Persons). When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and, when referring to a natural person, also provide the present or last known place of employment. Once a person has been identified in

accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

16. Identify (with respect to documents). When referring to documents, "to identify" means to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date and production number of the document; and (iv) author(s), addressee(s), and recipient(s).

17. Identify (with respect to a statement, communication, or representation). When referring to a statement, communication, or representation, "to identify" means to provide the content of the statement, communication, or representation, including any specific facts stated or alleged, the speaker, the person who heard the statement or representation, the date on which the statement or representation was made, and the manner (i.e. statement, e-mail, text message, etc.) in which the statement or representation was made.

18. "Person" shall mean any and all entities, as well as natural persons, and, without limitation shall be defined to include natural persons, corporations, partnerships, joint owners, associations, limited liability companies, companies, and joint ventures.

19. "Refer" "relate", "reflect", "regard", "refer to", "relate to", "relating to", and "concerning" (or forms thereof) shall mean directly or indirectly in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting or constituting, identifying, or in any way logically or factually connected with the matter discussed.

20. For purposes of these Interrogatories and your Answers, a term defined herein has the same meaning regardless of whether it is capitalized or not capitalized in the body of an Interrogatory. By way of illustration only, the words "Person" and "person" and words "Communication" and "communication" have the same meaning, regardless of whether the term is capitalized.

## INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33 and Bankruptcy Rule 7033, Alleged Debtor, Cord Henry Johnson requests that Spin Capital, as defined herein, furnish answers to the following Interrogatories under oath, subject to the penalty of perjury. In answering such Interrogatories, refer to the Instructions and Definitions above:

**INTERROGATORY NO. 1:**

Identify each document that you reviewed or relied upon before agreeing to affix Spin Capital's signature to the Involuntary Petition.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify each person who participated in answering these Interrogatories for Spin Capital and state what information that person provided to the task of answering these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 3:**

On what calendar date did Spin Capital engage Otteson Shapiro as its counsel in the Involuntary Bankruptcy Case?

**ANSWER:**

**INTERROGATORY NO. 4:**

Please look at the Involuntary Petition, which is attached hereto as **Exhibit "A."** Did Josh Lubin review the Involuntary Petition before it was filed on September 4, 2026?

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify any person who reviewed the Involuntary Petition on behalf of Spin Capital before the Involuntary Petition was filed on September 4, 2026, and state when that review occurred.

**ANSWER:**

**INTERROGATORY NO. 6**:

If Spin Capital has a written engagement agreement with Otteson Shapiro, identify the calendar date on which the agreement was fully executed by Spin Capital and Otteson Shapiro.

**ANSWER:**

**INTERROGATORY NO. 7**:

How much money has Spin Capital collected from any source, whether through voluntary payment, set-off, seizure, garnishment, or liquidation of collateral, in full or partial satisfaction of the Spin Capital Judgment, since the Spin Capital Judgment was entered?

**ANSWER:**

**INTERROGATORY NO. 8:**

Describe in detail all efforts undertaken by Spin Capital to collect the Spin Capital Judgment and results of those collection efforts in the period between February 9, 2024, and September 3, 2026.

**ANSWER:**

**INTERROGATORY NO. 9:**

If you contend that any collateral secures the Spin Capital Judgment, please describe that collateral in detail.

**ANSWER:**

**INTERROGATORY NO. 10**:

Identity any person or entity who has agreed or promised to pay Spin Capital's attorneys' fees or costs in the Involuntary Bankruptcy Case.

**ANSWER:**

**INTERROGATORY NO. 11**:

Describe in detail all due diligence performed by Spin Capital before it authorized any person to affix its signature to the Involuntary Petition.

**ANSWER:**

**INTERROGATORY NO. 12**:

Identify all communications between Josh Lubin, whether individually or as a representative of Spin Capital, and Century Bank, including its attorneys, Otteson Shapiro (including but not limited to John Leininger), at any time between January 1, 2026, and October 3, 2026.

**ANSWER:**

**INTERROGATORY NO. 13**:

Identify all persons with whom Josh Lubin, whether individually or as a representative of Spin Capital, communicated with at any time January 1, 2026, and October 2, 2026, about whether Spin Capital would or should participate in filing the Involuntary Petition

**ANSWER:**

**INTERROGATORY NO. 14**:

Please refer to your Answer to Interrogatory No. 13. With respect to any person whom you identified in your Answer to Interrogatory No. 13, identify all statements, representations, or communications such person made to Josh Lubin, whether individually or as a representative of Spin Capital.

**ANSWER:**

**INTERROGATORY NO. 15:**

Please review the Pre-Conference Statement that is attached hereto as **Exhibit "B."** Did Josh Lubin review any portion of the Pre-Conference Statement before it was filed?

**ANSWER:**

**INTERROGATORY NO. 16:**

Please review your Answer to Interrogatory No. 15. If the Answer to Interrogatory No. 15 is anything other than an unequivocal "no," please state the calendar date on which Josh Lubin reviewed any portion of Pre-Conference Statement and identify the specific portion that Josh Lubin reviewed before the Pre-Conference Statement was filed.

**ANSWER:**

**INTERROGATORY NO. 17:**

Please review Pre-Conference Statement that attached hereto as Exhibit "B." Look specifically at Petitioning Creditor's Statement of Disputed Facts, Paragraphs 16-20. Identify all documents, statements, or representations that Spin Capital reviewed before authorizing John Leininger to file the Pre-Conference Statement on Spin Capital's behalf, with the statements made in Paragraphs 16-20 of the Pre-Conference Statement.

**ANSWER:**

**INTERROGATORY NO. 18:**

Describe in detail any agreements, whether joint defense agreements or otherwise, between Spin Capital and any other Petitioning Creditor in the Involuntary Bankruptcy Case. Your Answer should disclose the parties to such agreement, the title of such agreement, the subject matter of such agreement, the date the agreement was fully executed by all parties to it, and the substance of the agreement.

**ANSWER:**

**INTERROGATORY NO. 19:**

Refer to Exhibit "A", the Involuntary Petition, wherein Spin Capital alleged that it is owed $8,234,160.50. Describe in detail how that amount was calculated and who performed the calculation.

**ANSWER:**

**INTERROGATORY NO. 20:**

If Spin Capital has sold or assigned any of its rights under the Spin Capital Judgment to any other person or entity, identify the person or entity to whom Spin Capital sold or assigned any of its rights under the Spin Capital Judgment.

**ANSWER:**

**INTERROGATORY NO. 21.**

Identify all officers, directors, and equity members of Spin Capital, LLC in the time period from January 1, 2021, through October 13, 2026.

**ANSWER:**

**INTEROGATORY NO. 22:**

Identity all persons who paid the filing fee for the Involuntary Petition and state the relationship of that person to Spin Capital.

**ANSWER**:

**INTERROGATORY NO. 23:**

Identify each person who owns any participation, ownership interest, or right to receive any of the proceeds of the Spin Capital Judgment.

**ANSWER:**