Robert A. Simon
State Bar No. 18390000
**WHITAKER CHALK SWINDLE**
**& SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: (817) 878-0501
**Attorneys for Alleged Debtors,**
**Cord Henry Johnson and Cole Wayne Johnson**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **COLE WAYNE JOHNSON and** | § | **Case No. 26-43993-MXM-7** |
| **CORD HENRY JOHNSON** | § | **Case No. 26-43995-MXM-7** |
| | § | **Chapter 7** |
| **Alleged Debtors.** | § | |

**CORD JOHNSON'S AND COLE JOHNSON'S OBJECTION TO**
**PETITIONING CREDITORS' MOTION TO COMPEL**

TO THE HONORABLE MARK X. MULLIN,
UNITED STATES BANKRUPTCY JUDGE:

Cord Johnson and Cole Johnson ("Respondents") file this Objection (the "Objection") to the Motion to Compel (the "Motion") filed by Huntington Bank f/k/a Cadence Bank ("Cadence"), Century Bank ("Century"), Hunt Guillot & Associates, LLC ("HGA"), and Spin Capital, LLC ("Spin Capital") (collectively "Petitioning Creditors"). In support the Respondents respectfully represent:

**I.**

**THE INVOLUNTARY PETITIONS WERE FILED IN BAD FAITH AND NEITHER A CREDITOR LIST NOR MORE TIME CAN FIX THAT PROBLEM**

1. This dispute arises in the context of two (2) involuntary bankruptcy petitions (the "Involuntary Petitions") filed against Respondents on September 4, 2026. The Petitioning Creditors, for a variety of reasons, including their manifest bad faith, cannot satisfy the

requirements of 11 U.S.C. § 303. The Motion requests that Respondents be compelled to provide a list of all their creditors pursuant to Fed. R. Bankr. P. 1003(b) and for the Motion to Dismiss filed by Respondents to be continued indefinitely while the Petitioning Creditors cast about for reinforcements. Petitioning Creditors have filed the Motion for two reasons, neither of which is legitimate.

2. First, the Motion is a stalling tactic. Respondents' Motion to Set Bond is set for hearing on December 23, 2026. Respondents' Motion to Dismiss the Involuntary Petitions is set for hearing on January 25-26, 2026. Petitioning Creditors do not want these hearings to go forward because they fear that they will (1) lose as the case currently stands and (2) be forced to pay Respondents' attorney's fees, compensatory damages, and potentially punitive damages. However, that is the normal statutory consequence of filing unwarranted, bad faith involuntary petitions. Accordingly, Petitioning Creditors request that this Court continue the hearing on Respondents' Motion to Dismiss for an indeterminate amount of time, causing extensive and ongoing damage to the Johnson Brothers while the Petitioning Creditors try to salvage their defective involuntary petitions.

3. Bankruptcy Rule 1013 states unequivocally that "when a petition in an involuntary case is contested, the court must: (1) rule on the issues presented at the earliest practicable time; and (2) promptly issue an order for relief, dismiss the petition, or issue any other appropriate order." Fed. Bankr. R. 1013. Petitioning Creditors are aware of Bankr. R. 1013, and they know that a standard motion for continuance would likely be denied in light of the Rule. Petitioning Creditors' Motion is a thinly veiled effort to circumvent Rule 1013 and obtain a continuance in contravention of Rule 1013's plain language and intent. The Court should recognize the Motion as a subterfuge and deny it.

4. Second, Petitioning Creditors now recognize that Respondents were correct from the outset that the Involuntary Petitions do not meet the statutory requirements of 11 U.S.C. § 303 for several reasons, including the fact that most of the Petitioning Creditors do not hold claims undisputed as to *liability and amount* for purposes of the 11 U.S.C. § 303(b).[1] Petitioning Creditors appear to have finally acknowledged this reality, at least privately. However, instead of agreeing to dismiss plainly defective involuntary petitions against Respondents, Petitioning Creditors now seek to identify other creditors who might hold valid claims and co-opt them into joining the Involuntary Petitions. Petitioning Creditors created this problem, through their own lack of due diligence and good faith, and there is no equitable reason to bail them out. The Involuntary Petitions were filed in bad faith, and no number of additional creditors can fix that problem.

5. Furthermore, the Motion is yet another example of Petitioning Creditors' bad faith. Bankruptcy Rule 1003(b) on its face does not apply to these cases. There is no good faith argument to the contrary, consistent with the language of the Rule. Petitioning Creditors filed the Motion anyways, notwithstanding the plain language of Rules 1003(b).

## II.

## LEGAL STANDARD / ARGUMENT

### A. Rule 1003(b) Clearly Does Not Apply

6. Bankruptcy Rule 1003(b) states as follows:

> **Joining Other Creditors After Filing.** If an involuntary petition is filed by fewer than three creditors and the debtor's answer alleges the existence of 12 or more creditors as provided in § 303(b), the debtor must attach to the answer

[1] The claims of Cadence, Century, and Spin Capital are undisputed as to liability, but not as to amount. The claim of HGA is disputed as to liability *and* amount, as HGA, unlawfully and in violation of the automatic stay, usurped a claim that belonged to the Chapter 7 trustee for Big Horn Construction and Reclamation, LLC, Case No. 24-42003-mxm-7 and never had standing to assert the claim.

(1) The names and address of all creditors; and

(2) a brief statement of the nature and amount of each creditors claim.

Fed. R. Bankr. P. 1003(b). The Court's analysis can begin and end with the reading of the first clause of this Rule: "If an involuntary petition is filed by fewer than three creditors." This is unequivocally not the case with these Involuntary Petitions. The Involuntary Petition against Cole Johnson was signed by five creditors: Century, Cadence (though Century and Cadence should be treated as a single creditor for purposes of Respondents' Motion to Dismiss), HGA, Spin Capital, and Crawford, Wishnew & Lang, PLLC.[2] The Involuntary Petition against Cord Johnson was signed by four creditors: Century, Cadence, HGA, and Spin Capital. Consequently, the Involuntary Petitions were not filed by fewer than three creditors, and, therefore, Rule 1003(b) clearly does not apply. The language of the Rule is plain and unambiguous. The Rule contains no exception for a situation where a petitioning creditor drops out. The Rule contains no exception for a situation where more than three creditors file an involuntary petition but only some of the petitioning creditors have disputed claims.

7. This inapplicability of Rule 1003(b) is further supported by the relevant case law. Courts that have examined this issue have consistently hold that Bankruptcy Rule 1003(b) does not "apply when the alleged debtor seeks dismissal of the petition on the basis that the petitioning creditors are not qualified under § 303(b) because their claims are subject to a bona fide dispute." *In re Taub*, 439 B.R. 261, 271 (Bankr. E.D. N.Y. 2010). The plain language of the Rule shows that it does not apply to these cases, and the Motion should be denied.

[2] Crawford, Wishnew & Lang, PLLC subsequently withdrew from the involuntary petition against Cole Johnson.

**B. The Relevant Case Law States That Rule 1003(b) Does Not Apply When a Petition Was Filed in Bad Faith**

8. Rule 1003(b) does not give the Petitioning Creditors an avenue to escape the consequences of their bad faith filing. Other bankruptcy courts that have considered this issue have held that the Court should not allow joinder of additional petitioning creditors pursuant to Rule 1003(b) when the involuntary petition was filed in bad faith. As the Eight Circuit Court of Appeals explained when handling this issue, "[a]n essential prerequisite for allowing joinder of additional creditors to cure a defective petition is that the petition was filed in good faith. If the original petition was a sham, prepared with a view of being later supported by intervention of other creditors, joinder should be denied." *Basin Electric Power Cooperative v. Midwest Processing Co.*, 769 F.3d 483, 486-487 (8th Cir. 1985); *see also Atlas Machine & Iron Works, Inc. v. Bethlehem Steel Corp*, 986 F.2d 709, 716 (4th Cir. 1993) ("Likewise, we find no error in the bankruptcy court's determination that [petitioning creditor] was not entitled to 'a reasonable opportunity [to have] other creditors … join in the petition before a hearing [was] heard thereon'. A defective petition may be dismissed without granting the petitioner an opportunity to correct the defect if the petitioner filed it in bad faith."); *see also In re Crown Sportswear, Inc.* 575 F.2d 991, 993 (1st Cir. 1978) ("Intervention is a matter of right unless the bankruptcy court finds the petition was made in bad faith").

9. Here, the Involuntary Petitions were filed in bad faith for a variety of reasons, including the fact it was obvious HGA's claim was disputed as to liability and the fact that other claims of Petitioning Creditors were disputed as to amount. The issues with the Involuntary Petitions were clear from the moment they were filed. Petitioning Creditors' apparent belief that they could file defective involuntary petitions and then fix the problems later by adding more creditors is fatally flawed. Petitioning Creditors knew or should have known on September 4,

2026, that, despite having up to five (5) creditors sign the Involuntary Petitions, the Involuntary Petitions did not satisfy 11 U.S.C. § 303 because, *inter alia*: (1) the creditors' claims were disputed as to liability or amount and (2) the Involuntary Petitions contained outright factual misrepresentations and obvious defects that Petitioning Creditors still have not corrected.[3]

10. Moreover, Petitioning Creditors have persisted in their bad faith behavior since the Involuntary Petitions were filed. For example, Spin Capital has refused to answer a single discovery request until sometime after January 20, 2027, **a full 69 days after its response deadline**. Meanwhile, Century and Cadence chose the more diplomatic route of filing boilerplate, facially invalid privilege objections to nearly every question asked of them, including basic requests to explain the factual basis for the claims they have made in this case. Petitioning Creditors must not be allowed to use Rule 1003(b) to evade their obligation to file an involuntary petition in good faith or to escape the statutory mandate of Rule 1013, which requires that a Motion to Dismiss be heard "at the earliest practicable time." Fed. Bankr. R. 1013(a)(1). The Motion has no merit and should be denied.

## III.

## REQUESTED RELIEF

WHEREFORE, the Respondents request that the Court enter an Order denying the Motion in its entirety. Respondents further request such other and further relief as may be just and proper.

November 25, 2026

[3] For example, Petitioning Creditors' claim of ignorance in the Involuntary Petitions – namely, that they were not aware of any bankruptcy cases related to Respondents, even though several of them actively participated in the Chapter 7 bankruptcy case of Big Horn Construction & Reclamation, LLC, an affiliate of Respondents – reflect a clear attempt by them to mislead the Court. Further, Spin Capital, LLC signed the involuntary petition without an attorney, without a valid signature, and without reviewing the Involuntary Petitions.

Respectfully submitted,

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**

/s/ *Robert A. Simon*
Robert A. Simon
State Bar No. 18390000
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: 817) 878-0501
rsimon@whitakerchalk.com
**COUNSEL FOR RESPONDENTS**
**CORD JOHNSON AND COLE JOHNSON**

## CERTIFICATE OF SERVICE

I hereby certify, on this 25th day of November 2026, I served a true and correct copy of the forgoing Objection upon all parties registered to receive service via this Court's ECF notification system.

/s/ *Robert A. Simon*
Robert A. Simon